UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION<br><br>Plaintiff,<br><br>vs.<br><br>STEFAN QIN, VIRGIL TECHNOLOGIES LLC, MONTGOMERY TECHNOLOGIES LLC, VIRGIL QUANTITATIVE RESEARCH, LLC, VIRGIL CAPITAL LLC, and VQR PARTNERS LLC,<br><br>Defendants. | : : : : : : : : : : : : : : : : : |

### DECLARATION OF FITZANN R. REID

### PURSUANT TO LOCAL RULE 6.1(d) AND IN SUPPORT OF MOTION FOR

### ASSET FREEZE

I, Fitzann R. Reid, do hereby declare under penalty of perjury, in accordance with 28 U.S.C. §1745, that the following is true and correct, and that I am over 18 years of age and I am competent to testify to the matters stated herein:

1. I am a member of the Bar of the State of New York and I am a resident of Oakland, California.

2. I am employed as an attorney in the San Francisco Regional Office of Plaintiff United States Securities and Exchange Commission ("Commission"). I have been employed by the Commission as an attorney since 2015. Among other things, the federal securities laws authorize the Commission to conduct investigations to determine whether federal securities laws have been

1

violated and to bring civil actions before the United States District Courts to enforce and secure compliance with those laws.

3. As part of my job duties at the Commission, I am responsible for conducing fact-finding inquiries and investigations to determine whether the federal securities laws have been, are presently being, or are about to be violated.

4. I make this Declaration based upon personal knowledge. The sources of my information include documents obtained by the staff of the Commission's Division of Enforcement (the "Staff") and information provided to me pursuant to a Commission Formal Order of Investigation and subpoenas issued under that authority, on December 10, 2020.

**Local Rule 6.1(d) – Why the Commission Moves *Ex Parte***

5. I make this declaration pursuant to Local Civil Rule 6.1(d) to show that good and sufficient reason exists for bringing the Commission's *ex parte* emergency motion for an order freezing the assets of the Defendants Stefan Qin, Virgil Capital LLC, Montgomery Technologies LLC, Virgil Technologies LLC, Virgil Quantitative Research LLC, and VQR Partners LLC (together, the "Entity Defendants"), and for other relief by order to show cause rather than by notice of motion.

6. The Commission makes this emergency motion by order to show cause primarily to prevent the Entity Defendants (or any persons acting on their behalf or with their authorization) from transferring to foreign accounts, or from otherwise dissipating, investor funds currently held in accounts in the names of the Entity Defendants. The Commission moves *ex parte* by order to show cause (i) to preserve the *status quo* pending adjudication of the motion; (ii) to ensure that investor funds are protected and not dissipated; (iii) to ensure that any future judgment of this Court for disgorgement, prejudgment interest, and civil money penalties is not

rendered meaningless; and (iv) to prevent the destruction or fabrication of evidence. The Commission believes that proceeding by notice of motion will likely jeopardize the Court's ability to grant full and effective relief both on this Application and on the merits of the Commission's Complaint, because doing so will allow for the movement of investor funds held by the Entity Defendants out of the Court's jurisdiction, and their potential permanent loss, before an asset freeze order can be entered.

7. Today, I and my colleagues contacted the person identified as counsel for the Entity Defendants, Karl Cole-Frieman at Cole-Frieman and Mallon LLP, to inform him of this filing. We also contacted Sean Hecker at Kaplan Hecker & Fink LLP, a lawyer who informed government attorneys that he represents Defendant Stefan Qin in a related investigation, to inform him of this filing. We were not able to make contact with Mr. Frieman or Mr. Hecker. We emailed to each of them copies of each of the papers that we are filing with the Court.

8. No previous application for the relief requested herein or any similar relief has been made.

**Key Entities and Individual**

9. As part of my duties, beginning in December 2020, I was assigned to participate in the investigation in a matter captioned <u>In the Matter of Virgil Capital LLC (SF-04428).</u>

10. According to records the Commission received, defendant Virgil Quantitative Research ("VQR"), formerly known as Decibel18 LLC, is a limited liability company domiciled and headquartered in New York, NY. Defendant VQR Partners LLC ("VQR Partners") is a wholly-owned subsidiary VQR. A true and correct copy of the company's certificate of formation is appended hereto as Exhibit 1.

11. Also according to the records we obtained, defendant Montgomery Technologies LLC is a limited liability company domiciled and headquartered in New York, NY. Defendant Virgil Capital is a wholly-owned subsidiary of Montgomery Technologies LLC. Montgomery Technologies LLC filed a Form ADV with the Commission as of March 2020 stating that the Virgil Sigma Fund LP ("Sigma Fund"), had $92.4 million in assets as of that date. A true and correct copy of the Form ADV is appended hereto as Exhibit 2.

12. According to a filing made with the Commission, the Sigma Fund is a limited partnership pooled investment fund, investing in cryptocurrencies and other digital assets, with its principal place of business in New York, NY. Investors in the Sigma Fund predominately reside in Australia, China, Europe, and the United States. A true and correct copy of the Sigma Fund's Form D filed with the Commission in or around October 2019 is appended hereto as Exhibit 3.

13. According to records the Commission obtained, defendant Stefan Qin ("Qin") appears to be a 23-year-old citizen and resident of Australia. A true and correct copy of records identifying Qin is appended hereto as Exhibit 4.

14. According to records filed with the New York State, defendant Virgil Capital is a limited liability company domiciled in the Cayman Islands with its principal place of business in New York, NY, is the General Partner of the Sigma Fund. A true and correct copy of Virgil Capital's Certificate of Registration is appended hereto as Exhibit 5.

15. As set forth in the Declaration of Melissa Fox Murphy, defendant Virgil Technologies LLC is a limited liability parent company of Montgomery Technologies LLC and VQR. Qin is the sole owner of Virgil Technologies LLC. *See* Declaration of Melissa Fox Murphy, ¶ 5.

16. The VQR Multistrategy Fund LP ("VQR Fund") is a limited partnership pooled investment fund, investing in cryptocurrencies and other digital assets, with its principal place of

business in New York, NY. Investors in the VQR Fund predominately reside in Australia, China, Europe, and the United States. Employees of VQR informed the Staff that they estimate that the VQR Fund currently has approximately $25 million in assets. The VQR Fund has filed a Form D with the Commission. A true and correct copy of the Form D filed with the Commission in or around June 2019 is appended hereto as Exhibit 6.

17. Defendant VQR Partners is a limited liability company domiciled in the Cayman Islands with its principal place of business in New York, NY, and is the General Partner of the VQR Fund. A true and correct copy of the VQR Partners' Certificate of Registration is appended hereto as Exhibit 7.

18. During the Commission's investigation, I collected, reviewed, and analyzed information relating to, among other things, bank accounts, bank statements, and wire transfers associated with Qin, the Sigma Fund, Virgil Capital LLC, and the VQR Fund. Additionally, I reviewed, among other things, the Commission's EDGAR filing system, and retrieved documents described above that had been filed with the Commission.

**Records of Transfers of Investor Assets From The Sigma Fund To The VQR Fund**

19. During the investigation, I obtained documents reflecting wire transfers that appear to have been initiated by Qin. The transfers reflect debits from an account in the name of Virgil Capital PTY LTD held at Commonwealth Bank of Australia ("Commonwealth Bank") and paid to an account in the name of VQR Multistrategy US Feeder LP at Silvergate Bank ("Silvergate") located in California. As set forth in the Declarations of Antonio Hallak, filed herewith, the Virgil Capital PTY LTD account holds assets for the Sigma Fund investors and the VQR Multistrategy US Feeder LP account holds assets for the VQR Fund investors. *See* Declaration of Antonio Hallak, ¶ 23.

20. The wire transfer documents reflect transfers is in the amount of $2,394,766.99 and $400,000. Both wire transfers reflect a processing date of September 2, 2020. This date on the wire transfers is recorded using day-month-year format. True and correct copies of the wire transfer confirmations obtained during our investigation are appended hereto as Exhibit 8.

21. On or about December 16, 2020, I requested information from Silvergate and provided the documents appended as Exhibit 8 to Silvergate, requesting that the bank verify whether it received the incoming wires as represented in the exhibits.

22. On or about December 17, 2020, the Deposit Operations Manager for Silvergate responded to our request via e-mail stating "I have researched all of our incoming wires and the wire activity requested was not received by Silvergate Bank." A true and correct copy of the e-mail correspondence is appended hereto as Exhibit 9.

23. On or about December 17, 2020, Silvergate provided the account statement for September 30, 2020 for VQR Multistrategy US Feeder LP, which reflect incoming and outgoing wire transfers. The wire transfers of investors' assets represented in Exhibit 8 do not appear to be reflected as deposited or credited to the bank account for the VQR Fund. A true and correct copy of the account statement is appended hereto as Exhibit 10.

24. On or about December 16, 2020, based on the information contained in the wire transfers, I requested information from Commonwealth Bank and provided Exhibit 8 to Commonwealth Bank, requesting that the bank verify whether wires were in fact initiated as represented in the exhibits.

25. On or about December 18, 2020, I received from Commonwealth Bank (via the Australian Securities & Investments Commission) confirmation that the wires represented in Exhibit 8 are genuine copies of wire transfers initiated by Qin; however, I was further informed

that the transactions were declined due to insufficient funds. True and correct copies of the confirmation reflecting that the wire transfers were declined are appended hereto as Exhibit 11.

26. On or about December 18, 2020, I received from Commonwealth Bank account statements for all transactions in Virgil Capital PTY LTD between January 2019 to September 2020. Based on my review of the statements, the account balance as of September 1, 2020, the date before the attempted wire transfers totaling approximately $2.7 million in investor assets, was $3,472.30. A true and correct copy of the account statement is appended hereto as Exhibit 12.

27. A December 15, 2020 press article for which Qin was interviewed states that the Sigma Fund has $112 million in assets under management. A true and correct copy of the article is appended hereto as Exhibit 13.

28. In Sigma Fund records dated on or around May 2020, there are at least 50 investors identified as U.S. persons, in addition to investors from Australia, China, and Europe. I declare under penalty of perjury that the foregoing is true and correct. A true and correct copy of the investor list obtained during the investigation is appended hereto as Exhibit 14.

Executed on December 22, 2020
Oakland, CA

/s/ Fitzann R. Reid
_____
Fitzann R. Reid

EXHIBITS TO DECLARATION OF FITZANN R. REID

1. Virgil Quantitative Research certificate of formation

2. Montgomery Technologies LLC Form ADV as of March 2020

3. Sigma Fund Form D filed with the Commission in or around October 2019

4. Records identifying Stefan Qin

5. Virgil Capital Certificate of Registration

6. VQR Fund Form D filed with the Commission in or around June 2019

7. VQR Partners Certificate of Registration

8. Wire transfer confirmations obtained during the Commission's investigation

9. 12/17/2020 email correspondence with Silvergate Bank

10. Silvergate Bank account statement for 9/30/2020 for VQR Multistrategy US Feeder LP

11. Commonwealth Bank confirmation that wire transfers were declined

12. Commonwealth Bank account statements for Virgil Capital PTY LTD

13. 12/15/2020 press article for which Stefan Qin was interviewed

14. Sigma Fund investor list obtained during the Commission's investigation