# EXHIBIT 1

# DECLARATION OF FITZANN R. REID

## VQR CERTIFICATE OF FORMATION

# NYS Department of State

## Division of Corporations

### Entity Information

The information contained in this database is current through December 18, 2020.

Selected Entity Name: DECIBEL18 LLC
Selected Entity Status Information

|  |  |
|---|---|
| **Current Entity Name:** | DECIBEL18 LLC |
| **DOS ID #:** | 5492727 |
| **Initial DOS Filing Date:** | FEBRUARY 12, 2019 |
| **County:** | NEW YORK |
| **Jurisdiction:** | DELAWARE |
| **Entity Type:** | FOREIGN LIMITED LIABILITY COMPANY |
| **Current Entity Status:** | ACTIVE |

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
DECIBEL18 LLC
████████████████████████

**Registered Agent**

NONE

This office does not require or maintain information
regarding the names and addresses of members or
managers of nonprofessional limited liability
companies. Professional limited liability companies
must include the name(s) and address(es) of the original
members, however this information is not recorded and
only available by viewing the certificate.

**\*Stock Information**

| # of Shares | Type of Stock | $ Value per Share |
|---|---|---|

No Information Available

*Stock information is applicable to domestic business corporations.

**Name History**

| Filing Date | Name Type | Entity Name |
|---|---|---|
| FEB 12, 2019 | Actual | DECIBEL18 LLC |

A **Fictitious** name must be used when the **Actual** name of a foreign entity is unavailable for use in New York State. The entity must use the fictitious name when conducting its activities or business in New York State.

NOTE: New York State does not issue organizational identification numbers.

Search Results　New Search

Services/Programs　|　Privacy Policy　|　Accessibility Policy　|　Disclaimer　|　Return to DOS Homepage　|　Contact Us

# DELAWARE

# CERTIFICATE OF FORMATION

# OF

# DECIBEL18 LLC

## ARTICLE 1.
## NAME

The name of the limited liability company is Decibel18 LLC (the "Company").

## ARTICLE 2.
## REGISTERED AGENT

The address of the registered office of the Company in the State of Delaware is ███ ███████  ███████████████  ████████  █████  in the County of ████ █████.  The name of the registered agent of the Company is Corporation Service Company.

**IN WITNESS WHEREOF,** this Certificate has been executed as of this __1__ day of February, 2019, by the undersigned authorized person who affirms that, to the best of his knowledge and belief, the facts stated herein are true.

_____

Stefan Qin, Managing Member

Case 1:20-cv-16949-JGLC   Document 7-1   Filed 12/23/20   Page 5 of 13

Delaware.gov

Governor | General Assembly | Courts | Elected Officials | State Agencies

---

**Department of State: Division of Corporations**

Allowable Characters

---

**HOME**
About Agency
Secretary's Letter
Newsroom
Frequent Questions
Related Links
Contact Us
Office Location

**SERVICES**
Pay Taxes
File UCC's
Delaware Laws Online
Name Reservation
Entity Search
Status
Validate Certificate
Customer Service Survey

**INFORMATION**
Corporate Forms
Corporate Fees
UCC Forms and Fees
Taxes
Expedited Services
Service of Process
Registered Agents
GetCorporate Status
Submitting a Request
How to Form a New Business Entity
Certifications, Apostilles & Authentication of Documents

Entity Details

**THIS IS NOT A STATEMENT OF GOOD STANDING**

| | | | |
|---|---|---|---|
| File Number: | **7273866** | Incorporation Date / Formation Date: | **2/8/2019** (mm/dd/yyyy) |
| Entity Name: | **DECIBEL18 LLC** | | |
| Entity Kind: | **Limited Liability Company** | Entity Type: | **General** |
| Residency: | **Domestic** | State: | **DELAWARE** |

**REGISTERED AGENT INFORMATION**

| | | | |
|---|---|---|---|
| Name: | **CORPORATION SERVICE COMPANY** | | |
| Address: | ▓▓ ▓▓▓▓▓▓▓▓▓▓ | | |
| City: | ▓▓▓▓ | County: | ▓▓▓▓ |
| State: | ▓▓ | Postal Code: | ▓▓▓ |
| Phone: | ▓▓▓▓▓ | | |

Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or more detailed information including current franchise tax assessment, current filing history and more for a fee of $20.00.

Would you like ○ Status ○ Status,Tax & History Information

[ Submit ]

[ View Search Results ]    [ New Entity Search ]

---

For help on a particular field click on the Field Tag to take you to the help area.

# LIMITED LIABILITY COMPANY AGREEMENT

## OF

## DECIBEL18 LLC

This Limited Liability Company Agreement (the "Agreement"), dated as of February 8, 2019 of Decibel18 LLC (the "Company"), is entered into by and among Stefan Qin (the "Managing Member"), and each of the persons that may be admitted as members or profit interest members of the Company and listed on Exhibit A, who will collectively comprise all the members (respectively, each a "Member" and together with the Managing Member, collectively referred to as the "Members") of the Company, pursuant to the provisions of the Delaware Limited Liability Company Act.

## RECITALS

A.     On February 8, 2019 (the "Effective Date") a Certificate of Formation for the Company (the "Certificate") was filed with the Secretary of State of the State of Delaware.

B.     The Members desire to provide for the operation of the Company as set forth in this Agreement.

NOW, THEREFORE, the Members agree as follows:

## ARTICLE I
### Name, Place of Business, Registered Agent and
### Registered Office

The name of the Company is Decibel18 LLC. The Company's principal place of business shall be located at ██ █ █ █ █ █ █ █ ██ or such other place as the Managing Member may determine from time to time. The Company's registered office in the State of Delaware shall be at ██ ██ ██ ████ ██ ██ and its registered agent at such address shall be Corporation Service Company, or such other place and/or agent as the Managing Member may determine from time to time.

## ARTICLE II
### Definitions

The following terms used in the Agreement shall have (unless otherwise expressly provided herein or unless the context otherwise requires) the following respective meanings:

"Act" means the Delaware Limited Liability Company Act, as amended.

"Capital Contribution" shall mean the capital contributions the Members actually make pursuant to Article IV thereof.

"Certificate" shall have the meaning set forth in the Recitals.

1

"Code" shall mean the Internal Revenue Code of 1986, as amended.

"Company" shall have the meaning set forth in the Preamble.

"Interest" shall mean the ownership right of the Members in the Company as set forth in Section 4.3 below.

"Indemnitees" shall have the meaning set forth in Section 7.2 below.

"Liabilities" shall have the meaning set forth in Section 7.2 below.

"Losses" shall mean the taxable loss of the Company as determined for U.S. federal income tax purposes.

"Managing Member" shall have the meaning set forth in the Preamble.

"Member" shall have the meaning set forth in the Preamble.

"Person" shall mean any individual or entity, including without limitation a corporation, partnership, association, limited liability company, limited partnership, trust, unincorporated association, government or governmental agency or authority.

"Profits" shall mean the taxable income of the Company as determined for U.S. federal income tax purposes.

ARTICLE III
Business, Purpose, and Term of Company

Section 3.1    Character of the Business.    The Company is organized for the purpose of engaging in any business activities permitted under the Act, including serving as the investment manager, general partner, or managing member, as applicable, of private investment vehicles and/or separately managed accounts, and all acts and things necessary, appropriate, proper, advisable, incidental to or convenient for the furtherance and accomplishment of such purposes.    The Company's purposes may be changed or expanded with the consent of the Managing Member.

Section 3.2    Term of Company; Organization.    The term of the Company commenced on February 8, 2019, the date the Certificate was filed with the Secretary of State of the State of Delaware, and shall continue until dissolved and terminated pursuant to this Agreement.  The Members hereby agree that the person executing and filing the Certificate was and is an "authorized person" within the meaning of the Act.

Section 3.3    Other Qualifications.  The Members agree that the Company shall file or record such documents and take such other actions under the laws of any jurisdiction as are necessary or desirable to permit the Company to do business in any such jurisdiction as is selected by the Company and to promote the limitation of liability for the Members in any such jurisdiction.

2

## ARTICLE IV

### Members; Capital Contributions; Interests

Section 4.1    Members.    The names and addresses of each Member and such Member's Interests in the Company are set forth on Exhibit A hereto. The Company may admit additional Members with the consent of the Managing Member.

Section 4.2    Capital Contribution by Each Member. [Each Member shall make such Capital Contributions to the Company as the Managing Member may determine from time to time in its sole discretion. No Member shall be obligated to make any Capital Contributions to the Company.

Section 4.3    Interests. The Members shall hold Interests as set forth on Exhibit A hereto.

## ARTICLE V

### Allocation of Profits and Losses

Section 5.1    Allocation of Profits and Losses.    All Profits and Losses shall be treated as Profits and Losses of the Members and shall be allocated to each in proportion to each such Member's Interest.  All allocations made pursuant to this Section 5.1 are intended to comply with Code section 704 and the Treasury Regulations thereunder, and the Managing Member has the authority to make special allocations for U.S. federal income tax purposes of items of income, gain, deduction, loss and credit to the Members to comply with Code section 704 and the Treasury Regulations thereunder.

Section 5.2    Distribution of Cash.    All company distributions, if any, shall be made to the Members at such times as the Managing Member may determine in its sole discretion. Any distributions shall be made to each Member in proportion to each such Member's Interest at the time of the distribution.

## ARTICLE VI

### Management of the Company

Section 6.1    Managing Member. The Managing Member shall be responsible for the management of the Company, and shall have the fullest right, power, and authority to manage, direct, and control all of the business and affairs of the Company and to transact business on its behalf.

Section 6.2    Authority to Execute Documents. The Managing Member shall have full power and authority to execute any agreements, contracts, certificates or other documents on behalf of the Company and such execution, without any further action by the Members, shall bind the Company in all respects.

3

Section 6.3    Liability of Managing Member. The Managing Member shall not be liable, responsible or accountable, whether directly or indirectly, in contract or tort or otherwise, to the Company, any portfolio company, any Member or former Member or any other person for any damages asserted against, suffered or incurred by any of such persons arising out of, relating to or in connection with any honest mistakes in judgment, or any act or failure to act pursuant to this Agreement or otherwise, whether arising out of the management or conduct of the business and affairs of the Company or any portfolio company, the offer and sale of Company interests, or otherwise, except for damages resulting from acts or omissions of the Managing Member which were taken or omitted in bad faith or constituted willful misconduct, recklessness or gross negligence. For the purposes of the foregoing, no action or failure to act involving a conflict of interest or from which the Managing Member realizes a profit or in which it has an interest shall constitute, per se, bad faith, willful misconduct, recklessness or gross negligence. The Managing Member may in its own name or in the name of the Company, consult with counsel, accountants and other professional advisors in respect of the affairs of the Company or any portfolio company and shall be deemed not to have acted in bad faith, recklessly, with gross negligence or engaged in willful misconduct with respect to any action or failure to act and shall be fully protected and justified in so acting or failing to act, if such action or failure to act is in accordance with the advice or opinion of such counsel, accountants or other professional advisors, except for actions or failure to act by such persons which constitute a knowing violation of law, provided that such advisors were selected with reasonable care. To the extent that, at law or in equity, the Managing Member has fiduciary or other duties and liabilities relating to the Company, any Member or former Member or another person, the Managing Member acting under this Agreement shall not be liable to the Company or any such Member or person for their good faith reliance on the provisions of this Agreement.

## ARTICLE VII

### Liabilities of Members; Indemnification

Section 7.1    Liability of Members.  The Members shall not be personally liable for the expenses, liabilities, debts, or obligations of the Company except to the minimum extent required by the Act.

Section 7.2    Indemnification.   To the fullest extent permitted by law, the Company shall indemnify, hold harmless, protect and defend the Managing Member and/or officers, if any, of the Company and each of their respective affiliates (collectively, the "Indemnitees"), against any losses, claims, damages or liabilities, including, without limitation, legal or other expenses incurred in the investigation of or defending against any such loss, claim, damages or liability, and any amounts expended in settlement of any claim (collectively, "Liabilities"), to which any Indemnitee may become subject by reason of any act performed on behalf of the Company or omission (even if negligent) or by reason of the fact that it is or was a Member, Managing Member and/or officer, if applicable, of the Company or is or was serving at the request of the Company as a director, trustee, managing member, officer, employee or agent of another corporation, partnership, joint venture, limited liability company, trust or other enterprise, unless such Liability results from such Indemnitee's own willful malfeasance or fraud. The provisions of this Section shall continue to afford protection to each Indemnitee regardless of whether such Indemnitee remains a Managing Member and/or officer of the Company.

## ARTICLE VIII

### Fiscal Year

Section 8.1    Fiscal Year.    Except as otherwise required by the Code, the Company shall adopt the calendar year for financial and federal income tax purposes.

## ARTICLE IX

### Amendment of Agreement

Section 9.1    Amendment.   Any amendment or supplement to this Agreement shall only be effective if in writing and if the same shall be consented to by the Managing Member.

## ARTICLE X

### Dissolution

Section 10.1    Dissolution. The Company shall be dissolved, and shall terminate and wind up its affairs, upon the withdrawal, bankruptcy, retirement, or resignation of the Members of the Company, or upon the decision of the Managing Member to dissolve the Company.  Distributions to the Members upon dissolution shall be made in proportion to each such Member's Interest at the time of dissolution.

## ARTICLE XI

### Miscellaneous Provisions

Section 11.1    Notices. Notices, requests, reports, payments, calls or other communications required to be given or made to a Member hereunder shall be in writing (including via facsimile and email) and shall be deemed to be given or made when properly addressed and posted by registered or certified mail, postage prepaid, to such Member at such Member's last known address, or via facsimile to such Member at such Member's current facsimile number, or via email to such Member at such Member's current email address.

Section 11.2    Applicable Law.  Notwithstanding the place where this Agreement may be executed by any of the parties hereto, this Agreement, the rights and obligations of the parties hereto, and any claims and disputes relating thereto, shall be subject to and governed by the Act and the other laws of the State of Delaware as applied to agreements among Delaware residents to be entered into and performed entirely within the State of Delaware, and such laws shall govern the limited liability company aspects of this Agreement.

Section 11.3    Successors in Interest. Each and all of the covenants, agreements, terms, and provisions of this Agreement shall be binding upon and inure to the benefit of the Members and their respective heirs, executors, administrators, personal representatives, successors and assigns.

Section 11.4    Integration.  This Agreement constitutes the entire agreement of the Members pertaining to the subject matter hereof and supersedes all prior and contemporaneous agreements and understandings of the Members in connection therewith.

Section 11.5    Severability.  Any provision of this Agreement which is invalid, illegal, or unenforceable in any respect in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such invalidity, illegality, or enforceability without in any way affecting the validity, legality, or enforceability of the remaining provisions hereof, and any such invalidity, illegality, or unenforceability in any jurisdiction shall not invalidate or in any way affect the validity, legality, or enforceability of such provisions in any other jurisdiction.

Section 11.6    Headings.   The headings in this Agreement are inserted for convenience and identification only and are in no way intended to describe, interpret, define or limit the scope, extent or intent of this Agreement or any provision hereof.

Section 11.7    Rights and Remedies Cumulative.   The rights and remedies provided by this Agreement are given in addition to any other rights and remedies the Members may have by law, statute, ordinance or otherwise. All such rights and remedies are intended to be cumulative and the use of any one right or remedy by a Member shall not preclude or waive such Member's right to use any or all other rights or remedies.

[Signatures appear on following page.]

IN WITNESS WHEREOF, the party hereto has executed and delivered this Agreement as of the day and year first above written.

MANAGING MEMBER:

By: _____

**Name:**        Stefan Qin

# EXHIBIT A

## SCHEDULE OF MEMBERS

| Name and Address | Interest |
| --- | --- |
| Stefan Qin | 100% |