# EXHIBIT 2

# DECLARATION OF ANTONIO HALLAK

# $275,000 PROMISSORY NOTE

# PROMISSORY NOTE

<u>$275,000</u>                                                          <u>DATE: August 20, 2020</u>

**FOR VALUE RECEIVED,** the undersigned, **Stefan Qin,** of **Virgil Capital LLC** (the "Borrower"), unconditionally promises to pay to the order of **Virgil Quantitative Research, LLC a Delaware Corporation** (the "Lender"), in lawful money which, at the time or times of payment, is the legal tender for public and private debts in the United States of America, the principal sum of **Two Hundred Seventy Five Thousand ($275,000),** plus interest thereon, in the manner and at the rate hereinafter set forth.

  **1.**  **Definitions.** As used herein:

"Business Day" means a day on which banks are open for business in **New York, NY.**

"Indebtedness" means the principal sum of **Two Hundred Seventy Thousand No/100 Dollars ($275,000.00),** or so much thereof as may be outstanding from time to time, together with interest thereon at the rate stated herein, and any other amounts which may become due and payable under this Note or any other Loan Document.

"Loan Documents" means this Note and any other instrument or document executed by Borrower in favor of Lender.

  **2.**  **Interest Rate.** During the term of the Loan, the outstanding principal balance shall accrue interest at a rate of five (5%) percent per **month** ("Note Rate"), compounded monthly, commencing on the date above written, until one year from the date first above written.

  **3.**  **Term; Payments of Principal and Interest.** The term of this Note shall be for a period of **ten weeks** from the date first above written (the "Term"), with a maturity date of **November 1st, 2020** ("Maturity Date"). During the Term of the Note, Borrower shall accrue monthly interest commencing on **August 20, 2020** and continuing on the 1st day of each month thereafter until the Maturity Date ("Payment Date").

The final payment shall be in the amount of the entire unpaid principal balance plus any accrued interest, and any and all other amounts outstanding, and shall be due and payable on the Payment Date. There is no pre-payment penalty.

Interest for the full or partial calendar month at the beginning of the term of this Note will be calculated on the basis of a 360-day year and the actual number of days elapsed.  Interest for any partial calendar month at the end of the term of this Note will be calculated on the basis of a 365-or 366-day year, as applicable, and the actual number of days elapsed. The Monthly Payment Amounts (as defined below) will be calculated on a 30/360 Basis.

  **4.**  **Interest Basis.**   Interest on the outstanding principal balance of the indebtedness, as set forth above, shall be calculated for actual days elapsed on the basis of a 360

1

day year consisting of 12 months of 30 days each ("30/360 Basis") commencing August 20th, 2020.

      **5.**    **Method of Payment.** All payments of principal and interest hereunder shall be made to the Lender at its Silvergate Bank account or as such other place as the Lender may from time to time designate.

Whenever any payment hereunder becomes due on a day which is not a Business Day, the maturity thereof shall be extended to the next succeeding Business Day and interest thereon shall accrue at the applicable rate during such extension.

Beginning on September 1st, 2020 (the "Initial Monthly Payment Date") and on the same day of each and every calendar month thereafter throughout the term of this Note (the "Monthly Payment Dates"), Borrower shall make monthly payments under this Note to Lender in the amounts provided in this Section 5 (the "Monthly Payment Amounts").

    (a) The Monthly Payment Amount for the payment due on each Monthly Payment Date through and including the 3rd Monthly Payment Date (the "Final Interest-Only Payment Date") shall consist of all accrued but unpaid interest on the unpaid principal balance of this Note.

    (b) The Monthly Payment Amount shall be adjusted on the 3rd Monthly Payment Date to an amount sufficient to fully repay the unpaid principal balance of this Note, together with interest at the then-applicable Note Rate, by the end of the Amortization Period in substantially equal installments.

      **6.**    **Prepayment.** Borrower, at its election, may prepay all or any part of the outstanding principal balance of the Note, provided that in addition to the principal amount of such prepayment, Borrower also pays all interest accrued on the amount of such prepayment to the date thereof. Following a partial prepayment, the amount of the monthly interest-only payment will decrease for the remainder of the loan term based on the outstanding principal balance.

      **7.**    **Events of Default.** Any of the following shall constitute an Event of Default hereunder:

    a)    The failure of the Borrower to make any payment required under the terms of this Note within fifteen (15) days after said payment is due.

    b)    Default by Borrower under the Note.

    c)    If (i) Borrower shall voluntarily file a petition under the Federal Bankruptcy Act, as such Act may from time to time be amended, or under any similar or successor Federal statute relating to bankruptcy, insolvency arrangements or reorganizations, or under any state bankruptcy or insolvency act, or file an answer in an involuntary proceeding admitting insolvency or inability to pay debts, or (ii) if Borrower shall fail to obtain a vacation or stay of involuntary proceedings brought for the reorganization, dissolution or liquidation of Borrower within sixty (60) days of said filing, or (iii) if Borrower shall be adjudged bankrupt or if a trustee or receiver shall be appointed for Borrower or Borrower's property or if the property shall become subject to the jurisdiction of a Federal bankruptcy court or similar state court.

  d)  This Note or any Loan Document ceases to be in full force and effect (including failure of any security agreement to create a valid and perfected security interest) at any time and for any reason.

  e)  Except as otherwise specifically provided for in this Note, the Borrower fails to observe and perform any of the covenants or agreements on their part to be observed or performed under this Note within thirty (30) days after written notice from the Lender of such non-compliance.

  **9.**  **Remedies on Default.** Upon the occurrence of any Event of Default and the expiration of any applicable grace periods (and at the option of any Lender of this Note which may be exercised immediately or at any time thereafter so long as the Event of Default continues), all obligations of the Borrower represented hereby may be accelerated by Lender and shall become immediately due and payable without notice or demand and such Lender shall then have, in any jurisdiction where enforcement thereof is sought, in addition to all other rights and remedies provided herein or in any other Loan Document or other instrument given by the Borrower to the Lender to secure this Note, the rights and remedies of a secured party under the Uniform Commercial Code as enacted in the Commonwealth of California and (to the extent applicable) all other rights and remedies available at law or in equity.

  **12.**  **Late Charge.** As to any monthly payment or portion thereof not received by the Lender within fifteen (15) days after each Payment Date, the Borrower shall pay an additional charge of five percent (5.00%) of the amount of such payment so delinquent.

  **13.**  **No Rights of Set-Off by Borrower.** No payment of principal hereof or interest hereon shall be subject to set-off, reduction or recoupment by Borrower for any cause whatsoever relating to or based on dealings between Borrower and the Lender or any subsequent Lender.

  **13.**  **Payments by Lender.** In the event Lender is authorized or obligated to pay, on behalf of Borrower, charges for which the Borrower are obligated to pay (including but not limited to insurance premiums and Condominium special assessments), then Lender may treat those payments as advances and add them to the unpaid principal due under this Note and shall accrue interest in accordance with the terms hereof, or demand immediate payment of the charges.

  **14.**  **Application of Payment.** Every payment hereunder shall be applied first to amounts (other than principal and interest) due hereunder, or under any other Loan Document; second to interest accrued hereon to the date due; and the balance, if any, to principal.

  **15.**  **Miscellaneous.**

  a)  In the event any payment of principal or interest received upon this Note and paid by the undersigned, or endorser, shall be deemed by final order of a court of competent jurisdiction to have been a voidable preference or fraudulent conveyance under the bankruptcy or insolvency laws of the United States, or otherwise; then in such event, to the extent thereof, the obligation of the undersigned, or endorser shall, jointly and severally, survive as an obligation

due hereunder and shall not be discharged or satisfied by said payment or payments, or by the return (by the payee or Lender hereof) to said parties of such payment or payments, or of this Note or any endorsement or the like.

      b)      Except as otherwise provided herein, notices to be given hereunder shall be made in the manner and with the effect provided in this Note and the Loan Documents of even date.

      c)      The interpretation, construction and enforceability of the Note shall be governed in all respects by the local laws of the Commonwealth of California without regard to any choice of law principles. Any legal proceedings commenced by Lender or Borrower arising out of any of the transactions or obligations contemplated by this Note shall be brought in the courts in the Commonwealth of California or such other court as may be necessary to enforce the Lender's rights under this Note or in the Collateral securing this Note. The Lender and Borrower each irrevocably and unconditionally (i) submit to the jurisdiction of such courts and agree to take any and all future action necessary to submit to such jurisdiction, (ii) waives any objection which it may now or hereafter have to the venue of any suit, action or proceeding brought in such courts and (iii) waives any claim that any such suit, action or proceeding brought in such court has been brought in an inconvenient forum.

      d)      No part of this Note may be changed orally but only by an agreement in writing signed by the party against whom enforcement of any change, waiver, modification or discharge is sought.

      e)      The Lender, in its sole discretion, may forgive any or all of the outstanding balance, with accrued interest, under this Note at any time.

      f)      The invalidity of any of the provisions of this Note, as determined by a court of competent jurisdiction, shall in no way affect the validity of any other provision hereof.

      g)      This Note is fully negotiable and upon negotiation may be enforced by Lender, its successors or assigns, in accordance with its terms.

|  | **BORROWER:** |
|---|---|
| VQR Partners LLC | Stefan He Qin |
| By: _____ | By: _____<br>Stef |