UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　　vs.<br><br>STEFAN QIN, VIRGIL TECHNOLOGIES LLC, MONTGOMERY TECHNOLOGIES LLC, VIRGIL QUANTITATIVE RESEARCH, LLC, VIRGIL CAPITAL LLC, and VQR PARTNERS LLC,<br><br>　　　　Defendants. | Case No. 20 Civ. 10849 (LGS) |

# X[PROPOSED]X TEMPORARY RESTRAING ORDER FREEZING ASSETS AND ORDER TO SHOW CAUSE

This matter came before the Court on the *ex parte* emergency motion of plaintiff Securities and Exchange Commission (the "Commission"), by proposed order to show cause, against defendants Virgil Capital LLC, Montgomery Technologies, LLC, Virgil Technologies, LLC, Virgil Quantitative Research, LLC and VQR Partners, LLC, (collectively, "Entity Defendants"). By its motion, the Commission seeks orders: (1) freezing assets under the Entity Defendants' control, held in their names, or held in the names of the funds that they manage, including Virgil Sigma Fund, LP and VQR Multistrategy Fund LP; (2) requiring Entity Defendants to prepare an accounting of all money obtained from investors; (3) permitting certain expedited discovery; (4) prohibiting the destruction of documents; and (5) requiring Entity Defendants to show cause why the Court should not preliminarily impose the requested relief during the pendency of this action.

The Court, having considered the Commission's complaint, the Commission's Motion for Temporary Restraining Order and Memorandum of Law in support and the Declarations filed therewith together with exhibits attached to those declarations; and any proceedings before the Court, finds that:

1. This Court has jurisdiction over the subject matter of this action, and as to all parties and Defendants, and venue properly lies in this District.

2. The Commission has made a sufficient and proper showing in support of the relief granted herein, as required by Section 20(b) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77t(b), and Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u(b), by evidence showing that the Commission is likely to succeed on the merits, or alternatively, that an inference can be drawn that Entity Defendants have violated, or aided and abetted violations of, the securities laws, namely Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a); Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b); and Exchange Act Rule 10b-5, 17 C.F.R. § 240.10b-5.

3. The Commission has further demonstrated that good cause exists to believe that an asset freeze is necessary to maintain the status quo and prevent the dissipation or expatriation of assets that likely belong to investors, and may be necessary to satisfy a judgment of disgorgement, prejudgment interest, and for civil penalties. It is therefore appropriate for the Court to issue this Temporary Restraining Order so that prompt service on appropriate financial institutions, and other persons, can be made, thus preventing the dissipation of assets and preserving the status quo.

4. ~~Good cause exists to believe that an order requiring Entity Defendants to provide a verified accounting of all assets, money, and property obtained directly or indirectly from any investors associated with the Virgil Sigma Fund, LP and the VQR Fund, LP as described in the Complaint, and received, spent, or held directly or indirectly by each of the Defendants, or by others for their direct and indirect beneficial interest, is necessary to effectuate and ensure compliance with the freeze imposed on their assets.~~

5. Good cause exists to believe that, unless restrained and enjoined by order of this Court, documents relevant to this action may be altered, destroyed or become unavailable for discovery.

2

~~6. Good cause exists to believe that expedited discovery, in the form of document requests to the parties on shortened time, and subpoenas to third-parties, as necessary, pending the issuance of any preliminary injunction.~~

I.

IT IS THEREFORE HEREBY ORDERED that the SEC's Motion for a Temporary Restraining Order is GRANTED in part.

II.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, an immediate freeze shall be placed on:

    a. All monies and assets (including all digital assets and cryptocurrencies) in all accounts at any bank, financial institution, brokerage firm, or digital asset trading platform, or exchange, and other funds or assets, held in the name of, for the benefit of, or over which account authority is held by, or managed or controlled by, Defendants Virgil Capital LLC, Montgomery Technologies, LLC, Virgil Technologies, LLC, Virgil Quantitative Research, LLC or VQR Partners, LLC;

    b. All monies and assets (including all digital assets and cryptocurrencies) in all accounts at any bank, financial institution, brokerage firm, or digital asset trading platform, or exchange, and other funds or assets, held in the name of, or for the benefit of, Virgil Sigma Fund, LP or VQR Multistrategy Fund LP; and

    c. Those monies and assets (including all digital assets and cryptocurrencies) that constitute or are derived from the proceeds of, or are otherwise related to, the activities set forth in the Complaint in accounts at any bank, financial institution or brokerage firm, or digital asset trading platform, or exchange, all certificates of deposit, and other funds or assets, including real or personal property, held in the name of, for the benefit of, or managed or controlled or over which account authority is held by, Defendants Virgil Capital LLC, Montgomery Technologies, LLC, Virgil Technologies, LLC, Virgil Quantitative Research, LLC and VQR Partners, LLC ~~including but not limited to the accounts listed below:~~

3

| Account Name | Institution | Account ID [Redacted] |
|---|---|---|
| VQR Multistrategy Fund LP | Payward Ventures, Inc. d/b/a Kraken | [Redacted]MI |
| VQR Multistrategy Fund LP | Coinbase, Inc. | [Redacted]40 |
| 12 accounts under various names | Silvergate Bank | Various |
| 12 accounts under various names | Commonwealth Bank of Australia | Various |
| | | |

Any bank, financial institution or brokerage firm, or digital asset trading platform, or exchange holding such monies and assets described above, who receives actual notice of this Order, by personal service or otherwise, including by facsimile transmissions, electronic mail, or overnight delivery service, shall hold and retain within its control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets, except as otherwise ordered by this Court.

III.

IT IS FURTHER ORDERED that within 14 days of receiving actual notice of this Order, by personal service, email service, or otherwise, Defendants Virgil Capital LLC, Montgomery Technologies, LLC, Virgil Technologies, LLC, Virgil Quantitative Research, LLC and VQR Partners, LLC (the "Entity Defendants") shall prepare and deliver to the SEC a detailed and complete accounting, which shall include:

1.  A complete schedule of all transfers or payments of funds to any of the Entity Defendants, and to any other entity controlled by them, including without limitation Virgil Sigma Fund, LP or VQR Multistrategy Fund LP, from investors in connection with the conduct described in the Complaint (the identification shall include the amount of each such transfer or payment, the date of the transfer or payment, and the name, address, account number and financial institution of the party making and the party receiving the transfer or payment);

2.  A complete schedule, in detail, of the precise disposition of each transfer or payment identified in response to paragraph 1 above and all assets derived therefrom, including but not limited to:

   a.  the nature and results of any investment in which the funds were used;

4

  b. any subsequent transfer or payment of the funds (the identification shall include the amount of each such transfer or payment, the date of the transfer or payment, the name, address, account number and financial institution of the party making and receiving the transfer or payment, and the reason for the transfer or payment); and

  c. any fees or expenses charged and a detailed statement of the nature and purpose of such fees and expenses.

 3. A complete schedule identifying, by name and address, all persons, entities and accounts currently holding funds or assets derived from the transfers or payments described in paragraph 1 above and the reason each received the funds or assets (the identification shall include the amount each received, the date received, the reason received, the institution and account number or location in which the funds or other assets are held and the name, address, account number and financial institution of the person or entity who provided each with the funds or other assets);

 4. A complete schedule identifying assets of every type and description with a value of at least five hundred dollars ($500) presently owned by or held for the direct or indirect benefit, or subject to the direct or indirect control, of each of the Entity Defendants and of any other entity controlled by them, including without limitation Virgil Sigma Fund, LP or VQR Multistrategy Fund LP, whether in the United States or elsewhere; and,

 5. A complete schedule of all accounts in the name of each of the Entity Defendants and of any other entity controlled by them, including without limitation Virgil Sigma Fund, LP or VQR Multistrategy Fund LP, held at any bank, financial institution or brokerage firm, or digital asset trading platform, or exchange, identified by name of institution, address, and account number, from January 1, 2018 through the present.

Such accounting shall be filed with the Court and a copy shall be delivered to the SEC to the attention of Susan F. LaMarca. After completion of the accounting, Entity Defendants shall produce to the SEC at a time agreeable to the SEC, all books, records and other documents supporting or underlying the accounting.

IV.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, each of the Defendants Virgil Capital LLC, Montgomery Technologies, LLC, Virgil Technologies, LLC, Virgil Quantitative Research, LLC and VQR Partners, LLC (the "Entity Defendants") and their officers, agents, servants, employees, attorneys, subsidiaries, and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, emails, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to any of the Entity Defendants, to Virgil Sigma Fund, LP or VQR Multistrategy Fund LP, or to any of the matters set forth in the Complaint.

V.

IT IS FURTHER ORDERED that, commencing with the time and date of this Order, in lieu of the time periods, notice provisions, and other requirements of Rules 26, 34, and 45 of the Federal Rules of Civil Procedure and the corresponding Local Rules of this Court, the parties may proceed with discovery of documents from the parties, or from third parties, pending any order of preliminary injunction. [Section V is struck through with handwritten annotation:] ORDERED that by December 24, 2020, Plaintiff shall: (1) serve of a copy of this Order on Defendants by their authorized agents, or their attorneys who agree to accept service on their behalf, by email and U.S. mail and (2) file proof of such service.

VI.

IT IS HEREBY FURTHER ORDERED, that each Defendant or their attorneys shall appear before this Court at ___11:30 A.M.___, on ___January 8, 2021___, via telephone or ~~videoconference~~, as directed by the Court, in keeping with the Orders (including emergency orders occasioned by the COVID-19 pandemic) of the Southern District of New York, to show cause, if any exists, why this Court should not enter a preliminary injunction extending the asset freeze and other relief granted in this Order until a final adjudication on the merits may be had.  Defendants Virgil Capital LLC, Montgomery Technologies, LLC, Virgil Technologies, LLC, Virgil Quantitative Research, LLC and VQR Partners,

6

LLC shall file with the Court, and serve any papers in opposition to such relief, by electronic mail to the Commission's counsel: Amanda Straub (strauba@sec.gov); Fitzann R. Reid (reidf@sec.gov); and Susan F. LaMarca (lamarcas@sec.gov) no later than __January 5, 2021__, ~~2020 at 5:00 p.m. The Commission may serve by email and file a reply no later than _____, at 5:00 p.m., and shall serve such reply brief, if any, on Defendants and Relief Defendants by email.~~

The hearing will be held telephonically on the following conference call line: 888-363-4749, access code: 558-3333. All times herein are Eastern Standard Time.

IT IS SO ORDERED:

Dated: __Dec. 23__, 2020
        New York, New York

                                                            _____
                                                            LORNA G. SCHOFIELD
                                                            UNITED STATES DISTRICT JUDGE