UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION<br><br>  Plaintiff,<br><br>  vs.<br><br>STEFAN QIN, VIRGIL TECHNOLOGIES LLC, MONTGOMERY TECHNOLOGIES LLC, VIRGIL QUANTITATIVE RESEARCH, LLC, VIRGIL CAPITAL LLC, and VQR PARTNERS LLC,<br><br>  Defendants. | Case No. 20-CV-10849 (LGS) |

**STIPULATION AND [PROPOSED] ORDER FOR THE
ENTRY OF PRELIMINARY INJUNCTION FREEZING ASSETS**

Plaintiff U.S. Securities and Exchange Commission (the "Commission") and defendants Stefan Qin, *pro se*; and defendants Virgil Capital LLC, Montgomery Technologies, LLC, Virgil Technologies, LLC, Virgil Quantitative Research, LLC and VQR Partners, LLC, through their counsel (collectively, "the Parties") hereby stipulate as follows:

WHEREAS, on December 23, 2020 during an *ex parte* hearing, and on December 24, 2020 by written Order, the Court granted, in part, the Commission's Motion for Temporary Restraining Order (*see* Docket No. 19) (hereafter, "Order"), which among other things orders that an immediate freeze be placed on all monies and assets (including all digital assets and cryptocurrencies) in all accounts at any bank, financial institution, brokerage firm, or digital asset trading platform, or exchange or other funds or assets, held in the name of, or for the benefit of, any of the above-

identified entity defendants, or for the benefit of or in the name of Virgil Sigma Fund, LP or VQR Multistrategy Fund LP;

WHEREAS, the Court has set a hearing on Friday, January 8, 2021 (at 11:30 a.m.) on the Commission's motion for an order to show cause why a preliminary injunction should not be ordered providing for the asset freeze and related relief sought in the Motion for a Temporary Restraining Order during the pendency of this litigation;

WHEREAS, the Commission has informed financial institutions of the Court's Order, including U.S.-based banks and trading platforms that hold accounts in the name of the above entities;

WHEREAS, the Commission has recently learned of expenses of the VQR Multistrategy Fund, LP, which have come due but remain unpaid as a consequence of the freeze, namely: payment to the Fund's third-party fund administrator, MG Stover, in the amount of $19,700 for fund administration services previously completed and for which it has provided invoices;

WHEREAS, the Parties agree that the above expenses were incurred as bona fide, ordinary, and routine business expenses owed by certain of the defendants (or an entity controlled by the defendants, namely the VQR Multistrategy Fund, LP) to the third-party administrator, and the Parties therefore agree that the Court's Order should be modified to allow these expenses to be paid;

WHEREAS, the Parties further agree that expedited document discovery from third parties is needed in order to discover where investor assets may reside, and for related purposes, and the Parties therefore agree that the Court's Order should be modified to permit for expedited document discovery from third parties;

WHEREAS, the Parties further agree that, in lieu of an accounting as requested by the Commission in its moving papers (for which defendants would incur significant costs under the

2

current circumstances), each of the defendants, including Defendant Stefan Qin, agrees to provide information in his, or its, control, as requested by the Commission, for the purposes of securing investor assets, identifying (1) the names, contact information, and payments received from and/or made to all investors in the Funds controlled or operated by the defendants, and (2) the location and value of all assets held by any defendant, Virgil Sigma Fund, LP or VQR Multistrategy Fund LP, or traceable to investor monies, and the Parties therefore agree that the Court's Order should be modified to permit for this provision of information in lieu of an accounting;

WHEREAS, the Parties further agree that the Court's Order should be extended as a Preliminary Injunction through the pendency of this litigation (or until further order of this Court), including the freeze on all monies and assets held in the name of, or for the benefit of, any of the entity defendants, or for the benefit of or in the name of Virgil Sigma Fund, LP or VQR Multistrategy Fund, LP (as modified to allow for the payment set forth above); the order prohibiting destruction of documents; and to additionally allow for expedited document discovery from third parties as well as the provision of information by the defendants in lieu of an accounting as set forth above;

IT IS THEREFORE STIPULATED AND AGREED that:

1) The Court's Temporary Restraining Order Freezing Assets and Order to Show Cause (Docket No. 19) is hereby entered as a Preliminary Injunction, with the following modifications described below, and shall remain in effect during the pendency of this litigation or until further order of the Court; and the Court should enter the order setting forth such relief submitted herewith, in accordance with Rule 65 of the Fed. R. of Civ. Proc.

a. Notwithstanding the freeze of assets, Defendants may pay third-party MG Stover for its fund administration services previously completed and invoiced to the VQR Multistrategy Fund, LP, in an amount not to exceed $19,700.

b. Upon the request of counsel for the Commission, each defendant shall provide information in his, or its, control identifying (1) the names, contact information, and payments received from and/or made to any and all investors in the Funds controlled or operated by any of the defendants, and (2) the location and value of all assets held by any defendant, Virgil Sigma Fund, LP or VQR Multistrategy Fund LP, or traceable to investor monies.

c. Notwithstanding the time periods, and other requirements, of Rule 26 of the Federal Rules of Civil Procedure, the parties may proceed with discovery of documents from third parties pursuant to Rule 45.

2) The hearing currently scheduled for Friday, January 8, 2021, at 11:30 a.m. is ~~adjourned~~ cancelled.

IT IS SO STIPULATED.

Dated: San Francisco, California
January 5, 2021

/s/ Susan F. LaMarca
Fitzann R. Reid (N.Y. Bar No. 5084751)*
Amanda Straub (AS0516)
Steven Buchholz*
Susan F. LaMarca*
Counsel for the Plaintiff
Securities and Exchange Commission
San Francisco Regional Office
44 Montgomery Street, Suite 2800
San Francisco, CA 94104
(415) 705-2458 (Reid)
   *admitted pro hac vice

Dated: New York, New York
January 5, 2021

Stefan Qin, pro se

Dated: New York, New York
January 5, 2021

Stefan Qin, as Managing Member for Defendants Virgil Capital LLC, Montgomery Technologies, LLC, Virgil Technologies, LLC, Virgil Quantitative Research, LLC and VQR Partners, LLC

IT IS SO ORDERED.

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

Dated: January 6, 2021
New York, New York