UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION<br><br>Plaintiff,<br><br>vs.<br><br>STEFAN QIN, VIRGIL TECHNOLOGIES LLC, MONTGOMERY TECHNOLOGIES LLC, VIRGIL QUANTITATIVE RESEARCH, LLC, VIRGIL CAPITAL LLC, and VQR PARTNERS LLC,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>: Case No. 20-CV-10849 (LGS)<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

# [PROPOSED] PRELIMINARY INJUNCTION FREEZING ASSETS AND PROVIDING RELATED RELIEF

This matter came before the Court on the *ex parte* emergency motion of plaintiff Securities and Exchange Commission (the "Commission"), by proposed order to show cause, against defendants Virgil Capital LLC, Montgomery Technologies, LLC, Virgil Technologies, LLC, Virgil Quantitative Research, LLC and VQR Partners, LLC, (collectively, "Entity Defendants"). By its motion, the Commission sought orders: (1) freezing assets under the Entity Defendants' control, held in their names, or held in the names of the funds that they manage, including Virgil Sigma Fund, LP and VQR Multistrategy Fund, LP; (2) requiring Entity Defendants to prepare an accounting of all money obtained from investors; (3) permitting certain expedited discovery; (4) prohibiting the destruction of documents; and (5) requiring Entity Defendants to show cause why the Court should not preliminarily impose the requested relief during the pendency of this action.

On December 23, 2020 during an *ex parte* hearing, and on December 24, 2020 by written Order, the Court granted, in part, the Commission's Motion for Temporary Restraining Order. The Court further ordered a hearing on the Commission's motion to show cause why a preliminary injunction should not be entered granting the relief sought.

On January 5, 2021, the Commission filed a letter motion with a Stipulation and Proposed Order, by which the parties agreed to: (1) the entry of a preliminary injunction extending the asset freeze and related relief ordered in the TRO through the pendency of this litigation (or until further order of the Court) with modification of the asset freeze to pay the third-party fund administrator for the VQR Multistrategy Fund, LP; and (2) the entry of additional relief in the form of expedited discovery and the provision of information to the Commission in lieu of an accounting; and (3) the adjournment of the hearing on the Commission's motion to show cause.

Having considered the parties' Stipulation and Proposed Order, and the prior moving papers of the Commission, the Court, finds that:

1. This Court has jurisdiction over the subject matter of this action, and as to all parties and Defendants, and venue properly lies in this District.

2. The Commission has made a sufficient and proper showing in support of the relief granted herein, as required by Section 20(b) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77t(b), and Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u(b), by evidence showing that the Commission is likely to succeed on the merits, or alternatively, that an inference can be drawn that Entity Defendants have violated, or aided and abetted violations of, the securities laws, namely Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a); Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b); and Exchange Act Rule 10b-5, 17 C.F.R. § 240.10b-5.

3. The Commission has further demonstrated that good cause exists to believe that an asset freeze is necessary to maintain the status quo and prevent the dissipation or expatriation of assets that likely belong to investors, and may be necessary to satisfy a judgment of disgorgement, prejudgment interest, and for civil penalties. It is therefore appropriate for the Court to issue this Preliminary Injunction, thus preventing the dissipation of assets and preserving the status quo.

4. Good cause exists to believe that, unless restrained and enjoined by order of this Court, documents relevant to this action may be altered, destroyed or become unavailable for discovery.

5. Good cause exists to believe that expedited discovery, in the form of subpoenas to third parties, will assist in the maintenance of the asset freeze and will minimize costs.

I.

IT IS THEREFORE HEREBY ORDERED that the Plaintiff's request for a preliminary injunction, as modified by the parties' Stipulation, is hereby GRANTED.

II.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, a freeze shall remain in effect on:

a. All monies and assets (including all digital assets and cryptocurrencies) in all accounts at any bank, financial institution, brokerage firm, or digital asset trading platform, or exchange, and other funds or assets, held in the name of, for the benefit of, or over which account authority is held by, or managed or controlled by, Defendants Virgil Capital LLC, Montgomery Technologies, LLC, Virgil Technologies, LLC, Virgil Quantitative Research, LLC or VQR Partners, LLC;

b. All monies and assets (including all digital assets and cryptocurrencies) in all accounts at any bank, financial institution, brokerage firm, or digital asset trading platform, or exchange, and other funds or assets, held in the name of, or for the benefit of, Virgil Sigma Fund, LP or VQR Multistrategy Fund LP; and

c. Those monies and assets (including all digital assets and cryptocurrencies) that constitute or are derived from the proceeds of, or are otherwise related to, the activities set forth in the Complaint in accounts at any bank, financial institution or brokerage firm, or digital asset trading platform, or exchange, all certificates of deposit, and other funds or assets, including real or personal property, held in the name of, for the benefit of, or managed or controlled or over which account

3

authority is held by, Defendants Virgil Capital LLC, Montgomery Technologies, LLC, Virgil Technologies, LLC, Virgil Quantitative Research, LLC and VQR Partners, LLC.

Any bank, financial institution or brokerage firm, or digital asset trading platform, or exchange holding such monies and assets described above, who receives actual notice of this Order, by personal service or otherwise, including by facsimile transmissions, electronic mail, or overnight delivery service, shall hold and retain within its control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets, except as otherwise ordered by this Court.

Notwithstanding the above, the asset freeze shall not prevent, and is hereby modified to allow, Defendants to pay third-party, MG Stover, for its completed fund administration services to the VQR Multistrategy Fund, LP in invoiced amounts totaling no more than $19,700.

III.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, each of the Defendants Virgil Capital LLC, Montgomery Technologies, LLC, Virgil Technologies, LLC, Virgil Quantitative Research, LLC and VQR Partners, LLC (the "Entity Defendants") and their officers, agents, servants, employees, attorneys, subsidiaries, and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, emails, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to any of the Entity Defendants, to Virgil Sigma Fund, LP or VQR Multistrategy Fund LP, or to any of the matters set forth in the Complaint.

IV.

IT IS FURTHER ORDERED that, upon the request of counsel for the Commission, each defendant shall provide information in his, or its, control identifying (1) the names, contact

information, and payments received from and/or made to any and all investors in the Funds controlled or operated by any of the defendants, and (2) the location and value of all assets held by any defendant, Virgil Sigma Fund, LP or VQR Multistrategy Fund LP, or traceable to investor monies.

V.

IT IS FURTHER ORDERED that, commencing with the time and date of this Order, in lieu of the time periods and other requirements of Rule 26 of the Federal Rules of Civil Procedure, the parties may proceed with discovery of documents from third parties pursuant to Rule 45 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Dated: January 6, 2021
       New York, New York