UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION<br><br>Plaintiff,<br><br>vs.<br><br>STEFAN QIN, VIRGIL TECHNOLOGIES LLC, MONTGOMERY TECHNOLOGIES LLC, VIRGIL QUANTITATIVE RESEARCH, LLC, VIRGIL CAPITAL LLC, and VQR PARTNERS LLC,<br><br>Defendants. | Case No. 20 Civ. 10849 (LGS) |

**[PROPOSED] ORDER APPOINTING RECEIVER**

This matter came before the Court on the stipulation of the parties for an order appointing a receiver over defendants Virgil Capital LLC, Montgomery Technologies, LLC, Virgil Technologies, LLC, Virgil Quantitative Research, LLC and VQR Partners, LLC (collectively, "Entity Defendants"). By prior orders of this Court (ECF 17, 27), the assets owned and controlled by the Entity Defendants are currently subject to a freeze, and the defendants therefore are not permitted to transfer funds to pay their ordinary and necessary business expenses. Plaintiff U.S. Securities and Exchange Commission (the "Commission"), Stefan Qin, on his own behalf and as managing member of each of the Entity Defendants, agree that the appointment of a receiver over the Entity Defendants is necessary. The parties invoke the Court's equity powers, pursuant to Section 20(b) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77t(b), and Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u(b), and state that the appointment of an equity receiver will permit the Entity Defendants to pay expenses that are necessary to maintain the value of the assets

they hold, while also allowing an assessment as to whether the Entity Defendants can fully account for investor funds.

The Commission recommends that the Court appoint Robert A. Musiala, Jr. of Baker Hostetler as the Receiver, and defendants support the recommendation. The parties have included information regarding Mr. Musiala's and the firm's proposal, describing their relevant experience, proposed fees, and their willingness and ability to perform the tasks of a receiver.

On the basis of this record, the Court finds that this Court has subject matter jurisdiction over this action and personal jurisdiction over the Entity Defendants, and the appointment of a receiver in this action is necessary and appropriate for the purposes of marshaling and preserving all assets of the Entity Defendants that: (a) are attributable to funds derived from investors, including without limitation any assets associated with either Virgil Sigma Fund, LP or VQR Multistrategy Fund LP; (b) are held in constructive trust for the Entity Defendants; (c) were fraudulently transferred by the Entity Defendants, or by any of their owned or controlled subsidiaries, or by any person acting on behalf of, or who controlled any of, the Entity Defendants; and/or (d) may otherwise be includable as assets of the estates of the Entity Defendants (collectively, the "Recoverable Assets").

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The parties' request to the Court for Appointment of a Receiver is GRANTED.

2. This Court hereby takes exclusive jurisdiction and possession of the assets, of whatever kind and wherever situated, including all Recoverable Assets, of Defendants Virgil Capital LLC, Montgomery Technologies, LLC, Virgil Technologies, LLC, Virgil Quantitative Research, LLC and VQR Partners, LLC, including without limitation the assets of Virgil Sigma Fund, LP and VQR Multistrategy Fund, LP (collectively, "Receivership Entities").

3. Until further Order of this Court, Robert A. Musiala, Jr. of Baker Hostetler is hereby appointed to serve without bond as receiver (the "Receiver") for the estates of the Receivership Entities. The freeze of the Entity Defendants' assets, set forth in the Preliminary Injunction (ECF 27) is hereby lifted and shall not prevent the Receiver from carrying out his powers and duties as set forth herein.

I. **General Powers and Duties of Receiver**

4. The Receiver shall have all powers, authorities, rights, and privileges heretofore possessed by the officers, directors, managers, managing members, and general and limited partners of the Receivership Entities under applicable state and federal law, by the governing charters, by-laws, articles, and/or agreements in addition to all powers and authority of a receiver at equity, and all powers conferred upon a receiver by the provisions of 28 U.S.C. §§ 754, 959, and 1692, and Fed. R. Civ. P. 66.

5. The trustees, directors, officers, managers, managing members, employees, investment advisors, accountants, attorneys, and other agents of the Receivership Entities are hereby dismissed and the powers of any general partners, directors, and/or managers are hereby suspended. Such persons and entities shall have no authority with respect to the Receivership Entities' operations or assets, except to the extent as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of the Receivership Entities and shall pursue and preserve all of their claims.

6. No person, other than the Receiver, holding or claiming any position of any sort with any of the Receivership Entities shall possess any authority to act by or on behalf of any of the Receivership Entities.

7. Subject to the specific provisions in the Sections below, the Receiver shall have the following general powers and duties:

   A. To use reasonable efforts to determine the nature, location, and value of all property interests of the Receivership Entities and all other Recoverable Assets, including, but not limited to, monies, funds, securities, digital assets, credits, effects, goods, chattels, lands, premises, leases, claims, rights, and other assets, together with all rents, profits, dividends, interest, or other income attributable thereto, of whatever kind, which the Receivership Entities own, possess, have a beneficial interest in, or control directly or indirectly ("Receivership Property" or, collectively, the "Receivership Estates");

B.     To take custody, control, and possession of all Receivership Property and records relevant thereto from the Receivership Entities; to sue for and collect, recover, receive, and take into possession from third parties all Receivership Property and records relevant thereto;

C.     To manage, control, operate, and maintain the Receivership Estates and hold in his possession, custody, and control all Receivership Property, pending further Order of this Court;

D.     To use Receivership Property for the benefit of the Receivership Estates, making payments and disbursements and incurring expenses as may be necessary or advisable in the ordinary course of business in discharging his duties as Receiver;

E.     To take any action which, prior to the entry of this Order, could have been taken by the officers, directors, partners, managers, managing members, trustees, and agents of the Receivership Entities;

F.     To engage and employ persons in his discretion to assist him in carrying out his duties and responsibilities hereunder, including, but not limited to, accountants, attorneys, securities traders, registered representatives, financial or business advisers, liquidating agents, real estate agents, forensic experts, investigators, technology vendors, brokers, traders, or auctioneers;

G.     To take such action as necessary and appropriate for the preservation of Receivership Property or to prevent the dissipation or concealment of Receivership Property;

H.     To issue subpoenas for documents and testimony consistent with the Federal Rules of Civil Procedure, concerning any subject matter within the powers and duties granted by this Order;

I.     To bring such legal actions based on law or equity in any state, federal, or foreign court as the Receiver deems necessary or appropriate in discharging his duties as Receiver;

J.     To pursue, resist, and defend all suits, actions, claims, and demands which may now be pending or which may be brought by or asserted against the Receivership Estates; and

K.     To take such other action as may be approved by this Court.

## II. Access to Information

8. The officers, directors, agents, managers, managing members, general and limited partners, trustees, attorneys, accountants, and employees of the Receivership Entities, as well as those acting in their place, are hereby ordered and directed to preserve and turn over to the Receiver forthwith all paper and electronic information of, and/or relating to, the Receivership Entities and/or all Receivership Property; such information shall include but not be limited to books, records, documents, accounts, and all other instruments and papers, including the provision of access to any and all hardware devices, passwords, credentials, and cryptographic keys necessary to access such information.

9. The officers, directors, agents, managers, managing members, general and limited partners, trustees, attorneys, accountants, and employees of the Receivership Entities, as well as those acting in their place, shall answer to the Receiver all questions which the Receiver may put to them and produce all documents as required by the Receiver regarding the business of the Receivership Entities, the Receivership Property including all Recoverable Assets, and any other matter relevant to the operation or administration of the receivership or the collection of funds due to the Receivership Entities.  In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons or entities, the Receiver shall make discovery requests in accordance with the Federal Rules of Civil Procedure.

10. The Receivership Entities, the officers, directors, agents, managers, managing members, general and limited partners, trustees, attorneys, accountants, and employees of the Receivership Entities, as well as those acting in their place, are required to assist the Receiver in fulfilling his duties and obligations.  As such, they must respond promptly and truthfully to all requests for information and documents from the Receiver.

## III. Access to Books, Records, and Accounts

11. The Receiver is authorized to take immediate possession of all assets, bank accounts or other financial accounts, books and records and all other documents or instruments relating to the Receivership Entities.

12. The Receivership Entities, as well as their agents, servants, employees, attorneys, any persons acting for or on behalf of the Receivership Entities, and any persons receiving notice of this Order by personal service, email, facsimile, or otherwise, having possession of the property, business, books, records, accounts, or assets of the Receivership Entities, or other Receivership Property including all Recoverable Assets (including but not limited to hardware wallets and digital asset storage devices in any form), are hereby directed to deliver the same to the Receiver, his agents and/or employees. All persons and entities having control, custody, or possession of any Receivership Property are hereby directed to turn such property over to the Receiver, together with all passwords, credentials, and cryptographic keys necessary for accessing and exercising control over such property.

13. All banks, brokerage firms, financial institutions, digital asset trading platforms, and other persons or entities which have possession, custody, or control of any Receivership Property that receive actual notice of this Order by personal service, email, facsimile, or otherwise shall:

    A. Not liquidate, transfer, sell, convey, or otherwise transfer any Receivership Property except upon instructions from the Receiver;

    B. Not exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets to the Receiver's control without the permission of this Court;

    C. Within five (5) business days of receipt of notice of this Order, serve upon the Receiver and counsel for the Commission a certified statement setting forth, with respect to any account or other asset that is Receivership Property, the balance in the account or description of the assets as of the close of business on the date of receipt of the notice; and

    D. Cooperate expeditiously in providing information and transferring funds, assets, and accounts to the Receiver or at the direction of the Receiver.

## IV. Access to Property

14. The Receiver is authorized to take immediate possession of all personal or intellectual property of the Receivership Entities, wherever located, including but not limited to electronically stored information, computers, laptops, hard drives, external storage drives, and any other such

memory, media, or electronic storage devices, books, papers, data processing records, evidence of indebtedness, bank records and accounts, savings records and accounts, brokerage records and accounts, digital assets, certificates of deposit, stocks, bonds, debentures, and other securities and investments, contracts, mortgages, furniture, office supplies, and equipment.

15. The Receiver is authorized to take immediate possession of all real property of the Receivership Entities, wherever located, including but not limited to all ownership and leasehold interests and fixtures. Upon receiving actual notice of this Order by personal service, email, facsimile, or otherwise, all persons other than law enforcement officials acting within the course and scope of their official duties, are (without the express written permission of the Receiver) prohibited from: (a) entering such premises; (b) removing anything from such premises; (c) destroying, concealing, or erasing anything on such premises; or (d) destroying, concealing, or erasing any property or records of the Receivership Entities wherever held, including but not limited to electronically stored information.

16. In order to execute the express and implied terms of this Order, the Receiver is authorized to change door locks to the premises described above. The Receiver shall have exclusive control of the keys. The Receivership Entities, or any other person acting or purporting to act on their behalf, are ordered not to change the locks in any manner, nor to have duplicate keys made, nor shall they have keys in their possession during the term of the receivership (without the express written permission of the Receiver).

17. The Receiver is authorized to open all mail directed to or received by or at the offices or post office boxes of the Receivership Entities, and to inspect all mail opened prior to the entry of this Order, to determine whether items or information therein fall within the mandates of this Order.

18. Upon the request of the Receiver, the United States Marshal Service, in any judicial district, is hereby ordered to assist the Receiver in carrying out his duties to take possession, custody, and control of, or identify the location of, any assets, records, or other materials belonging to the Receivership Estate.

## V. Notice to Third Parties

19. The Receiver shall promptly give notice, which may be by electronic means, of his appointment to all known officers, directors, agents, managing members, employees, shareholders, creditors, debtors, managers, and general and limited partners of the Receivership Entities, as the Receiver deems necessary or advisable to effectuate the operation of the receivership.

20. All persons and entities owing any obligation, debt, or distribution with respect to an ownership interest to the Receivership Estate shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if the Receivership Entities had received such payment.

21. In furtherance of his responsibilities in this matter, the Receiver is authorized to communicate with, and/or serve this Order upon, any person, entity, or government office that he deems appropriate to inform them of the status of this matter and/or the financial condition of the Receivership Estates. All government offices which maintain public files of security interests in real and personal property shall, consistent with such office's applicable procedures, record this Order upon the request of the Receiver or the SEC.

22. The Receiver is authorized to instruct the United States Postmaster to hold and/or reroute mail which is related, directly or indirectly, to the business, operations or activities of any of the Receivership Entities (the "Receiver's Mail"), including all mail addressed to, or for the benefit of, the Receivership Entities. The Postmaster shall not comply with, and shall immediately report to the Receiver, any change of address or other instruction given by anyone other than the Receiver concerning the Receiver's Mail. The foregoing instructions shall apply to any proprietor, whether individual or entity, of any private mail box, depository, business or service, or mail courier or delivery service, hired, rented, or used by the Receivership Entities.

## VI. Injunction Against Interference with Receiver

23. All persons receiving notice of this Order by personal service, email, facsimile, or otherwise, are hereby restrained and enjoined from directly or indirectly taking any action or causing any action to be taken, without the express written agreement of the Receiver, which would:

    A.    Interfere with the Receiver's efforts to take control, possession, or management of any Receivership Property; such prohibited actions include but are not limited to, using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any Receivership Property;

    B.    Hinder, obstruct or otherwise interfere with the Receiver in the performance of his duties; such prohibited actions include but are not limited to, concealing, destroying, or altering records or information;

    C.    Dissipate or otherwise diminish the value of any Receivership Property; such prohibited actions include but are not limited to, releasing claims or disposing, transferring, exchanging, assigning, or in any way conveying any Receivership Property, enforcing judgments, assessments, or claims against any Receivership Property or any Receivership Entity, attempting to modify, cancel, terminate, call, extinguish, revoke, or accelerate (the due date of) any lease, loan, mortgage, indebtedness, security agreement, or other agreement executed by any Receivership Entity or which otherwise affects any Receivership Property; or

    D.    Interfere with or harass the Receiver, or interfere in any manner with the exclusive jurisdiction of this Court over the Receivership Estates.

24.    The Receivership Entities shall cooperate with and assist the Receiver in the performance of his duties.

25.    The Receiver shall promptly notify the Court and SEC counsel of any failure or apparent failure of any person or entity to comply in any way with the terms of this Order.

## VII. Stay of Litigation

26.    As set forth in detail below, the following proceedings, excluding the instant proceeding and all police or regulatory actions and actions of the SEC related to the above-captioned enforcement action, are stayed until further Order of this Court: All civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure

actions, default proceedings, or other actions of any nature involving: (a) the Receiver, in his capacity as Receiver; (b) any Receivership Property, wherever located; (c) any of the Receivership Entities, including subsidiaries and partnerships; or (d) any of the Receivership Entities' past or present officers, directors, managing members, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise (such proceedings are hereinafter referred to as "Ancillary Proceedings").

27. The parties to any and all Ancillary Proceedings are enjoined from commencing or continuing any such legal proceeding, or from taking any action in connection with any such proceeding, including, but not limited to, the issuance or employment of process.

28. All Ancillary Proceedings are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court.

## VIII. Managing Assets

29. For each of the Receivership Estates, where appropriate and necessary in the judgment of the Receiver, the Receiver may establish one or more custodial accounts at a federally insured bank to receive and hold all cash equivalent Receivership Property (the "Receivership Funds").

30. The Receiver may, without further Order of this Court, transfer, compromise, or otherwise dispose of any Receivership Property, other than real estate, in the ordinary course of business, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such Receivership Property.

31. Subject to Paragraph 32, immediately below, the Receiver is authorized to locate, list for sale or lease, engage a broker for sale or lease, cause the sale or lease, and take all necessary and reasonable actions to cause the sale or lease of all real property in the Receivership Estates, either at public or private sale, on terms and in the manner the Receiver deems most beneficial to the Receivership Estates, and with due regard to the realization of the true and proper value of such real property.

32. Upon further Order of this Court, pursuant to such procedures as may be required by this Court and additional authority such as 28 U.S.C. §§ 2001 and 2004, the Receiver will be authorized to sell, and transfer clear title to, all real property in the Receivership Estates.

33. The Receiver is authorized to take all actions to manage, maintain, and/or wind-down business operations of the Receivership Estates, including making legally required payments to creditors, employees, and agents of the Receivership Estates and communicating with vendors, investors, governmental and regulatory authorities, and others, as appropriate.

## IX. Investigate and Prosecute Claims

34. Subject to the requirement in Paragraph 35 immediately below that leave of this Court is required to resume or commence certain litigation, the Receiver is authorized, empowered, and directed to investigate, prosecute, defend, intervene in or otherwise participate in, compromise, and/or adjust actions in any state, federal, or foreign court or proceeding of any kind as may in his discretion, and in consultation with SEC counsel, be advisable or proper to recover and/or conserve Receivership Property.

35. Subject to his obligation to expend receivership funds in a reasonable and cost-effective manner, the Receiver is authorized, empowered, and directed to investigate the manner in which the financial and business affairs of the Receivership Entities were conducted and (after notice to the SEC and obtaining leave of this Court) to institute such actions and legal proceedings, for the benefit and on behalf of the Receivership Estates, as the Receiver deems necessary and appropriate. The Receiver may seek, among other legal and equitable relief, the imposition of constructive trusts, disgorgement of profits, asset turnover, avoidance of fraudulent transfers, rescission and restitution, collection of debts, and such other relief from this Court as may be necessary to enforce this Order.

36. The Receiver hereby holds, and is therefore empowered to waive, all privileges, including the attorney-client privilege, held by all entity Receivership Entities.

37. The Receiver has a continuing duty to ensure that there are no conflicts of interest between the Receiver, his Retained Personnel (as that term is defined below), and the Receivership Estates.

## X. Bankruptcy Filing

38. The Receiver may seek authorization of this Court to file voluntary petitions for relief under Title 11 of the United States Code (the "Bankruptcy Code") for the Receivership Entities. If a Receivership Entity is placed in bankruptcy proceedings, the Receiver may become, and may be empowered to operate each of the Receivership Estates as, a debtor in possession. In such a situation, the Receiver shall have all of the powers and duties as provided a debtor in possession under the Bankruptcy Code to the exclusion of any other person or entity. Pursuant to Paragraph 4 above, the Receiver is vested with management authority for all Receivership Entities and may therefore file and manage a Chapter 11 petition.

39. Consistent with the provisions of Section VII above, any person or entity, other than the Receiver, is barred from placing any of the Receivership Entities in bankruptcy proceedings.

## XI. Liability of Receiver

40. Until further Order of this Court, the Receiver shall not be required to post bond or give an undertaking of any type in connection with his fiduciary obligations in this matter.

41. The Receiver and his agents, acting within the scope of such agency ("Retained Personnel"), are entitled to rely on all outstanding rules of law and Orders of this Court and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or decree. In no event shall the Receiver or Retained Personnel be liable to anyone for their good faith compliance with their duties and responsibilities as Receiver or Retained Personnel, nor shall the Receiver or Retained Personnel be liable to anyone for any actions taken or omitted by them except upon a finding by this Court that they acted or failed to act as a result of malfeasance, bad faith, gross negligence, or in reckless disregard of their duties.

42. This Court shall retain jurisdiction over any action filed against the Receiver or Retained Personnel based upon acts or omissions committed in their representative capacities.

43. In the event the Receiver decides to resign, the Receiver shall first give written notice to the Court, and to the SEC's counsel of record, of his intention, and the resignation shall not be

effective until the Court appoints a successor.  The Receiver shall then follow such instructions as the Court may provide.

## XII. Recommendations and Reports

44. The Receiver is authorized, empowered, and directed to develop a plan for the fair, reasonable, and efficient recovery and liquidation of all Recoverable Assets and other Receivership Property (the "Liquidation Plan").

45. Within thirty (30) days of the entry of this Order, the Receiver shall file a status report with the Court.  The status report shall include a summary of receivership activities to date and a proposed deadline by which the Receiver will submit the Liquidation Plan.  The Receiver's fees, including all fees and costs for the Receiver and all Retained Personnel, shall not exceed $125,000 during the initial thirty (30) days of the receivership.  Further fee limitations, if any, will be set by the Court.

46. Within thirty (30) days after the end of each calendar quarter, beginning on April 30, 2021, the Receiver shall file and serve a full report and accounting of the Receivership Estates (the "Quarterly Status Report"), reflecting (to the best of the Receiver's knowledge as of the period covered by the report) the existence, value, and location of all Receivership Property, and of the extent of liabilities, both those claimed to exist by others and those the Receiver believes to be legal obligations of the Receivership Estates.

47. The Quarterly Status Report shall contain the following:

A. A summary of the operations of the Receiver;

B. The amount of cash on hand, the amount and nature of accrued administrative expenses, and the amount of unencumbered funds in the estate;

C. A schedule of all the Receiver's receipts and disbursements, with one column for the quarterly period covered and a second column for the entire duration of the receivership;

D. A description of all known Receivership Property, including approximate or actual valuations;

  E. A description of liquidated and unliquidated claims held by the Receivership Estates, including the need for forensic and/or investigatory resources; approximate valuations of claims; and anticipated or proposed methods of enforcing such claims (including likelihood of success in: (i) reducing the claims to judgment; and (ii) collecting such judgments);

  F. A list of all known creditors with their addresses and the amounts of their claims;

  G. The status of any litigation brought by the Receivership Estates and of any Creditor Claims Proceedings, after such proceedings have been commenced; and

  H. The Receiver's recommendations for a continuation or discontinuation of the receivership and the reasons for the recommendations.

  48. On the request of the SEC's counsel, the Receiver shall provide counsel with any documentation necessary to meet its reporting requirements, that is mandated by statute or Congress, or that is otherwise necessary to further the SEC's mission.

## XIII. Fees, Expenses and Accountings

  49. Subject to Paragraphs 50 to 56 immediately below, the Receiver need not obtain Court approval prior to the disbursement of Receivership Funds for expenses in the ordinary course of the administration and operation of the receivership. Further, prior Court approval is not required for payments of applicable federal, state, or local taxes.

  50. Subject to Paragraph 51 immediately below, the Receiver is authorized to solicit Retained Personnel to assist him in carrying out the duties and responsibilities described in this Order. The Receiver shall not engage any Retained Personnel without first obtaining an Order of the Court authorizing such engagement.

  51. The Receiver and Retained Personnel are entitled to reasonable compensation and expense reimbursement from the Receivership Estates as described in the "Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission" (the "Billing Instructions") agreed to by the Receiver. Such compensation shall require the prior approval of the Court.

52.     Within forty-five (45) days after the end of each calendar quarter, the Receiver and Retained Personnel shall apply to the Court for compensation and expense reimbursement from the Receivership Estates (the "Quarterly Fee Applications").  At least thirty (30) days prior to filing each Quarterly Fee Application with the Court, the Receiver will serve upon counsel for the SEC a complete copy of the proposed Application, together with all exhibits and relevant billing information in a format to be provided by SEC staff.

53.     All Quarterly Fee Applications will be interim and will be subject to cost benefit and final reviews at the close of the receivership.  At the close of the receivership, the Receiver will file a final fee application, describing in detail the costs and benefits associated with all litigation and other actions pursued by the Receiver during the course of the receivership.

54.     Quarterly Fee Applications may be subject to a holdback in the amount of 20% of the amount of fees and expenses for each application filed with the Court.  The total amounts held back during the course of the receivership will be paid out at the discretion of the Court as part of the final fee application submitted at the close of the receivership.

55.     Each Quarterly Fee Application shall:

A.     Comply with the terms of the Billing Instructions agreed to by the Receiver; and,

B.     Contain representations (in addition to the Certification required by the Billing Instructions) that: (i) the fees and expenses included therein were incurred in the best interests of the Receivership Estates; and (ii) with the exception of the Billing Instructions, the Receiver has not entered into any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership Estates, or any sharing thereof.

56.     At the close of the receivership, the Receiver shall submit a Final Accounting, in a format to be provided by SEC staff, as well as the Receiver's final application for compensation and expense reimbursement.

IT IS SO ORDERED.

_____
HON. LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE