**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>     Plaintiff,<br><br>  vs.<br><br>STEFAN QIN, VIRGIL TECHNOLOGIES LLC, MONTGOMERY TECHNOLOGIES LLC, VIRGIL QUANTITATIVE RESEARCH, LLC, VIRGIL CAPITAL LLC, and VQR PARTNERS LLC,<br><br>     Defendants. | Case No.: 20-cv-10849 (LGS) |

**MEMORANDUM OF LAW IN SUPPORT OF RECEIVER'S MOTION FOR AN ORDER APPROVING THE RETENTION OF NELSONS ATTORNEYS-AT-LAW, LTD**

               **BAKER & HOSTETLER LLP**
               45 Rockefeller Plaza
               New York, New York 10111
               Telephone: (212) 589-4200
               Facsimile: (212) 589-4201

               *Attorneys for Receiver Robert A. Musiala, Jr.*

Robert A. Musiala Jr., as Court-appointed Receiver in the above-captioned action, by and through his undersigned counsel, respectfully submits this memorandum of law in support of the Receiver's Motion for an Order Approving the Retention of Nelsons Attorneys-at-Law, Ltd (the "Motion") as special counsel.  The Declaration of Bari R. Nadworny is submitted in support of the Motion ("Nadworny Decl.").

## BACKGROUND AND PROCEDURAL HISTORY

On December 22, 2020, the Securities and Exchange Commission ("SEC") filed a complaint in the United States District Court for the Southern District of New York against Stefan Qin, Virgil Technologies LLC, Montgomery Technologies LLC, Virgil Quantitative Research, LLC, Virgil Capital LLC, and VQR Partners LLC (collectively, the "Defendants"). The complaint alleges, *inter alia*, that Defendant Stefan Qin engaged in a deceptive course of conduct, using materially false and misleading statements to investors and others, causing serious harm and the threat of further harm to two funds he controls, the Virgil Sigma Fund LP (the "Sigma Fund") and the VQR Multistrategy Fund LP (the "VQR Fund").  The complaint further alleges that Defendant Qin, using his control and ownership of five entities, Virgil Technologies LLC, Montgomery Technologies LLC, Virgil Quantitative Research, LLC, Virgil Capital LLC, and VQR Partners LLC (collectively, the "Entity Defendants"), perpetrated a scheme to lure investors into the two Funds, which are marketed as using algorithmic trading strategies involving cryptocurrencies, using false promises and assurances.  By engaging in the alleged conduct, Defendant Qin and the Entity Defendants are alleged to have violated the antifraud provisions of the Securities Act of 1933 and the Securities Exchange Act of 1934.  The Entity Defendants are also alleged to have aided and abetted Defendant Qin's violations of the same provisions.

On January 21, 2021, upon stipulation of the parties, the Court entered an order (the "Receiver Order") which, *inter alia*, appointed the Receiver for the purposes of marshaling and preserving all assets of the Entity Defendants that: "(a) are attributable to funds derived from investors, including without limitation any assets associated with either Virgil Sigma Fund, LP or VQR Multistrategy Fund LP; (b) are held in constructive trust for the Entity Defendants; (c) were fraudulently transferred by the Entity Defendants, or by any of their owned or controlled subsidiaries, or by any person acting on behalf of, or who controlled any of, the Entity Defendants; and/or (d) may otherwise be includable as assets of the estates of the Entity Defendants (collectively, the "Recoverable Assets")."[1]

The Receiver Order empowers the Receiver:

    A. To use reasonable efforts to determine the nature, location, and value of all property interests of the Receivership Entities and all other Recoverable Assets, including, but not limited to, monies, funds, securities, digital assets, credits, effects, goods, chattels, lands, premises, leases, claims, rights, and other assets, together with all rents, profits, dividends, interest, or other income attributable thereto, of whatever kind, which the Receivership Entities own, possess, have a beneficial interest in, or control directly or indirectly ("Receivership Property" or, collectively, the "Receivership Estates");

    B. To take custody, control, and possession of all Receivership Property and records relevant thereto from the Receivership Entities; to sue for and collect, recover, receive, and take into possession from third parties all Receivership Property and records relevant thereto;

    C. To manage, control, operate, and maintain the Receivership Estates and hold in his possession, custody, and control all Receivership Property, pending further Order of this Court;

    D. To use Receivership Property for the benefit of the Receivership Estates, making payments and disbursements and incurring expenses as may be necessary or advisable in the ordinary course of business in discharging his duties as Receiver;

---

[1] Order Appointing Receiver, *United States Securities and Exchange Commission vs. Stefan Qin, et al.*, No. 20-cv-10849 (LGS) (S.D.N.Y. Jan. 21, 2021), ECF No. 31.

> E. To take any action which, prior to the entry of this Order, could have been taken by the officers, directors, partners, managers, managing members, trustees, and agents of the Receivership Entities;
>
> F. To engage and employ persons in his discretion to assist him in carrying out his duties and responsibilities hereunder, including, but not limited to, accountants, attorneys, securities traders, registered representatives, financial or business advisers, liquidating agents, real estate agents, forensic experts, investigators, technology vendors, brokers, traders, or auctioneers;
>
> G. To take such action as necessary and appropriate for the preservation of Receivership Property or to prevent the dissipation or concealment of Receivership Property;
>
> H. To issue subpoenas for documents and testimony consistent with the Federal Rules of Civil Procedure, concerning any subject matter within the powers and duties granted by this Order;
>
> I. To bring such legal actions based on law or equity in any state, federal, or foreign court as the Receiver deems necessary or appropriate in discharging his duties as Receiver;
>
> J. To pursue, resist, and defend all suits, actions, claims, and demands which may now be pending or which may be brought by or asserted against the Receivership Estates; and
>
> K. To take such other action as may be approved by this Court.[2]

The Receiver Order further authorizes and empowers the Receiver "to develop a plan for the fair, reasonable, and efficient recovery and liquidation of all Recoverable Assets and other Receivership Property" and directs the Receiver to file a status report with the Court within thirty days of the entry of the Receiver Order.[3] Within thirty days after the end of each calendar quarter, beginning on April 30, 2021, the Receiver must also file "a full report and accounting of the Receivership Estates (the "Quarterly Status Report"), reflecting (to the best of the Receiver's knowledge as of the period covered by the report) the existence, value, and location of all Receivership Property, and of the extent of liabilities, both those claimed to exist by others and

---

[2] *Id.* ¶ 7.
[3] *Id.* ¶¶ 44-45.

those the Receiver believes to be legal obligations of the Receivership Estates."[4] The Receiver Order authorizes the Receiver, after first obtaining an Order of the Court, to solicit Retained Personnel to assist him in carrying out the duties and responsibilities described in the Receiver Order.[5]

On January 26, 2021, an investor filed petitions in the Cayman Islands to wind up the Sigma Fund and the VQR Fund. The petitions are attached as Exhibits A and B, respectively, to the Nadworny Decl. The petitions seek to appoint Joint Liquidators to manage the liquidation of both funds which would include marshalling assets, pursing claims, and ultimately making distributions to creditors of the funds.

## ARGUMENT

The Receiver has determined that it will be necessary to engage special counsel in the Cayman Islands to assist him in the discharge of his duties under the Receiver Order and to avoid competing claims to scarce assets. The Receiver, therefore, proposes to retain and employ the firm of Nelsons Attorneys-at-Law, Ltd ("Nelsons") as his counsel to assist in, *inter alia*, recognition of the Receiver Order in the Cayman Islands, representing the Receivership in connection with the winding up petitions pending before the Grand Cayman Court of the Cayman Islands, preserving and managing the assets of the Receivership Estates, and any related matters as directed by the Receiver. The Receiver respectfully requests that this Motion be considered on an expedited basis because expedient retention of special counsel in this matter will enable him to discharge his duties in a timely fashion in accordance with the Receiver Order and maximize asset recovery, which will ultimately be returned to injured investors. Currently,

---

[4] *Id.* ¶ 46.
[5] *Id.* ¶ 51.

the winding up petitions are scheduled for a hearing on March 3, 2021.  The SEC has consented to the relief requested herein.

The Receiver seeks to retain Nelsons because of its knowledge and expertise in Cayman Islands law with special expertise in insolvency and restructuring.  As set forth above, the services of Nelsons are necessary and essential to enable the Receiver to execute faithfully his duties under the Receiver Order and maximize asset recovery.

Nelsons has indicated a willingness to act on the Receiver's behalf to render the foregoing professional services.  The Receiver submits that Nelson's provision of professional services to the Receiver is permissible under the Receiver Order and is in the best interest of the Receivership Estates.  To the best of the Receiver's knowledge, no conflict of interest exists between the Receiver, Nelsons, and the Receivership Estates.  To the best of the Receiver's knowledge, Nelsons and its principals and  employees: (a) do not hold or represent any interest adverse to the Receiver, the Defendants, their creditors, or the Receivership Estates; (b) have no connection with the Defendants, their creditors, any other party in interest, their respective attorneys and accounts, the SEC, or any judge in the Southern District of New York; (c) are disinterested persons as that term is defined in 11 U.S.C. § 101(14) and used in 11 U.S.C. § 327(a); and (d) hold no pre-receivership claims against the Receivership Estates.

Nelsons proposes to be compensated at the discounted rates listed below.  Nelsons agreed to the proposed discounted rates in light of the public benefit nature of the proceedings.  Applications for compensation to Nelsons will be filed with this Court pursuant to the Receiver Order, the "Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission," and all applicable statutes and rules.  A summary of Nelson's rate information for the duration of the receivership is set forth below.

| Title | Discounted Rates |
|---|---|
| Partner | $675 |
| Other Attorneys | $600 |
| Paralegal | $250 |

## CONCLUSION

The Receiver respectfully requests that the Court enter an order: (a) granting this Motion, *nunc pro tunc* if granted after February 17, 2021; (b) authorizing the Receiver to employ Nelsons for the purposes described herein; and (c) granting the Receiver such other and further relief as is just and proper.

Dated: February 16, 2021
      New York, New York

/s/ *Bari R. Nadworny*
BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, NY 10111-0100
Tel.: (212) 589-4200
Facsimile: (212) 589-4201
Marco Molina
mmolina@bakerlaw.com
Bari R. Nadworny
bnadworny@bakerlaw.com

*Attorneys for Receiver Robert A. Musiala, Jr.*