**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | Case No.: 20-cv-10849 (LGS) |
| vs. | |
| STEFAN QIN, VIRGIL TECHNOLOGIES LLC, MONTGOMERY TECHNOLOGIES LLC, VIRGIL QUANTITATIVE RESEARCH, LLC, VIRGIL CAPITAL LLC, and VQR PARTNERS LLC, | |
| Defendants. | |

**STIPULATION AND [PROPOSED] ORDER GOVERNING THE**
**PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION**

**WHEREAS**, the parties (the "Parties," each a "Party") to the above-captioned action (the "Litigation") are engaged in discovery proceedings; and

**WHEREAS**, these discovery proceedings will necessarily involve the production of certain information that is confidential, including, but not limited to, personal identifiable information, financial information, and other sensitive and proprietary information; and

**WHEREAS**, the Parties believe that a protective order is necessary to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

**IT IS HEREBY STIPULATED AND AGREED**, by the Parties hereto, through their undersigned counsel, subject to the approval of the Court, pursuant to Federal Rule of Civil Procedure 26(c), that this Stipulation and Order Governing the Production and Exchange of Confidential Information (the "Stipulation and Order") will govern the handling of documents, deposition testimony, deposition exhibits, deposition transcripts, written discovery requests,

interrogatory responses, responses to requests to admit, responses to requests for documents, and any other information or material produced, given, or exchanged, including any information contained therein or derived therefrom ("Discovery Material") by or among any Party or non-Party providing Discovery Material (each a "Producing Party") in this Litigation.

1.      Any Producing Party may designate any Discovery Material as "Confidential" under the terms of this Stipulation and Order if such party reasonably believes that such Discovery Material constitutes or includes trade secret or other confidential research, development, or commercial information, personal identifying information, personal financial information, or other information the disclosure of which would breach a legal or contractual obligation ("Confidential Discovery Material").   All designations of material as Confidential Discovery Materials shall be made in good faith and not for the purpose of obstructing the effective and efficient administration of justice.

2.      Information prepared or derived by utilizing Confidential Discovery Material produced or exchanged under this Stipulation and Order shall also be considered Confidential Discovery Material, as appropriate.

3.      Discovery Material, or any information derived therefrom, shall be used solely for purposes of this Litigation and shall not be used for any other purpose including any other proceeding; provided, however, that the foregoing shall not apply to Discovery Material that is or becomes part of the public record without violation of this Stipulation and Order.

4.      The Producing Party shall designate Discovery Material as Confidential Discovery Material in the following manner:

A.      In the case of documents or other tangible Discovery Materials (apart from depositions or other pre-trial testimony):  (i) by affixing the legend "CONFIDENTIAL –

SUBJECT TO PROTECTIVE ORDER" to each page containing any Confidential

Discovery Material, except that in the case of multi-page documents bound together by

staple or other permanent binding, the words "CONFIDENTIAL – SUBJECT TO

PROTECTIVE ORDER" need only be stamped on the first page of the document for the

entire document to be treated as Confidential Discovery Material; or (ii) in the case of

electronically stored information produced in native format, by including

"CONFIDENTIAL" in the file or directory name, in a metadata field of a database load

file, or by affixing the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE

ORDER" to the media containing the Discovery Material.

B.     In the case of depositions or other pre-trial testimony:  (i) by a statement

on the record, by counsel, at the time of such disclosure or before the conclusion of the

deposition or testimony that certain information or testimony is Confidential Discovery

Material; or (ii) by written notice, sent to by counsel to all Parties within thirty (30) days

of the receipt of the final transcript, stating that the entire deposition transcript or

testimony, or portions thereof, is Confidential Discovery Material.  All depositions or

other pretrial testimony will be deemed to be Confidential Discovery Material until the

expiration of the thirtieth day after counsel receive a copy of the final transcript thereof,

after which time such deposition and other pretrial testimony will be treated in

accordance with its confidentiality designation, if any.  Only those portions of the

transcripts or testimony designated as Confidential Discovery Material shall be deemed

Confidential Discovery Material.  The Parties may modify this procedure for any

particular deposition or other pre-trial testimony, through an agreement on the record at

such deposition or testimony, without further order of the Court.

C.      In the case of any other Discovery Material, by written notice that the Discovery Material constitutes Confidential Discovery Material.

5.      Inadvertent failure to designate Discovery Material as Confidential Discovery Material shall not constitute a waiver of the right to assert its confidentiality and may be corrected.  A Producing Party may designate as Confidential any Discovery Material that has already been produced, including Discovery Material that the Producing Party inadvertently failed to designate as Confidential, (i) by notifying in writing the Party to whom the production has been made that the Discovery Material constitutes Confidential Discovery Material, or (ii) in a manner consistent with Paragraph 4.  Upon receiving such notice, the Parties shall thereafter mark and treat the Discovery Material so designated as Confidential Discovery Material from the date of such notice forward.  The Party receiving such notice shall make a reasonable, good-faith effort to ensure that any analyses, memoranda, notes, information, or other such materials generated based upon or otherwise derived from such newly designated information are immediately treated as containing Confidential Discovery Material.  In addition, upon receiving such written notice, any receiving Party that disclosed the Discovery Material prior to its designation as "Confidential" shall exercise its best efforts (i) to ensure the return or destruction of such Discovery Material in the possession of any persons not authorized to receive such material under this Stipulation and Order, (ii) to ensure that any documents or other materials derived from such Discovery Material are treated as if the Discovery Material had been designated as "Confidential" when originally produced, (iii) to ensure that such Discovery Material is not further disclosed except in accordance with the terms of this Stipulation and Order, and (iv) to ensure that any such Discovery Material, and any information derived therefrom, is used solely for the purposes described in Paragraph 3 of this Stipulation and Order.

6.      Confidential Discovery Material may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

A.      The Parties;

B.      Counsel who represent the Parties in this Litigation and the related criminal case, *United States v. Stefan He Qin*, 21 Cr. 72 (VEC), and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying services and outside litigation support services) to whom such disclosure is reasonably deemed necessary by such counsel for the conduct of this Litigation in accordance with this Stipulation and Order;

C.      Subject to Paragraph 9, experts or consultants retained by or associated with any Party or its counsel to assist in the conduct of this litigation, and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including outside copying services and outside support services) to whom such disclosure is reasonably deemed necessary by such counsel for the conduct of this Litigation;

D.      Subject to Paragraph 10, witnesses or deponents, and their counsel, only to the extent necessary to conduct or prepare for depositions or testimony in the Litigation, except that such a person may only be shown the Confidential Discovery Material during and in preparation for his/her testimony and may not retain the Confidential Discovery Material;

E.      Any person indicated on the face of a document or accompanying covering letter, email, or other communication to be the author, addressee, or an actual or

intended recipient of the document, or, in the case of meeting minutes, an attendee of the meeting, but only to the extent that such disclosure is reasonably deemed necessary for the conduct of this litigation, and provided that such persons may not retain any Confidential Discovery Material;

   F. The Court, Court personnel, Clerk of the Court and court reporters and/or videotape operators transcribing or recording any hearing, trial, or deposition in this Litigation or any appeal therefrom;

   G. Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written Stipulation and Order of, or statement on the record by, the Producing Party; and

   H. The Securities and Exchange Commission ("SEC") is not prohibited from, and may use, the Confidential Discovery Material consistent with the "Routine Uses of Information" set forth in SEC Form 1662 (a copy of which is attached hereto as Exhibit A).

   7. During the pendency of this Litigation, any Party objecting to the designation of any Discovery Material or testimony as Confidential Discovery Material may, after making a good faith effort to resolve any such objection, move on reasonable notice for an order vacating the designation.  While such an application is pending, the Discovery Material or testimony in question shall be treated as Confidential Discovery Material pursuant to this Stipulation and Order.  The Receiving Party may file the Confidential Discovery Materials in question under seal for the Court's *in camera* inspection subject to the governing provisions in the Federal Rules of Civil Procedure and the Court's Individual Rules and Procedures for Civil Cases.  In connection

with any such motion, the ~~Producing Party shall have the burden of demonstrating that any~~ party with an interest in sealing bears the burden of persuasion per the Individual Rules.

~~Discovery Material validly constitutes Confidential Discovery Material.~~

8.      To the extent that testimony is sought concerning Confidential Discovery Material during any deposition or in any other pre-trial venue, any Party may exclude any person from the deposition or other venue during such testimony if the Confidential Discovery Material may not be disclosed to such person under the terms of this Stipulation and Order.  However, nothing in this paragraph shall be interpreted to limit pre-trial testimony in front of this Court as provided for in Paragraph 19.

9.      Notwithstanding Paragraph 6(C) above, Confidential Discovery Material may be provided to persons listed therein only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the Litigation, provided that such expert or consultant is using said Discovery Material solely in connection with the Litigation.

10.      Notwithstanding Paragraph 6(D) above, Confidential Discovery Material may be provided to persons listed therein only after (i) they confirm their understanding and agreement to abide by the terms of this Stipulation and Order by making such a statement on the record, or (ii) a court of competent jurisdiction orders them to abide by the terms of the Stipulation and Order.  Counsel for the Party showing Confidential Discovery Material to any person required to execute an undertaking pursuant to this paragraph shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof.

11.      Every person to whom Discovery Material is disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, shall be advised that the information is being disclosed pursuant and subject to the terms of this

Stipulation and Order and may not be disclosed or used for purposes other than those permitted

hereunder.  Each such person shall maintain the Discovery Material, or information derived

therefrom, in a manner reasonably calculated to prevent unauthorized disclosure.  Any Party

issuing a subpoena to a non-Party shall enclose a copy of this Stipulation and Order and notify

the non-Party that the protections of this Stipulation and Order are available to such non-Party.

The Parties agree that the production of any Discovery Material by any non-Party shall be

subject to and governed by the terms of this Order.

12.    The Parties reserve the right to apply, pursuant to Federal Rule of Civil Procedure

26(c), upon short notice, for an order seeking additional safeguards with respect to the use and

handling of Discovery Material or to modify the terms of this Stipulation and Order.

13.    Entering into this Stipulation and Order, or agreeing to and/or producing or

receiving Discovery Material or otherwise complying with the terms of this Stipulation and

Order, shall not:

A.    Prejudice in any way the rights of any Party to (i) seek production of

documents or information it considers subject to discovery, or (ii) object to the

production of documents or information it considers not subject to discovery;

B.    Prejudice in any way the rights of any Party to object to the authenticity or

admissibility into evidence of any Discovery Material;

C.    Operate as an admission by any Party that any particular Discovery

Material constitutes Confidential Discovery Material or contains or reflects trade secrets

or any other type of confidential information;

D.    Prejudice in any way the rights of any Party to (i) petition the Court for a

further protective order relating to any purportedly Confidential Discovery Material, or

(ii) seek a determination by the Court whether any Discovery Material or Confidential Discovery Material should be subject to the terms of this Stipulation and Order;

E.      Prevent any Party from agreeing in writing to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material;

F.      Prejudice in any way the rights of any Party to object to the relevance, authenticity, use, or admissibility into evidence of any document, testimony, or other evidence subject to this Stipulation and Order;

G.      Preclude any Party from objecting to discovery that it believes to be otherwise improper; or

H.      Operate as a waiver of any attorney-client, work product, business strategy, trade secret, or other privilege, protection or immunity.

14.     This Stipulation and Order has no effect upon, and shall not apply to, a Producing Party's use or disclosure of its own Discovery Material for any purpose.  Nothing herein shall: (i) prevent a Producing Party from disclosing its own Discovery Material; or (ii) impose any restrictions on the use or disclosure by any Party of documents, materials, or information designated as Confidential Discovery Material that have been obtained lawfully by such Party independently of the discovery proceedings in the Litigation, and not otherwise subject to confidentiality restrictions.

15.     If Discovery Material that is subject to a claim of attorney-client privilege, attorney work product, or any other applicable privilege or immunity or ground on which production of that information should not be made to any Party is inadvertently produced to that Party or Parties ("Inadvertent Production Material"), such inadvertent production shall not be deemed a waiver or impairment of any claim of privilege or protection, including but not limited

to the attorney-client privilege or work-product doctrine.  Within a reasonable amount of time after discovering an inadvertent production of privileged material, the disclosing party must notify the opposing party, in writing, of the inadvertent production, and no party to this action shall thereafter assert that such inadvertent production waived any privilege or protection.

A.    If a claim of inadvertent production is made pursuant to this Stipulation and Order, with respect to Discovery Material then in the custody of another Party, the Party possessing the Inadvertent Production Material shall:  (i) refrain from any further examination or disclosure of the claimed Inadvertent Production Material; (ii) promptly return the claimed Inadvertent Production Material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party, or, at the direction of the Producing Party, destroy all such claimed Inadvertent Production Material (including summaries and excerpts) and all copies thereof, and certify in writing to that fact; and (iii) not use the Inadvertent Production Material for any purpose unless authorized by further order of the Court.  Any analyses, memoranda or notes that were internally generated based upon such Inadvertent Production Material shall immediately be treated in conformance with the protected nature of the information.

B.    A Party may move the Court for an order compelling production of the claimed Inadvertent Production Material; however, while such motion is pending, the Discovery Material in question shall be treated as Inadvertent Production Material, and such motion may not assert as a ground for entering such an order the fact or circumstance of the inadvertent production, nor shall such motion include or otherwise disclose, as an attachment, exhibit, or otherwise, the Inadvertent Production Material (or any portion thereof) that is the subject of such motion.

16.     Nothing herein shall be deemed to waive any applicable common law or statutory privilege or immunity or work product protection.

17.     In the event that additional Parties join or are joined in the Litigation, they shall not have access to Discovery Material until each newly joined Party by its counsel has executed and filed with the Court its agreement to be fully bound by this Stipulation and Order.

18.     It is the present intention of the Parties that the provisions of this Stipulation and Order will govern discovery in the Litigation.  The Parties agree to be bound by the terms of this Stipulation and Order pending the entry of this Stipulation and Order, or an alternative thereto that is satisfactory to all Parties, by the Court.  Any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation and Order had been entered by the Court.

19.     In the event that any Confidential Discovery Material is disclosed in or contained within any document that any Party intends to file publicly in this Litigation, that Party shall notify the Producing Party three (3) business days in advance of any such filing to afford it an opportunity to move for a protective order.  If the Producing Party does not move for a protective order within three (3) business days of receiving notice under this paragraph, then the Producing Party shall be deemed to have waived the confidential designation for any such materials included in any public filing and these materials will no longer be deemed to be Confidential Discovery Material.  If it is not practical for the Party to provide three (3) business days' notice to the Producing Party prior to filing a document containing Confidential Discovery Material in this Litigation, the Party may file the document including the Confidential Discovery Material with the Court, provided that all Confidential Discovery Material in any publicly filed version of the document shall be redacted or filed under seal in accordance with the Federal Rules of Civil Procedure or the Court's Individual Rules and Procedures for Civil Cases.  The Party making the

filing may at any time elect to publicly file a redacted version of the filing from which all

Confidential Discovery Material has been redacted, subject to the Federal Rules of Civil

Procedure or the Court's Individual Rules and Procedures for Civil Cases, in lieu of pursuing the

procedure set forth in this paragraph.

20.     In the event that any Confidential Discovery Material is used in open court during

any court proceeding or filed as a trial exhibit, the material shall lose its confidential status and

become part of the public record, unless the Producing Party applies for and obtains an order

from this Court specifically maintaining the confidential status of particular material.  Prior to

any court proceeding in which Confidential Discovery Material is to be used, counsel shall

confer in good faith on such procedures that may be necessary or advisable to protect the

confidentiality of any such Discovery Material.  In the event the Parties cannot reach an

agreement, the Party objecting to the use of the Confidential Discovery Material shall have the

opportunity to seek relief from the Court as provided in Paragraph 7 above.  In the event any

Confidential Discovery Material is to be used in any filing with the Court, the filing shall be

redacted or filed under seal in accordance with the Federal Rules of Civil Procedure or the

Court's Individual Rules and Procedures for Civil Cases.

21.     Even after the final disposition of this litigation, the confidential obligations

imposed by this Stipulation and Order shall remain in effect until the Producing Party agrees

otherwise in writing or a court order otherwise directs.  Within 45 days after receiving notice of

the entry of an order, judgment, or decree finally disposing of this Litigation, or any other

proceeding in which Confidential Discovery Material is permitted to be used, including the

exhaustion of all possible appeals, and upon the written request of the Producing Party, all

persons having received Confidential Discovery Material shall either (i) make a good-faith and

reasonable effort to return such material and all copies thereof (including summaries, excerpts, and derivative works) to counsel for the Producing Party; or (ii) make a good-faith and reasonable effort to destroy all such Confidential Discovery Material, and certify to that fact in writing to counsel for the Producing Party.  However, counsel for the Parties shall be entitled to retain court papers, deposition and trial transcripts, and litigation files (including attorney work product and discovery material containing Confidential Discovery Material), provided that such counsel, and employees of such counsel, shall maintain the confidentiality thereof and shall not disclose such court papers, depositions and trial transcripts, and litigation files (including attorney work product and discovery material containing Confidential Discovery Material) to any person except pursuant to a court order or agreement by the Producing Party or except as otherwise required by law.  All materials returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

22.     If any person in possession of Confidential Discovery Material (the "Receiving Party") receives a subpoena or other compulsory process seeking the production or other disclosure of Confidential Discovery Material produced or designated as "Confidential" by a Producing Party other than the Receiving Party (collectively, a "Demand"), the Receiving Party shall give written notice (by hand, email, or facsimile transmission) to counsel for the Producing Party within five (5) business days of receipt of such Demand (or if a response to the Demand is due in less than five business days, at least 48 hours prior to the deadline for a response to the Demand), identifying the Confidential Discovery Material sought and enclosing a copy of the Demand, and must object to the production of the Confidential Discovery Material on the grounds of the existence of this Stipulation and Order.  The burden of opposing the enforcement of the Demand will fall on the Producing Party.  Nothing herein shall be construed as requiring

the Receiving Party or anyone else covered by this Stipulation and Order to challenge or appeal any order requiring production of Confidential Discovery Material covered by this Stipulation and Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court or any other court.  Compliance by the Receiving Party with any order directing production pursuant to a Demand of any Confidential Discovery Material will not constitute a violation of this Stipulation and Order.

23.    No Receiving Party shall reveal any Confidential Discovery Material, or the information contained therein, to anyone not entitled to receive such Confidential Discovery Material under the terms of this Stipulation and Order.  In the event that Confidential Discovery Material is disclosed to any person other than in the manner authorized by this Stipulation and Order, or that any information comes to the Receiving Party's attention that may indicate there was or is likely to be a loss of confidentiality of any Confidential Discovery Material, the Receiving Party responsible for the disclosure or loss of confidentiality shall immediately inform the Producing Party of all pertinent facts relating to the disclosure or loss of confidentiality, including, if known, the name, address, and employer of each person to whom the disclosure was made.  Without prejudice to the rights and remedies of the Producing Party, the Receiving Party responsible for the disclosure or loss of confidentiality shall also make reasonable efforts to retrieve the improperly disclosed Confidential Discovery Material and to prevent further unauthorized disclosure on its own part and further unauthorized use and disclosure of Confidential Discovery Material by each unauthorized person who receives the information.

24.    This Stipulation and Order may be executed by facsimile or conformed signature and may be executed in one or more counterparts, each of which shall be deemed an original, but all or which together shall constitute but one agreement.

25.    The parties are advised that the Court retains discretion as to whether to afford confidential treatment to redacted information in Orders and Opinions.

14

By: _____

Marco Molina
BakerHostetler LLP
45 Rockefeller Plaza, 11th Floor
New York, NY 10111
Email: mmolina@bakerlaw.com
Tel: (212) 589-4231

Date: __Feb. 22__, 2021

*Attorneys for Receiver Robert A. Musiala, Jr., Esq.*

By: Reid, Fitzann R. <small>Digitally signed by Reid, Fitzann R. Date: 2021.02.22 10:32:09 -08'00'</small>

Fitzann Reid
Securities and Exchange Commission
44 Montgomery St.
Suite 2800
San Francisco, CA 94104
Email: reidf@sec.gov
Tel: (415) 705-2458

Date: ___Feb 22___, 2021

*Attorney for Plaintiff Securities and Exchange Commission*

By: _____
Stefan Qin

Date: **19 Feb**, 2021

*Defendant Stefan Qin (pro se)*

_____
Lorna G. Schofield, U.S.D.J.
SO ORDERED

Dated:  February 23, 2021
        New York, New York

15

# Exhibit A

**SECURITIES AND EXCHANGE COMMISSION**
**Washington, D.C. 20549**

**Supplemental Information for Persons Requested to Supply**
**Information Voluntarily or Directed to Supply Information**
**Pursuant to a Commission Subpoena**

### A. False Statements and Documents

Section 1001 of Title 18 of the United States Code provides that fines and terms of imprisonment may be imposed upon:

> [W]hoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully--
> (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact;
> (2) makes any materially false, fictitious, or fraudulent statement or representation; or
> (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry.

Section 1519 of Title 18 of the United States Code provides that fines and terms of imprisonment may be imposed upon:

> Whoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States . . ., or in relation to or contemplation of any such matter.

### B. Testimony

If your testimony is taken, you should be aware of the following:

1. *Record*. Your testimony will be transcribed by a reporter. If you desire to go off the record, please indicate this to the Commission employee taking your testimony, who will determine whether to grant your request. The reporter will not go off the record at your, or your counsel's direction.

2. *Counsel*. You have the right to be accompanied, represented and advised by counsel of your choice. Your counsel may advise you before, during and after your testimony; question you briefly at the conclusion of your testimony to clarify any of the answers you give during testimony; and make summary notes during your testimony solely for your use. If you are accompanied by counsel, you may consult privately.

If you are not accompanied by counsel, please advise the Commission employee taking your testimony if, during the testimony, you desire to be accompanied, represented and advised by counsel. Your testimony will be adjourned once to afford you the opportunity to arrange to be so accompanied, represented or advised.

You may be represented by counsel who also represents other persons involved in the Commission's investigation. This multiple representation, however, presents a potential conflict of interest if one client's interests are or may be adverse to another's. If you are represented by counsel who also represents other persons involved in the investigation, the Commission will assume that you and counsel have discussed and resolved all issues concerning possible conflicts of interest. The choice of counsel, and the responsibility for that choice, is yours.

3. *Transcript Availability*. Rule 6 of the Commission's Rules Relating to Investigations, 17 CFR 203.6, states:

> A person who has submitted documentary evidence or testimony in a formal investigative proceeding shall be entitled, upon written request, to procure a copy of his documentary evidence or a transcript of his testimony on payment of the appropriate fees: *Provided, however*, That in a nonpublic formal investigative proceeding the Commission may for good cause deny such request. In any event, any witness, upon proper identification, shall have the right to inspect the official transcript of the witness' own testimony.

If you wish to purchase a copy of the transcript of your testimony, the reporter will provide you with a copy of the appropriate form. Persons requested to supply information voluntarily will be allowed the rights provided by this rule.

4. *Perjury*. Section 1621 of Title 18 of the United States Code provides that fines and terms of imprisonment may be imposed upon:

> Whoever--
>
> (1) having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify

SEC 1662 (08-16)

truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true; or

(2) in any declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true.

5.   *Fifth Amendment and Voluntary Testimony*. Information you give may be used against you in any federal, state, local or foreign administrative, civil or criminal proceeding brought by the Commission or any other agency.

You may refuse, in accordance with the rights guaranteed to you by the Fifth Amendment to the Constitution of the United States, to give any information that may tend to incriminate you.

If your testimony is not pursuant to subpoena, your appearance to testify is voluntary, you need not answer any question, and you may leave whenever you wish. Your cooperation is, however, appreciated.

6.   *Formal Order Availability*. If the Commission has issued a formal order of investigation, it will be shown to you during your testimony, at your request. If you desire a copy of the formal order, please make your request in writing.

## C.  Submissions and Settlements

Rule 5(c) of the Commission's Rules on Informal and Other Procedures, 17 CFR 202.5(c), states:

> Persons who become involved in . . . investigations may, on their own initiative, submit a written statement to the Commission setting forth their interests and position in regard to the subject matter of the investigation. Upon request, the staff, in its discretion, may advise such persons of the general nature of the investigation, including the indicated violations as they pertain to them, and the amount of time that may be available for preparing and submitting a statement prior to the presentation of a staff recommendation to the Commission for the commencement of an administrative or injunction proceeding. Submissions by interested persons should be forwarded to the appropriate Division Director or Regional Director with a copy to the staff members conducting the investigation and should be clearly referenced to the specific investigation to which they relate. In the event a recommendation for the commencement of an enforcement proceeding is presented by the staff, any submissions by interested persons will be forwarded to the Commission in conjunction with the staff memorandum.

The staff of the Commission routinely seeks to introduce submissions made pursuant to Rule 5(c) as evidence in Commission enforcement proceedings, when the staff deems appropriate.

Rule 5(f) of the Commission's Rules on Informal and Other Procedures, 17 CFR 202.5(f), states:

> In the course of the Commission's investigations, civil lawsuits, and administrative proceedings, the staff, with appropriate authorization, may discuss with persons involved the disposition of such matters by consent, by settlement, or in some other manner. It is the policy of the Commission, however, that the disposition of any such matter may not, expressly or impliedly, extend to any criminal charges that have been, or may be, brought against any such person or any recommendation with respect thereto. Accordingly, any person involved in an enforcement matter before the Commission who consents, or agrees to consent, to any judgment or order does so solely for the purpose of resolving the claims against him in that investigative, civil, or administrative matter and not for the purpose of resolving any criminal charges that have been, or might be, brought against him. This policy reflects the fact that neither the Commission nor its staff has the authority or responsibility for instituting, conducting, settling, or otherwise disposing of criminal proceedings. That authority and responsibility are vested in the Attorney General and representatives of the Department of Justice.

## D.  Freedom of Information Act

The Freedom of Information Act, 5 U.S.C. 552 (the "FOIA"), generally provides for disclosure of information to the public. Rule 83 of the Commission's Rules on Information and Requests, 17 CFR 200.83, provides a procedure by which a person can make a written request that information submitted to the Commission not be disclosed under the FOIA. That rule states that no determination as to the validity of such a request will be made until a request for disclosure of the information under the FOIA is received. Accordingly, no response to a request that information not be disclosed under the FOIA is necessary or will be given until a request for disclosure under the FOIA is received. If you desire an acknowledgment of receipt of your written request that information not be disclosed under the FOIA, please provide a duplicate request, together with a stamped, self-addressed envelope.

**E.  Authority for Solicitation of Information**

*Persons Directed to Supply Information Pursuant to Subpoena.* The authority for requiring production of information is set forth in the subpoena. Disclosure of the information to the Commission is mandatory, subject to the valid assertion of any legal right or privilege you might have.

*Persons Requested to Supply Information Voluntarily.* One or more of the following provisions authorizes the Commission to solicit the information requested: Sections 19 and/or 20 of the Securities Act of 1933; Section 21 of the Securities Exchange Act of 1934; Section 321 of the Trust Indenture Act of 1939; Section 42 of the Investment Company Act of 1940; Section 209 of the Investment Advisers Act of 1940; and 17 CFR 202.5. Disclosure of the requested information to the Commission is voluntary on your part.

**F.  Effect of Not Supplying Information**

*Persons Directed to Supply Information Pursuant to Subpoena.* If you fail to comply with the subpoena, the Commission may seek a court order requiring you to do so. If such an order is obtained and you thereafter fail to supply the information, you may be subject to civil and/or criminal sanctions for contempt of court. In addition, Section 21(c) of the Securities Exchange Act of 1934, Section 42(c) of the Investment Company Act of 1940, and Section 209(c) of the Investment Advisers Act of 1940 provide that fines and terms of imprisonment may be imposed upon any person who shall, without just cause, fail or refuse to attend and testify or to answer any lawful inquiry, or to produce books, papers, correspondence, memoranda, and other records in compliance with the subpoena.

*Persons Requested to Supply Information Voluntarily.* There are no direct sanctions and thus no direct effects for failing to provide all or any part of the requested information.

**G.  Principal Uses of Information**

The Commission's principal purpose in soliciting the information is to gather facts in order to determine whether any person has violated, is violating, or is about to violate any provision of the federal securities laws or rules for which the Commission has enforcement authority, such as rules of securities exchanges and the rules of the Municipal Securities Rulemaking Board. Facts developed may, however, constitute violations of other laws or rules. Information provided may be used in Commission and other agency enforcement proceedings. Unless the Commission or its staff explicitly agrees to the contrary in writing, you should not assume that the Commission or its staff acquiesces in, accedes to, or concurs or agrees with, any position, condition, request, reservation of right, understanding, or any other statement that purports, or may be deemed, to be or to reflect a limitation upon the Commission's receipt, use, disposition, transfer, or retention, in accordance with applicable law, of information provided.

**H.  Routine Uses of Information**

The Commission often makes its files available to other governmental agencies, particularly United States Attorneys and state prosecutors. There is a likelihood that information supplied by you will be made available to such agencies where appropriate. Whether or not the Commission makes its files available to other governmental agencies is, in general, a confidential matter between the Commission and such other governmental agencies.

Set forth below is a list of the routine uses which may be made of the information furnished.

1.  To appropriate agencies, entities, and persons when (a) it is suspected or confirmed that the security or confidentiality of information in the system of records has been compromised; (b) the SEC has determined that, as a result of the suspected or confirmed compromise, there is a risk of harm to economic or property interests, identity theft or fraud, or harm to the security or integrity of this system or other systems or programs (whether maintained by the SEC or another agency or entity) that rely upon the compromised information; and (c) the disclosure made to such agencies, entities, and persons is reasonably necessary to assist in connection with the SEC's efforts to respond to the suspected or confirmed compromise and prevent, minimize, or remedy such harm.

2.  To other federal, state, local, or foreign law enforcement agencies; securities self-regulatory organizations; and foreign financial regulatory authorities to assist in or coordinate regulatory or law enforcement activities with the SEC.

3.  To national securities exchanges and national securities associations that are registered with the SEC, the Municipal Securities Rulemaking Board; the Securities Investor Protection Corporation; the Public Company Accounting Oversight Board; the federal banking authorities, including, but not limited to, the Board of Governors of the Federal Reserve System, the Comptroller of the Currency, and the Federal Deposit Insurance Corporation; state securities regulatory agencies or organizations; or regulatory authorities of a foreign government in connection with their regulatory or enforcement responsibilities.

4.  By SEC personnel for purposes of investigating possible violations of, or to conduct investigations authorized by, the federal securities laws.

5.  In any proceeding where the federal securities laws are in issue or in which the Commission, or past or present members of its staff, is a party or otherwise involved in an official capacity.

6.  In connection with proceedings by the Commission pursuant to Rule 102(e) of its Rules of Practice, 17 CFR 201.102(e).

7.  To a bar association, state accountancy board, or other federal, state, local, or foreign licensing or oversight authority; or professional association or self-regulatory authority to the extent that it performs similar functions (including the Public Company Accounting Oversight Board) for investigations or possible disciplinary action.

8.  To a federal, state, local, tribal, foreign, or international agency, if necessary to obtain information relevant to the SEC's decision concerning the hiring or retention of an employee; the issuance of a security clearance; the letting of a contract; or the issuance of a license, grant, or other benefit.

9.  To a federal, state, local, tribal, foreign, or international agency in response to its request for information concerning the hiring or retention of an employee; the issuance of a security clearance; the reporting of an investigation of an employee; the letting of a contract; or the issuance of a license, grant, or other benefit by the requesting agency, to the extent that the information is relevant and necessary to the requesting agency's decision on the matter.

10.  To produce summary descriptive statistics and analytical studies, as a data source for management information, in support of the function for which the records are collected and maintained or for related personnel management functions or manpower studies; may also be used to respond to general requests for statistical information (without personal identification of individuals) under the Freedom of Information Act.

11.  To any trustee, receiver, master, special counsel, or other individual or entity that is appointed by a court of competent jurisdiction, or as a result of an agreement between the parties in connection with litigation or administrative proceedings involving allegations of violations of the federal securities laws (as defined in section 3(a)(47) of the Securities Exchange Act of 1934, 15 U.S.C. 78c(a)(47)) or pursuant to the Commission's Rules of Practice, 17 CFR 201.100 – 900 or the Commission's Rules of Fair Fund and Disgorgement Plans, 17 CFR 201.1100-1106, or otherwise, where such trustee, receiver, master, special counsel, or other individual or entity is specifically designated to perform particular functions with respect to, or as a result of, the pending action or proceeding or in connection with the administration and enforcement by the Commission of the federal securities laws or the Commission's Rules of Practice or the Rules of Fair Fund and Disgorgement Plans.

12.  To any persons during the course of any inquiry, examination, or investigation conducted by the SEC's staff, or in connection with civil litigation, if the staff has reason to believe that the person to whom the record is disclosed may have further information about the matters related therein, and those matters appeared to be relevant at the time to the subject matter of the inquiry.

13.  To interns, grantees, experts, contractors, and others who have been engaged by the Commission to assist in the performance of a service related to this system of records and who need access to the records for the purpose of assisting the Commission in the efficient administration of its programs, including by performing clerical, stenographic, or data analysis functions, or by reproduction of records by electronic or other means. Recipients of these records shall be required to comply with the requirements of the Privacy Act of 1974, as amended, 5 U.S.C. 552a.

14.  In reports published by the Commission pursuant to authority granted in the federal securities laws (as such term is defined in section 3(a)(47) of the Securities Exchange Act of 1934, 15 U.S.C. 78c(a)(47)), which authority shall include, but not be limited to, section 21(a) of the Securities Exchange Act of 1934, 15 U.S.C. 78u(a)).

15.  To members of advisory committees that are created by the Commission or by Congress to render advice and recommendations to the Commission or to Congress, to be used solely in connection with their official designated functions.

16.  To any person who is or has agreed to be subject to the Commission's Rules of Conduct, 17 CFR 200.735-1 to 200.735-18, and who assists in the investigation by the Commission of possible violations of the federal securities laws (as such term is defined in section 3(a)(47) of the Securities Exchange Act of 1934, 15 U.S.C. 78c(a)(47)), in the preparation or conduct of enforcement actions brought by the Commission for such violations, or otherwise in connection with the Commission's enforcement or regulatory functions under the federal securities laws.

17.  To a Congressional office from the record of an individual in response to an inquiry from the Congressional office made at the request of that individual.

18.  To members of Congress, the press, and the public in response to inquiries relating to particular Registrants and their activities, and other matters under the Commission's jurisdiction.

19.  To prepare and publish information relating to violations of the federal securities laws as provided in 15 U.S.C. 78c(a)(47)), as amended.

20.  To respond to subpoenas in any litigation or other proceeding.

21.  To a trustee in bankruptcy.

22.  To any governmental agency, governmental or private collection agent, consumer reporting agency or commercial reporting agency, governmental or private employer of a debtor, or any other person, for collection, including collection by administrative offset, federal salary offset, tax refund offset, or administrative wage garnishment, of amounts owed as a result of Commission civil or administrative proceedings.

* * * * *

*Small Business Owners*: The SEC always welcomes comments on how it can better assist small businesses. If you would like more information, or have questions or comments about federal securities regulations as they affect small businesses, please contact the Office of Small Business Policy, in the SEC's Division of Corporation Finance, at 202-551-3460. If you would prefer to comment to someone outside of the SEC, you can contact the Small Business Regulatory Enforcement Ombudsman at http://www.sba.gov/ombudsman or toll free at 888-REG-FAIR. The Ombudsman's office receives comments from small businesses and annually evaluates federal agency enforcement activities for their responsiveness to the special needs of small business.