

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
44 Montgomery Street, Suite 2800
San Francisco, CA 94104

SAN FRANCISCO
REGIONAL OFFICE

March 1, 2021

**FILED BY ECF**

The Hon. Lorna G. Schofield
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

The application is GRANTED.  The initial pre-trial conference scheduled for March 4, 2021, is **adjourned** to **May 6, 2021, at 11:00 a.m.**, on the following conference call line: 888-363-4749, access code 558-3333.  The time of the conference is approximate but the parties shall be ready to proceed by that time.

SO ORDERED

Dated:  March 2, 2021
        New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**

Re:     *SEC v. Qin, et al.*, 20-CV-10849(LGS): Letter Motion for Adjournment of March 4, 2021 Status Conference

Dear Judge Schofield,

  Counsel for the Plaintiff Securities and Exchange Commission hereby moves the Court for a 75-day adjournment of the Conference currently scheduled for March 4, 2021. The SEC has obtained agreement from the other parties, Stefan Qin, on behalf of himself, and Robert Musiala, as Receiver for Defendants Virgil Capital LLC, Montgomery Technologies, LLC, Virgil Technologies, LLC, Virgil Quantitative Research, LLC and VQR Partners, LLC, to the requested adjournment of the date (and has shared this letter motion).

  The SEC seeks the adjournment of the Conference in order to allow time for the Receiver to continue with his work as described in his Initial Report (Docket No. 46), and to determine what effect the parallel criminal case against Mr. Qin pending in this district will have on this action. By moving the Conference out an additional 75 days, the parties and the Court would have the benefit of the Receiver's report (that is due at the end of April).

  The parties have not previously requested an adjournment.

  The SEC below, however, sets forth a brief description of this matter (in keeping with the Court's Order setting Conference, Docket No. 28).

1. Brief Statement on Nature of the Case

  The SEC brought this securities law enforcement action on an emergency basis, seeking the immediate freeze of accounts that held investor money that the SEC expected would be dissipated. *See* Order Granting in Part Temporary Restraining Order Freezing Assets (Docket No. 19). The SEC alleges that Defendant Qin, while selling limited partnership shares in two investor Funds, misappropriated and misused investors' money, in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a); Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b); and Exchange Act Rule 10b-5, 17 C.F.R. § 240.10b-5. The SEC does not seek damages, but does seek injunctions against future violations of the securities laws, civil penalties, and disgorgement of ill-gotten gains from defendants.

Earlier this month, the United States Attorney's Office for the Southern District of New York filed a parallel criminal case against Mr. Qin, in which similar conduct is at issue, and Mr. Qin pled guilty to one count of securities fraud. Accordingly, the SEC anticipates that Mr. Qin's sentencing in the criminal matter will be important information, potentially regarding both the defendant's liability here and the remedies needed in this case.

2. Jurisdiction

This Court has jurisdiction over this action pursuant to Sections 20(b), 20(d) and 22(a) of the Securities Act, 15 U.S.C. §§ 77t(b),77t(d) and 77v(a), and Sections 21(d), 21(e), and 27 of the Exchange Act, 15 U.S.C. §§ 78u(d), 78u(e), and 78aa. In the Court's Order granting in part the SEC's motion for a Temporary Restraining Order, the Court found that it has jurisdiction over the subject matter, as to all parties, and that venue was appropriate in this district. *See* Docket No. 19 (para. 1).

3. Motions

The SEC contemplates the potential for a motion for summary judgment, if needed, to resolve the liability of defendants, which would be premised on the collateral effect of the criminal action against Mr. Qin. Such a motion could be brought after Mr. Qin is sentenced (and judgment is therefore entered in the criminal action).

4. Discovery

To date, the SEC and the Receiver have each conducted discovery through third-party subpoenas for documents, which they expect to continue to utilize, to determine (among other things) whether there are investor assets that may be brought into the receivership.

5. Settlement

The SEC has worked closely with the defendants in this matter, and counsel for the SEC anticipates that it may be possible for the parties to reach resolutions through informal processes. However, the sentencing of Mr. Qin will prove useful for moving such discussions forward.

Respectfully submitted,

/s/ Susan F. LaMarca

Cc: Stefan Qin (by email)
    Sean Hecker, Esq. (by email)
    Robert Musiala, Receiver (by email)