

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
44 MONTGOMERY STREET, SUITE 2800
SAN FRANCISCO, CA 94104

SAN FRANCISCO
REGIONAL OFFICE

May 28, 2021

**FILED BY ECF**

The Hon. Lorna G. Schofield
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re: *SEC v. Qin, et al.*, 20-CV-10849(LGS): Status Letter

Dear Judge Schofield,

Pursuant to this Court's Order entered April 29, 2021 (ECF No. 55), counsel for the Plaintiff Securities and Exchange Commission hereby provides the following Status Letter regarding the related criminal case, *United States v. Stefan Qin*, No. 21-CR-75 (VEC) (S.D.N.Y.) ("the criminal case").

**<u>Status of the Criminal Case</u>**

On February 4, 2021, the United States Attorney's Office for the Southern District of New York filed an Information, and defendant Stefan Qin waived indictment. The criminal case against Mr. Qin alleges one count of securities fraud, in violation of the antifraud provisions of the Securities Exchange Act, 15 U.S.C. §§ 78j(b), 78ff; 17 C.F.R. § 240.10b-5; and 18 U.S.C. § 2. (*See* ECF No. 2.) The facts alleged in the Information describe similar conduct by Mr. Qin, including his misuse of the assets of the Virgil Sigma Fund from 2017 through 2020, and his efforts in December 2020 to gain control of investor assets in the VQR Multistrategy Fund, as the conduct alleged in the SEC's complaint in this case. Also on February 4, Mr. Qin plead guilty to the one count of securities fraud. His sentencing was scheduled for May 20, 2021.

On April 9, 2021, Mr. Qin (through his counsel) requested adjournment of the scheduled sentencing in order to allow him to continue efforts to aid in the recovery of assets by the Receiver in this case. The court granted Mr. Qin's request; sentencing in the criminal case is now scheduled for August 19, 2021, at 11:00 a.m. (*See* ECF No. 15.)

**<u>Status of the SEC's Case</u>**

Pursuant to this Court's Standing Order, the SEC hereby provides a Status update on the SEC's case.

(a) What discovery has taken place –

Discovery in this case has been conducted largely to aid the Receiver in his efforts to secure, marshal, and assess the various claims against the assets of the receivership estate. Mr. Qin has agreed, as described below, to provide information as requested from the SEC in lieu of providing a formal accounting. *See* ECF No. 26 at 3 (Stipulation in which parties agreed that defendant would provide the SEC information as requested for the purposes of securing investor assets). Mr. Qin has also worked with the Receiver to provide information, devices, and to answer questions in an interview format on a regular schedule. Consequently, formal discovery to date has been pursued by the Receiver in the form of Rule 45 subpoenas served on third parties. As of the Receiver's Second Status Report (filed April 30, 2021), the Receiver had served one subpoena for testimony and 18 subpoenas for documents. Since then, the Receiver has served another six document subpoenas, for a total of 24.

(b) Procedural history of the case to date –

On December 22, 2020, the SEC filed this securities law enforcement action on an emergency basis. The SEC alleges that Defendant Qin, while selling limited partnership shares in two investor Funds, misappropriated and misused investors' money, in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a); Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b); and Exchange Act Rule 10b-5, 17 C.F.R. § 240.10b-5. As described in the SEC's moving papers, the SEC was approached by employees of the VQR Multistrategy Fund, LP who provided information that Mr. Qin was attempting to wrest control of the Fund's assets, which belonged to investors, and that he had likely already misused investor assets from the Virgil Sigma Fund, LP, which Qin controlled; Qin's efforts were temporarily thwarted by the actions of VQR Fund employees. *See, e.g.,* Mem. of Law, Declarations of Antonio Hallak and Melissa Fox Murphy, in Support of *Ex Parte* Emergency Motion (Docket Nos. 5, 9, 11). On December 23, 2020, this Court issued the Temporary Restraining Order freezing the accounts that held investor money, and on January 6, 2021, based upon the Stipulation of the defendants, the TRO was converted to a preliminary injunction. *See* Order Granting in Part Temporary Restraining Order Freezing Assets (Docket No. 19); Preliminary Inj. Freezing Assets and Providing Related Relief.

On January 21, 2021, based upon the parties' Stipulation, the Court entered the Order Appointing Receiver, in which Robert A. Musiala, Jr., with the law firm Baker & Hostetler, LLP, was appointed the Receiver over each of the entity defendants. *See* Docket No. 31. Since that time, the Receiver has submitted two Status Reports, in accordance with the Order, summarizing his efforts to marshal and preserve assets and to investigate claims by and against the receivership estate. *See* Docket Nos. 46, 56.

On April 29, 2021, the Court granted the SEC's Letter Motion to adjourn the Status Conference, which the Court rescheduled for September 9, 2021, which is expected to be three weeks after Mr. Qin's sentencing in the criminal case. *See* Docket No. 55. In it, the Court also requested monthly letters from the SEC providing status of the criminal case until the Status Conference.

(c) Parties' plans to meet the Court's deadlines –

Aside from the Status Conference scheduled for September 9, 2021, and the interim status reports due from the SEC, and separately, the reporting required from the Receiver, the Court has not yet scheduled deadlines. The SEC expects that Status Reports shall continue to be made timely.

Respectfully submitted,

/s/ *Susan F. LaMarca*

Cc: Stefan Qin (by email)
Sean Hecker, Esq. (by email)
Robert A. Musiala, Jr., Receiver (by email)