UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

           Plaintiff,

vs.

STEFAN QIN, VIRGIL TECHNOLOGIES
LLC, MONTGOMERY TECHNOLOGIES
LLC, VIRGIL QUANTITATIVE
RESEARCH, LLC, VIRGIL CAPITAL
LLC, and VQR PARTNERS LLC,

           Defendants.

Case No.: 20-cv-10849 (LGS)

---

## DECLARATION OF JEAN-FRANÇOIS ABADIE IN SUPPORT OF RECEIVER'S MOTION FOR PERMISSION TO RETURN FUNDS TO CACEIS BANK LUXEMBOURG BRANCH

I, Jean-François Abadie, declare as follows.

1.     I am the Chief Executive Officer of Caceis Bank and Caceis Bank Luxembourg Branch. I submit this Declaration in support of the Receiver's motion for permission to return the amount of $2,500,421.63 to Caceis Bank Luxembourg Branch ("CBLB"), less certain costs and fees incurred by the Trustee in the investigation and resolution of this matter.

2.     This Declaration describes the circumstances under which, on December 31, 2020, CBLB erroneously transferred $2,500,421.63 to Virgil Sigma at an account subject to the Court's preliminary injunction freezing the assets of the Receivership Entities.[1] Pursuant

---

[1] This Declaration incorporates by reference the definitions in the Court's Order Appointing Receiver, filed on January 21, 2021. Order Appointing Receiver ¶ 45, *United States Securities and Exchange Commission vs. Stefan Qin, et al.*, No. 20-cv-10849 (LGS) (S.D.N.Y. Jan. 21, 2021), ECF No. 31.



to the Court's Order Appointing Receiver, the Receiver is now in possession of these funds and concurs that they should be returned to CBLB.

3. CBLB is a depositary bank that acts on behalf of clients. On December 29, 2020, one of CBLB's clients ("Client A"), sent to CBLB an order for the redemption of all of its remaining shares in Virgil Sigma Fund, LP ("Virgil Sigma") in the amount of $2,500,421.63. Client A's redemption order is attached as **Exhibit 1**.

4. Based on Client A's redemption order, CBLB sent a redemption instruction to Virgil Sigma and Theorem Fund Services ("TFS"), the fund's administrator, for Client A's entire remaining position in Virgil Sigma. This redemption instruction consists of (i) a request for withdrawal of limited partnership interest in Virgil Sigma, and (ii) a redemption order for the "entire remaining holding." This instruction is attached hereto as **Exhibit 2**.

5. As reflected in these documents, CBLB's instruction to Virgil Sigma and TFS identified the beneficiary of the redemption as "CACEIS BANK Luxembourg BRANCH OBO [on behalf of]" Client A.

6. On December 29, 2020, Client A also sent CBLB a separate series of orders to transfer funds among its accounts internally at CBLB. These internal orders did not relate to Client A's position in Virgil Sigma, and were not intended to effect any transactions with counterparties outside of CBLB.

7. The CBLB operator who processed Client A's orders, however, mistakenly combined the internal and external orders and booked them together in CBLB's system.

2



Thus, Client A's external redemption order to Virgil Sigma was erroneously booked as an internal redemption order.

8. When CBLB's operator became aware that Client A's redemption instruction was incorrectly booked, the operator attempted to undo this internal bookkeeping error by following CBLB's process for correcting certain erroneously entered internal orders, which requires an internal counter-order for the same amount in order to cancel out the erroneous order.

9. Thus, in this case, the operator intended to place an internal subscription order in order to offset the erroneously booked internal redemption order.

10. In doing so, however, the operator inadvertently processed the internal subscription as an external order, causing CBLB's system to automatically generate a transfer of funds to Virgil Sigma in the amount of $2,500,421.63 (*i.e.*, the exact amount of Client A's redemption order).

11. The incorrect entry of this order resulted in the transfer of $2,500,421.63 to Silvergate Bank (via JP Morgan Chase ("JP Morgan") and Pacific Coast Bankers Bank ("Pacific")) rather than a purely internal bookkeeping transaction, as intended.

12. The intent of this internal offsetting instruction was to correct CBLB's internal accounting for these transactions. It was not to effect a transaction with a counterparty outside the bank, and certainly not a subscription for additional shares in Virgil Sigma, which would have contradicted Client A's express redemption order reflected in Exhibit 2.



13. Had CBLB intended to subscribe funds in Virgil Sigma on December 31, 2020, it would have sent a different set of documents to Virgil Sigma and TFS, including an investment application form signed by two authorized signatories at CBLB on behalf of Client A. CBLB would not have sent a redemption order for the entire position.

14. As soon as CBLB personnel became aware of this mistake, they immediately sent a SWIFT to JP Morgan, CBLB's correspondent bank, to request that the payment be reversed. This SWIFT message is attached as **Exhibit 3**. CBLB also sent numerous emails to Virgil Sigma, TFS, Pacific, and Silvergate Banks, Mr. Qin's counsel, and the Receiver. A representative sample of these communications is attached as **Exhibit 4**. These communications referred to Client A, CBLB's client, as "tiers technique," which means in French "technical third party."

15. On February 10, 2021, the Receiver replied with an automatically generated message. On the same date, CBLB sent a letter to Virgil Sigma, Silvergate Bank and the law firm of Kaplan Hecker & Fink LLP, Mr. Qin's counsel. It formally reiterated CBLB's request for a return of the erroneously transferred funds and again expressly advised that CBLB is acting on behalf of Client A, the entity identified as "tiers technique" in the SWIFT message quoted in this letter. CBLB's formal request for repayment is attached hereto as **Exhibit 5**.

16. On February 12, 2021, Silvergate Bank confirmed that the funds had been credited to Virgil Sigma's account.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.



Date: 07/07/2021

Place: Paris