**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> STEFAN QIN, VIRGIL TECHNOLOGIES LLC, MONTGOMERY TECHNOLOGIES LLC, VIRGIL QUANTITATIVE RESEARCH, LLC, VIRGIL CAPITAL LLC, and VQR PARTNERS LLC, <br><br> Defendants. | Case No.: 20-cv-10849 (LGS) |

**RECEIVER'S UNOPPOSED MOTION FOR PERMISSION TO RETURN FUNDS TO CACEIS BANK LUXEMBOURG BRANCH**

Robert A. Musiala, Jr., the Court-appointed Receiver in the above-captioned action (the "Receiver"), by and through his counsel, hereby moves this Court, before the Honorable Lorna G. Schofield, United States District Judge for the Southern District of New York, at the United States District Court for the Southern District of New York, 40 Foley Square, New York, New York 10007, for an Order Granting Permission to Return Funds to Caceis Bank Luxembourg Branch ("CBLB").

On December 29, 2020, six days following this Court's issuance of a Temporary Restraining Order ("TRO") in this matter,[1] a CBLB employee inadvertently transferred approximately $2.5 million from CBLB to an account held by Virgil Sigma Fund, LP at

---

[1] T.R.O. Freezing Assets and Order to Show Cause, *SEC v. Qin, et al.*, No. 20 Civ. 10849 (LGS) (S.D.N.Y. Dec. 24, 2020), ECF No. 19.

Silvergate Bank.  Pursuant to the TRO, the funds were immediately frozen, and, subsequent to the Preliminary Injunction filed on January 6, 2021,[2] so remain at Silvergate Bank.

Following an independent review by the Receiver, members of his legal team, and his forensic accounting team, Ankura Consulting Group, LLC, of the relevant documents provided by CBLB, the Receiver has determined that the funds at issue were transferred in error, are not related to the fraud perpetrated by defendant Stefan Qin in this matter, and, should, therefore, be returned to CBLB (less the cost of fees expended by the Receiver's forensic and legal teams in investigating and resolving this matter).

On July 14, 2021, the Receiver filed a Letter Motion for Conference for Leave to Return Funds to CBLB (the "Letter"), which explained the circumstances surrounding this transfer and why the equities favored the return of funds to CBLB.[3]  On July 15, 2021, this Court issued a Memo Endorsement of the Letter instructing the Receiver to file this Unopposed Motion.[4]

This Motion is supported by the Declaration of Jean-Francois Abadie, filed July 14, 2021, with all exhibits annexed thereto,[5] which more fully outlines the facts of the transfer and the subsequent steps taken by CBLB to effect return of the funds.

The requested return of funds is authorized pursuant to the Order Appointing Receiver (the "Order").[6]  Specifically, the Order provides that the Receiver has the general power and duty to (i) "use Receivership Property for the benefit of the Receivership Estates, making payments and disbursements and incurring expenses as may be necessary or advisable in the ordinary

---

[2] Prelim. Inj. Freezing Assets and Providing Related Relief, *SEC v. Qin, et al.*, No. 20 Civ. 10849 (LGS) (S.D.N.Y. Jan. 6, 2021), ECF No. 27.

[3] Ltr. Mot. for Conference for Leave to Return Funds to CACEIS Bank Luxembourg Branch, *SEC v. Qin, et al.*, No. 20 Civ. 10849 (LGS) (S.D.N.Y. July 14, 2020), ECF No. 62.

[4] Mem. Endorsement of Ltr. Mot. for Conference for Leave to Return Funds to CACEIS Bank Luxembourg Branch, *SEC v. Qin, et al.*, No. 20 Civ. 10849 (LGS) (S.D.N.Y. July 14, 2020), ECF No. 65.

[5] Decl. of Jean-Francois Abadie, *SEC v. Qin, et al.*, No. 20 Civ. 10849 (LGS) (S.D.N.Y. July 14, 2020), ECF No. 63.

[6] Order Appointing Receiver, *SEC v. Qin, et al.*, No. 20 Civ. 10849 (LGS) (S.D.N.Y. Jan. 21, 2021), ECF No. 31.

course of business in discharging his duties as Receiver;" (ii) "take any action which, prior to the entry of this Order, could have been taken by the officers, directors, partners, managers, managing members, trustees, and agents of the Receivership Entities;" and (iii) "take such other action as may be approved by this Court."[7]

Plaintiff United States Securities and Exchange Commission and Defendant Stefan Qin do not oppose this motion.

THEREFORE, the Receiver requests the Court enter an Order Granting Permission for the Receiver to return $2,500,421.63 (less the cost of fees expended by the Receiver's forensic and legal teams in investigating and resolving this matter) to CBLB.

Respectfully submitted,

/s/ Marco Molina
Marco Molina

Dated:  July 19, 2021
         New York, New York

**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111-0100
Tel.: (212) 589-4200
Fax: (212) 589-4201
mmolina@bakerlaw.com

*Attorneys for Receiver Robert A. Musiala, Jr.*

---

[7] *Id*. at ¶¶ 7(D), (E), and (K).