

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
44 Montgomery Street, Suite 2800
San Francisco, CA 94104

San Francisco
Regional Office

August 2, 2021

**FILED BY ECF**

The Hon. Lorna G. Schofield
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

    Re:  *SEC v. Qin, et al.*, 20-CV-10849(LGS): Status Letter

Dear Judge Schofield,

    Pursuant to this Court's Order entered April 29, 2021 (ECF No. 55), counsel for the Plaintiff Securities and Exchange Commission hereby provides the following Status Letter regarding the related criminal case, *United States v. Stefan Qin*, No. 21-CR-75 (VEC) (S.D.N.Y.) ("the criminal case").

### Status of the Criminal Case

    As previously described in the SEC's Status Letter following this Court's April 29 Order, Defendant Qin's sentencing in the criminal case had been scheduled for August 19, 2021, at 11:00 a.m. (*see United States v. Qin*, ECF No. 15). More recently, the date for sentencing has been continued until September 15, 2021.

### Status of the SEC's Case

    Pursuant to this Court's Standing Order, the SEC hereby provides a Status update on the SEC's case.

    (a)  What discovery has taken place –

    Discovery in this case continues to be conducted largely to aid the Receiver in his efforts to secure, marshal, and assess the various claims against the assets of the receivership estate. To that end, the Receiver has continued to serve subpoenas to banks and other persons for documents. In addition, as previously described, Mr. Qin has also continued to work with the Receiver to provide information and answer questions in an interview format.

(b)  Procedural history of the case to date –

On December 22, 2020, the SEC filed this securities law enforcement action on an emergency basis. The SEC alleges that Defendant Qin, while selling limited partnership shares in two investor Funds, misappropriated and misused investors' money, in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a); Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b); and Exchange Act Rule 10b-5, 17 C.F.R. § 240.10b-5. As described in the SEC's moving papers, the SEC was approached by employees of the VQR Multistrategy Fund, LP who provided information that Mr. Qin was attempting to wrest control of the Fund's assets, which belonged to investors, and that he had likely already misused investor assets from the Virgil Sigma Fund, LP, which Qin controlled; Qin's efforts were temporarily thwarted by the actions of VQR Fund employees. *See, e.g.,* Mem. of Law, Declarations of Antonio Hallak and Melissa Fox Murphy, in Support of *Ex Parte* Emergency Motion (Docket Nos. 5, 9, 11). On December 23, 2020, this Court issued the Temporary Restraining Order freezing the accounts that held investor money, and on January 6, 2021, based upon the Stipulation of the defendants, the TRO was converted to a preliminary injunction. *See* Order Granting in Part Temporary Restraining Order Freezing Assets (Docket No. 19); Preliminary Inj. Freezing Assets and Providing Related Relief.

On January 21, 2021, based upon the parties' Stipulation, the Court entered the Order Appointing Receiver, in which Robert A. Musiala, Jr., with the law firm Baker & Hostetler, LLP, was appointed the Receiver over each of the entity defendants. *See* Docket No. 31. Since that time, the Receiver has submitted two Status Reports, in accordance with the Order, summarizing his efforts to marshal and preserve assets and to investigate claims by and against the receivership estate. *See* Docket Nos. 46, 56.

On April 29, 2021, the Court granted the SEC's Letter Motion to adjourn the Status Conference, which the Court rescheduled for September 9, 2021, which was approximately three weeks after the previous sentencing date.

Because Mr. Qin's sentencing in the criminal case has been moved to September 15, 2021, the SEC suggests that the Status Conference in this case be rescheduled until approximately one to three weeks after his sentencing. The SEC will seek input from the parties as to a new date and expects to offer a continued date by stipulation.

(c)  Parties' plans to meet the Court's deadlines –

Aside from the above described Status Conference (and the Receiver's and SEC's regular reports), the Court has not scheduled deadlines.

Respectfully submitted,

 /s/ *Susan F. LaMarca* 

Cc:  Stefan Qin (via Sean Hecker, Esq., by email)
     Robert A. Musiala, Jr., Receiver (by email)