

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
44 MONTGOMERY STREET, SUITE 2800
SAN FRANCISCO, CA 94104

SAN FRANCISCO
REGIONAL OFFICE

September 20, 2021

**FILED BY ECF**

The Hon. Lorna G. Schofield
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re:  *SEC v. Qin, et al.*, 20-CV-10849(LGS): Status Letter and Motion to Adjourn

Dear Judge Schofield,

Counsel for the Plaintiff Securities and Exchange Commission hereby submits this Status Letter, to update the Court regarding this matter and the related criminal case. In addition, the Status Conference in this case is scheduled for September 23, 2021, at 11:00 a.m.  The SEC, after conferring with the parties, including the Receiver for the entity defendants and Mr. Qin, asks that the Status Conference be adjourned for 60 days, until November 18, 2021.  The SEC believes the additional time will allow for the SEC to attempt to reach a negotiated resolution of its case against Mr. Qin, while also allowing the Receiver to complete asset recovery work.

**Defendant Qin's Sentencing in the Related Criminal Case**

As anticipated in the SEC's prior Status Letter, on September 15, 2021, Mr. Qin was sentenced in the related criminal case, *United States v. Stefan Qin*, No. 21-CR-75 (VEC) (S.D.N.Y.) ("the criminal case").  The Judgment entered in the criminal case sentences the defendant to seven and a half years of imprisonment; it also sets forth December 15, 2021 as the date of his surrender.  The court also ordered that defendant forfeit $54,793,532.14, which amount was described by the government in its Sentencing Submission as the total of actual, out-of-pocket losses sustained by Qin's investors based on the available information to date including investor records and bank records. Further, the government recommended that no restitution be ordered in the criminal case, in recognition of the fact that victim losses and recoveries will be addressed through the ongoing work of the Receiver in this case; the court did not order restitution.

**Outstanding Matters Currently Pending Before the Court**

Pending before the Court is the Receiver's Initial Fee Application. *See* Dkt Nos. 66, 78, 82. There are no other matters currently pending.

**SEC's Recommendation for Further Proceedings**

The SEC recommends that the Court continue to consider motions and submissions by the Receiver, as needed, to allow him to complete his work.  In this regard, the SEC recommends that the notation on the docket dated August 16, 2021, which establishes a deadline for motions of October 15, 2021 be suspended.

The SEC also recommends that the issuance of case management plan be suspended or continued for 120 days to permit the Receiver additional time to conduct investigations to identify and obtain possession of Receivership Property,[1] which will inform the case management plan.

The SEC also recommends that it be permitted to use the next 60 days to attempt to settle its action against Mr. Qin; counsel for the SEC would report back to the Court as to whether such discussions result in a recommendation by the SEC's counsel, to the Commission, which would be subject to Commission approval as well as this Court's approval. If the parties are not able to reach agreement, the SEC recommends that the Court permit it to move for summary judgment based on the collateral effect of the criminal judgment.

**Case Management Plan if Continuance is Not Granted**

Should the Court deny the SEC's request to continue the issuance of the case management plan, the SEC offers the following plan:

1. All parties do not consent to conducting all further proceedings before a United States Magistrate Judge.
2. The parties have conferred pursuant to Rule 26(f); in particular, Mr. Qin reached agreements with the SEC to provide information, as memorialized in the Stipulation and Order entered January 6, 2021 (Dkt No. 26), as well as with the Receiver who conducted a series of interviews of Mr. Qin.
3. This case is not governed by any of the special discovery protocols (for Employment; Certain Section 1983 cases; Patent Rules; or Fair Labor Standards Act).
4. Alternative Dispute Resolution / Settlement
   - Settlement discussions have not taken place.
   - Counsel for the parties have discussed an early exchange of information; Mr. Qin supplied information as requested through informal means, providing it to the Receiver.
   - Counsel for the SEC proposes the following ADR mechanism for this case: The SEC believes that informal discussions should proceed for approximately 30 days as set forth above, which will allow time to explore whether a resolution can be reached.
5. No additional parties may be joined after January 15, 2022, without further leave of Court.
6. Amended pleadings may be filed without leave of Court by March 15, 2022.

---

[1] Unless otherwise stated, defined terms herein shall have the same definition ascribed in the Order Appointing Receiver.  *SEC v. Qin*, 20-10849 (Dkt. No. 31).

7. Initial Disclosures shall be completed no later than 180 days from the date of this Order (which date has been selected because the parties have thus far been able in this case to move forward without formal Initial Disclosures); if needed, Initial Disclosures will be served by the SEC and by Defendant Qin (but not by the Receiver).

8. All fact discovery should be completed by 210 days from the date of this Order.

9. Expert discovery is not anticipated as necessary for this case.

10. This case is not expected to be tried before a jury.

11. This case is not expected to be set for trial; if trial were required the SEC anticipates that it would be completed in 3 days.

12. Other issues:  if settlement is not reached, the SEC anticipates that a motion for summary judgment would be filed by the SEC within 90 days of this order. Because Mr. Qin has plead guilty to criminal charges that are related to those at issue in this case, and a judgment was entered against him, the SEC believes that he is collaterally estopped from contesting his liability. Accordingly, a motion for summary judgment would be appropriate if settlement is not reached by the parties.

13. Status Letters and Conferences:  The SEC proposes a further Status Letter to the Court from the SEC no later than October 25, 2021.  If settlement cannot be reached, the SEC will further propose a Status Conference be set after that date by the Court.


Respectfully submitted,


 /s/  *Teresa Goody Guillén*                          /s/ *Susan F. LaMarca*
Teresa Goody Guillén                         Susan F. LaMarca
Baker & Holstetler, LLP                      Counsel for Plaintiff Securities and
Counsel for the Receiver                     Exchange Commission
Robert A. Musiala Jr., Esq.

The application is GRANTED IN PART.  By **October 19, 2021**, the parties shall submit a joint status letter regarding the status of settlement discussions.  The initial pretrial conference scheduled for September 23, 2021 at 11:00 a.m. is adjourned to **November 18, 2021 at 11:00 a.m.**  The parties shall submit a joint letter and proposed case management plan one week before the conference per the Individual Rules.  The application to suspend the deadline for motions is GRANTED.

Cc:  Stefan Qin (via Sean Hecker, Esq., by email)

Dated: September 21, 2021
    New York, New York


LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE