UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

                            Plaintiff,                20 Civ. 10849 (LGS)

          -against-

                                                     ORDER

STEFAN QIN et al.,

                            Defendants.
-------------------------------------------------------------

LORNA G. SCHOFIELD, District Judge:

       WHEREAS, on July 15, 2021, Court-appointed Receiver Robert A. Musiala, Jr., Esq. (the "Receiver") of Baker & Hostetler LLP ("Baker Hostetler") filed a Certified Initial Fee Application (the "Fee Application") seeking approval of the payment of fees and expenses incurred between January 21, 2021 and March 31, 2021 (the "Application Period").

       WHEREAS, the Receiver requests that the Court approve its payment for the first thirty days of the Application Period in the amount of $125,000.000, to be divided between the Receiver's legal counsel, BakerHostetler ($98,680), Ankura ($25,000) and Nelsons ($1,320) (collectively, the "Receiver Team"). The Receiver also requests that the Court approve payment for the remainder of the Application Period to the Receiver Team in the following amounts: $647,957.44 (BakerHostetler), $458,647.00 (Ankura) and $5,044.80 (Nelsons). The total amounts requested for the entire Application Period are as follows: $746,637.44 (BakerHostetler); $483,647.00 (Ankura) and $6,364.80 (Nelsons). The Receiver further requests that in the event the Court chooses to hold back 20% of the fees and expenses, that the Court approve the reduced payments, totaling $597,309.95 (BakerHostetler), $386,917.60 (Ankura) and $5,091.84 (Nelsons). It is hereby

**ORDERED** that the Fee Application is **GRANTED IN PART**.  "'A receiver appointed by a court who reasonably and diligently discharges his duties is entitled to be fairly compensated for services rendered and expenses incurred.'"  *SEC v. Amerindo Inv. Advisors Inc.*, No. 5 Civ. 5231, 2019 WL 3526590, at *4 (S.D.N.Y. Aug. 2, 2019) (quoting *SEC v. Byers*, 590 F. Supp. 2d 637, 644 (S.D.N.Y. 2008)).  "Like fee awards in other contexts, the reasonableness of a receiver's fee application is determined in the court's discretion, and is judged by, among other things, the reasonableness of the hourly rate charged and the reasonableness of the number of hours billed."  *Id.* (internal citation omitted).  In determining a reasonable fee, the Court considers a number of factors, including (1) "the complexity of problems faced," (2) "the benefit to the receivership estate," (3) "the quality of the work performed," and (4) "the time records presented."  *Byers*, 590 F. Supp. at 644.

Here, the SEC reviewed and approved the Fee Application and accompanying invoices.  The SEC's approval is "given great weight" in determining the reasonableness of the compensation and reimbursement sought by a receiver.  *Id*.  The Receiver and its team are engaged in highly complex work, which has resulted in a number of benefits for the Receivership, as outlined in the Fee Application, including identifying and taking custody of Receivership property.  The hourly rates are significantly discounted from the ordinary rates of the Receiver and Ankura, and BakerHostetler and Ankura both agreed to a fee cap for the first thirty days, resulting in a combined total discount and fee write-off of $675,026.50 and $479,555.50, respectively.  In connection with the Fee Application, the Receiver and the Receiver Team submitted invoices detailing the work performed.  Although the time records generally indicate that the Receiver and the Receiver Team worked diligently in performing services for the Receivership, there were some discrepancies that suggest potentially duplicative

and excessive work was performed by BakerHostetler and Ankura. These issues are briefly summarized below:

- **Vague Descriptions:** A number of time entries from BakerHostetler and Ankura do not contain sufficient detail regarding the nature of the work performed. For instance, various entries were some iteration of "[a]ttention to asset recovery issues," "[c]rypto investigation," or "[t]eam meeting," with no further description. Dkt. No. 79 at 23, 109, 118.

- **Potentially Duplicative Entries:** There are a number of potentially duplicative time entries from Ankura employees, where the same task is billed, for the same amount of time, by the same individual, on the same day. *See, e.g.*, Dkt. No. 79 at 121, rows 2 – 4.

- **Excessive Time Spent on Administrative Tasks**: Some entries indicate that attorneys performed a number of time-consuming administrative tasks, such as updating and organizing information on a database. *See, e.g.*, Dkt. No. 79 at 50, 63.

- **Hourly Rates for Non-Attorney Support Staff**: The hourly rates for litigation coordinators, litigation analysts and paraprofessionals exceeded the hourly rates for associates. It is unclear to what extent the $305,807.50 courtesy discount reduced those hourly rates.

In light of these issues, the Court deems it appropriate to hold back 10% of the payment requested in the Fee Application. It is further

**ORDERED** that the Receiver's request for payment is approved in the following amounts: $671,973.70 (BakerHostetler); $435,282.30 (Ankura) and $5,728.32 (Nelsons). It is further

**ORDERED** that by **October 18, 2021**, the Receiver shall resubmit its Fee Application, making any necessary corrections to address the issues described in this Order, and indicating any changes with a blackline.

Dated: October 4, 2021
      New York, New York

                                   **LORNA G. SCHOFIELD**
                                  **UNITED STATES DISTRICT JUDGE**