

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
44 Montgomery Street, Suite 2800
San Francisco, CA 94104

San Francisco
Regional Office

November 10, 2021

**FILED BY ECF**

The Hon. Lorna G. Schofield
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re:  *SEC v. Qin, et al.*, 20-CV-10849(LGS): Joint Proposed Case Management Plan

Dear Judge Schofield,

Counsel for the Plaintiff Securities and Exchange Commission and the Receiver,[1] Robert A. Musiala, Jr., hereby submit this Joint Letter and Proposed Case Management Plan, pursuant to the Court's Order entered September 21, 2021 (ECF No. 90), in advance of the pretrial conference scheduled for November 18, 2021 at 11:00 a.m.  Stefan Qin, who is *pro se*, has not joined this letter.

### Brief Summary of Proceedings to Date and Expected Future Proceedings

On December 22, 2020, the SEC filed an emergency enforcement action, seeking a temporary restraining order and alleging misappropriation and misuse of investors' money, in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a); Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b); and Exchange Act Rule 10b-5, 17 C.F.R. § 240.10b-5. The TRO was granted in significant part on December 23, 2020 (ECF No. 19), and on January 6, 2021 was converted to a preliminary injunction (ECF No. 27). On January 21, 2021, based upon the parties' Stipulation, Robert A. Musiala, Jr. was appointed the Receiver over each of the entity defendants. (ECF No. 31.)

On February 4, 2021, Stefan Qin was charged with, and pleaded guilty to, one count of securities fraud, in violation of the Securities Exchange Act, 15 U.S.C. §§ 78j(b), 78ff; 17 C.F.R. § 240.10b-5; and 18 U.S.C. § 2.  See *United States v. Stefan Qin*, No. 21-CR-75 (VEC) (S.D.N.Y.) (ECF No. 2). On September 15, 2021, Mr. Qin was sentenced to seven and a half years of imprisonment and ordered to forfeit approximately $54 million.

---

[1] All capitalized terms herein not otherwise defined are afforded the definitions accorded to them in the Order Appointing Receiver ("OAR") (ECF No. 31).

The Receiver has filed with the Court reports detailing his work to preserve and marshal assets, conduct investigations to identify and obtain possession of Receivership Property, and to investigate and address claims by and against the Receivership Estates.

The SEC does not expect a trial with respect to its claims against Mr. Qin, or any of the entity defendants. The SEC is exploring a resolution with Mr. Qin of its claims against him; if a resolution cannot be reached, the SEC would move for summary judgment against him based on the collateral effect of the criminal judgment against him for the same conduct. The SEC also expects to resolve the case against the Entity Defendants with the Receiver.

The parties anticipate that if there are any litigated proceedings, they will be actions involving claims by or against the Receivership Estates. To date, the Receiver has been able to recover assets belonging to the Receivership Estates without the need to resort to the Court. Accordingly the proposed Case Management Plan below sets forth the parties' expectations based on information currently available; if new information suggests that some part of the parties' plan would not be feasible, the parties will inform the Court immediately.

**Proposed Case Management Plan**

1. All parties do not consent to conducting all further proceedings before a United States Magistrate Judge.
2. The parties have conferred pursuant to Rule 26(f); in particular, Mr. Qin reached agreements with the SEC to provide information, as memorialized in the Stipulation and Order entered January 6, 2021 (Dkt No. 26), as well as with the Receiver who conducted a series of interviews of Mr. Qin.
3. This case is not governed by any of the special discovery protocols (for Employment; Certain Section 1983 cases; Patent Rules; or Fair Labor Standards Act).
4. Alternative Dispute Resolution / Settlement
   - The SEC has commenced informal settlement discussions with Mr. Qin.
   - Counsel for the parties have discussed an early exchange of information; Mr. Qin supplied information as requested through informal means, providing it to the Receiver.
   - Counsel for the SEC proposes that, if by December 15, 2021, Mr. Qin makes a formal offer to the SEC that counsel for the SEC would recommend the commissioners, and then the Court, approve, the SEC will so inform the Court. If a formal offer is not received by that date, the SEC will inform the Court of that fact and request permission to file a motion for summary judgment.
5. No additional parties may be joined after January 15, 2022, without further leave of Court.
6. Amended pleadings may be filed without leave of Court by March 15, 2022.
7. Initial Disclosures shall not be required of the SEC, Defendant Qin, or the Receiver in light of the parties' informal arrangements.

8. All fact discovery should be completed by 210 days from the date of this Order (except for discovery related to the ongoing asset recovery efforts by the Receiver, as required by the OAR)[2].
9. Expert discovery is not anticipated as necessary for this case.
10. This case is not expected to be tried before a jury.
11. This case is not expected to be set for trial; if trial were required the SEC anticipates that it would be completed in 3 days.
12. Other issues: as described above, if settlement is not possible, the SEC anticipates filing a motion for summary judgment based on the collateral effect of the criminal judgment against Mr. Qin.
13. Status Letters and Conferences: The SEC proposes a further Status Letter to the Court from the SEC no later than December 15, 2021.

Respectfully submitted,

/s/ *Teresa Goody Guillén*  
Teresa Goody Guillén  
Baker & Hostetler, LLP  
Counsel for the Receiver  
Robert A. Musiala Jr., Esq.

/s/ *Susan F. LaMarca*  
Susan F. LaMarca  
Counsel for Plaintiff Securities and Exchange Commission

Cc: Stefan Qin (via Sean Hecker, Esq., by email)

---

[2] As the Court is aware, receiverships can remain open and active for several years in order to allow for the maximum collection and liquidation of investments, recovery of concealed assets and the establishment and execution of a court-approved claims process.