UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
UNITED STATES SECURITIES AND EXCHANGE    :
COMMISSION                                :
                                          :
                                          :  20 Civ. 10849 (LGS)
                    Plaintiff,            :
            -v-                           :  CIVIL CASE
                                          :  MANAGEMENT PLAN
STEFAN QIN et al.                         :  AND SCHEDULING
                    Defendant.            :  ORDER
                                          X
-------------------------------------------------------------------

LORNA G. SCHOFIELD, United States District Judge:

       This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1.     All parties consent do not consent to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.

2.     The parties have conferred pursuant to Fed. R. Civ. P. 26(f); in particular, Mr. Qin reached agreements with the SEC to provide information, as memorialized in the Stipulation and Order entered January 6, 2021 (Dkt No. 26), as well as with the Receiver who conducted a series of interviews of Mr. Qin.

3.     This case is governed by one of the following sets of rules, and the parties' proposed dates in this order have been adjusted accordingly.

    a.     An employment case governed by the Initial Discovery Protocols for Employment cases? https://nysd.uscourts.gov/hon-lorna-g-schofield.
[Yes _____ / No __X____]

    b.     A case governed by Local Civil Rule 83.10, Plan for Certain § 1983 Cases Against the City of New York? https://nysd.uscourts.gov/rules.
[Yes _____ / No ___X___]

    c.     A patent case subject to the Local Patent Rules and the Court's Individual Rules? https://nysd.uscourts.gov/rules and https://nysd.uscourts.gov/hon-lorna-g-schofield
[Yes _____ / No ___X___]

    d.     A wage and hour case governed by Initial Discovery Protocols for Fair Labor

        Standards Act? https://nysd.uscourts.gov/hon-lorna-g-schofield.
        [Yes _____ / No____X____]

4.     Alternative Dispute Resolution/Settlement

    a.     Settlement discussions have taken place.

    b.     Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:
<u>Counsel for the parties have discussed an early exchange of information; Mr. Qin supplied information as requested through informal means, providing it to the Receiver</u>

    c.     Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and (iii) retention of a private mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:
<u>Counsel for the SEC proposes that, if by December 15, 2021, Mr. Qin makes a formal offer to the SEC that counsel for the SEC would recommend the commissioners, and then the Court, approve, the SEC will so inform the Court. If a formal offer is not received by that date, the SEC will inform the Court of that fact and request permission to file a motion for summary judgment.</u>
_____

    d.     **The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.**

5.     No additional parties may be joined after January 15, 2022 without leave of Court.

6.     Amended pleadings may be filed without leave of Court until March 15, 2022.

7.     Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall not be required of the SEC, Defendant Qin, or the Receiver in light of the parties' informal arrangements.

8.     Fact Discovery

    a.     All fact discovery shall be completed no later than June 16, 2022.

9.  Expert discovery is not anticipated as necessary for this case.

10. This case is not to be tried to a jury. This case is not expected to be set for trial; if trial were required the SEC anticipates that it would be completed in 3 days.

11. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.

    As described above, if settlement is not possible, the SEC anticipates filing a motion for summary judgment based on the collateral effect of the criminal judgment against Mr. Qin.

12. Status Letters
    a. Plaintiff shall file a status letter regarding the progress of settlement discussions by December 15, 2021.
    b. The Receiver shall file a status letter by January 17, 2022, and every 60 days thereafter, updating the Court on the status of the matter.

This Order may not be modified or the dates herein extended, except as provided in paragraph 8(f)) or by further Order of this Court for good cause shown. Any application to modify or extend the dates herein, except as provided in paragraph 8(f), shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

Notwithstanding any other rules governing discovery or other deadlines, the parties shall follow the deadlines set forth herein unless expressly ordered otherwise by the Court.

The Clerk of Court is directed to enter the dates under paragraphs 5, 6, 8 and 12(a)-(b) into the Court's calendar.

SO ORDERED.

Dated: November 18, 2021
       New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE