UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

                              Plaintiff,          20 Civ. 10849 (LGS)

        -against-

                                                               <u>ORDER</u>

STEFAN QIN et al.,

                              Defendants.
-------------------------------------------------------------

LORNA G. SCHOFIELD, District Judge:

       WHEREAS, on December 30, 2021, Court-appointed Receiver Robert A. Musiala, Jr., Esq. (the "Receiver") of Baker & Hostetler LLP ("Baker Hostetler") submitted the Third Fee Application (Dkt. No. 114), seeking approval of the payment of fees and expenses incurred between July 1, 2021, and September 30, 2021 (the "Application Period"). The Third Fee Application seeks approval of payments in the following amounts: $1,029,228.78 (BakerHostetler); $668,477.10 (Ankura Consulting Group) ("Ankura") and $135.00 (Nelsons Attorneys-at Law, Ltd) ("Nelsons") (collectively, the "Receiver Team"). In connection with the Third Fee Application, the Receiver and the Receiver Team submitted invoices detailing the work performed. It is hereby

       **ORDERED** that the Third Fee Application is **GRANTED**. The Receiver is authorized to make payments for the total amounts requested in the application. "'A receiver appointed by a court who reasonably and diligently discharges his duties is entitled to be fairly compensated for services rendered and expenses incurred.'" *SEC v. Amerindo Inv. Advisors Inc.*, No. 5 Civ. 5231, 2019 WL 3526590, at *4 (S.D.N.Y. Aug. 2, 2019) (quoting *SEC v. Byers*, 590 F. Supp. 2d 637, 644 (S.D.N.Y. 2008)). "Like fee awards in other contexts, the reasonableness of a receiver's fee application is determined in the court's discretion, and is judged by, among other

things, the reasonableness of the hourly rate charged and the reasonableness of the number of hours billed." *Id.* (internal citation omitted).  In determining a reasonable fee, the Court considers a number of factors, including (1) "the complexity of problems faced," (2) "the benefits to the receivership estate," (3) "the quality of the work performed," and (4) "the time records presented."  *SEC v. Morgan*, 504 F. Supp. 3d 221, 223 (W.D.N.Y. 2020).

Here, the SEC reviewed and approved the fee application.  The SEC's approval is "given great weight" in determining the reasonableness of the compensation and reimbursement sought by a receiver.  *Id*.  The Receiver Team continues to be engaged in highly complex and time-intensive work, which has resulted in a number of benefits for the Receivership, as outlined in the application.  Billing records show that the vast majority of the Receiver's time is spent on asset analysis and recovery, which is time-consuming, fact-intensive work.  During the Application Period, the Receiver Team performed a number of tasks that were beneficial to the receivership estate, including successfully asserting, negotiating and settling claims to receivership property and taking custody of such property, investigating third parties who may be in possession of receivership property, liquidating cryptocurrency assets, responding to investor inquiries, drafting, managing and updating numerous subpoenas and information requests to third parties, freezing assets of third parties, conducting witness interviews, processing and analyzing additional data after taking custody of various hardware devices and other data sources, and managing claims asserted by former employees and investors.  The hourly rates remain significantly discounted from the ordinary rates of the Receiver and Ankura, resulting in a combined total discount and fee write-off of $501,554.00 and $294,543.50, respectively, for the Application Period.  It is further

**ORDERED** that future fee applications shall describe the work performed by the Receiver Team during the Application Period, including specific benefits obtained for the receivership estate during the Application Period.

Dated: January 20, 2022
       New York, New York

                                            **LORNA G. SCHOFIELD**
                                        **UNITED STATES DISTRICT JUDGE**