**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>           Plaintiff,<br><br>      vs.<br><br>STEFAN QIN, VIRGIL TECHNOLOGIES LLC, MONTGOMERY TECHNOLOGIES LLC, VIRGIL QUANTITATIVE RESEARCH, LLC, VIRGIL CAPITAL LLC, and VQR PARTNERS LLC,<br><br>           Defendants. | Case No.: 20-cv-10849 (LGS) |

**MEMORANDUM OF LAW IN SUPPORT OF RECEIVER'S MOTION FOR AN ORDER APPROVING THE RETENTION OF THE LAW OFFICE OF DENNIS COHEN**

                                                      **BAKER & HOSTETLER LLP**
                                                      45 Rockefeller Plaza
                                                      New York, New York 10111
                                                      Telephone: (212) 589-4200
                                                      Facsimile: (212) 589-4201

                                                      *Attorneys for Receiver Robert A. Musiala, Jr.*

Robert A. Musiala Jr., as Court-appointed Receiver in the above-captioned action, by and through his undersigned counsel, respectfully submits this memorandum of law in support of the Receiver's Motion for an Order Approving the Retention of the Law Office of Dennis Cohen, PLLC (the "Motion") as special counsel.  The SEC has consented to the relief requested herein.

## BACKGROUND AND PROCEDURAL HISTORY

On December 22, 2020, the U.S. Securities and Exchange Commission ("SEC") filed a complaint in the United States District Court for the Southern District of New York against Virgil Technologies LLC, Montgomery Technologies LLC, Virgil Quantitative Research, LLC, Virgil Capital LLC, VQR Partners LLC (collectively, "Receivership Entities" or "Entity Defendants") and Stefan Qin (collectively, "Defendants"), captioned *SEC v. Qin*, No. 20-cv-10849 (LGS) (S.D.N.Y.) ("*SEC v. Qin*").  The Receivership Entities are a group of interrelated entities, all of which were either controlled or owned directly by Defendant Stefan Qin.  Using his control and ownership of the Receivership Entities, Qin perpetrated a scheme to lure investors into two funds (the "Funds"), the Virgil Sigma Fund LP (the "Sigma Fund") and the VQR Multistrategy Fund LP, which were marketed as using algorithmic trading strategies involving cryptocurrencies.  Through this scheme, Qin exerted his control, particularly over the Sigma Fund, to steal investor proceeds to fund personal expenses and investments and paid investor redemptions by using funds from new investors to pay earlier investors.  On February 4, 2021, Qin pleaded guilty to one count of securities fraud in connection with this scheme.[1]  On September 15, 2021, Qin was sentenced to 90 months in prison.[2]

---

[1] Press Release 21-022, Department of Justice, U.S. Attorney's Office, Southern District of New York, *Founder Of $90 Million Cryptocurrency Hedge Fund Charged With Securities Fraud And Pleads Guilty In Federal Court* (Feb. 4, 2021), *available at* https://www.justice.gov/usao-sdny/pr/founder-90-million-cryptocurrency-hedge-fund-charged-securities-fraud-and-pleads-guilty.
[2] Press Release 21-239, Department of Justice, U.S. Attorney's Office, Southern District of New York, *Founder Of $90 Million Cryptocurrency Hedge Fund Sentenced To More Than Seven Years In Prison* (Sept. 15, 2021),

On January 21, 2021, upon stipulation of the parties, the Court entered an order (the "Receiver Order") which, *inter alia*, appointed the Receiver for the purposes of marshaling and preserving all assets of the Entity Defendants that: "(a) are attributable to funds derived from investors, including without limitation any assets associated with either Virgil Sigma Fund, LP or VQR Multistrategy Fund LP; (b) are held in constructive trust for the Entity Defendants; (c) were fraudulently transferred by the Entity Defendants, or by any of their owned or controlled subsidiaries, or by any person acting on behalf of, or who controlled any of, the Entity Defendants; and/or (d) may otherwise be includable as assets of the estates of the Entity Defendants (collectively, the "Recoverable Assets")."[3]

The Receiver Order empowers the Receiver:

A. To use reasonable efforts to determine the nature, location, and value of all property interests of the Receivership Entities and all other Recoverable Assets, including, but not limited to, monies, funds, securities, digital assets, credits, effects, goods, chattels, lands, premises, leases, claims, rights, and other assets, together with all rents, profits, dividends, interest, or other income attributable thereto, of whatever kind, which the Receivership Entities own, possess, have a beneficial interest in, or control directly or indirectly ("Receivership Property" or, collectively, the "Receivership Estates");

B. To take custody, control, and possession of all Receivership Property and records relevant thereto from the Receivership Entities; to sue for and collect, recover, receive, and take into possession from third parties all Receivership Property and records relevant thereto;

C. To manage, control, operate, and maintain the Receivership Estates and hold in his possession, custody, and control all Receivership Property, pending further Order of this Court;

D. To use Receivership Property for the benefit of the Receivership Estates, making payments and disbursements and incurring expenses as may be necessary or advisable in the ordinary course of business in discharging his duties as Receiver;

---

*available at* https://www.justice.gov/usao-sdny/pr/founder-90-million-cryptocurrency-hedge-fund-sentenced-more-seven-years-prison.
[3] Order Appointing Receiver, *SEC v. Qin*, No. 20-cv-10849 (LGS) (S.D.N.Y. Jan. 21, 2021), ECF No. 31.

E. To take any action which, prior to the entry of this Order, could have been taken by the officers, directors, partners, managers, managing members, trustees, and agents of the Receivership Entities;

F. To engage and employ persons in his discretion to assist him in carrying out his duties and responsibilities hereunder, including, but not limited to, accountants, attorneys, securities traders, registered representatives, financial or business advisers, liquidating agents, real estate agents, forensic experts, investigators, technology vendors, brokers, traders, or auctioneers;

G. To take such action as necessary and appropriate for the preservation of Receivership Property or to prevent the dissipation or concealment of Receivership Property;

H. To issue subpoenas for documents and testimony consistent with the Federal Rules of Civil Procedure, concerning any subject matter within the powers and duties granted by this Order;

I. To bring such legal actions based on law or equity in any state, federal, or foreign court as the Receiver deems necessary or appropriate in discharging his duties as Receiver;

J. To pursue, resist, and defend all suits, actions, claims, and demands which may now be pending or which may be brought by or asserted against the Receivership Estates; and

K. To take such other action as may be approved by this Court.[4]

The Receiver Order further authorizes and empowers the Receiver "to develop a plan for the fair, reasonable, and efficient recovery and liquidation of all Recoverable Assets and other Receivership Property" and directs the Receiver to file a status report with the Court within thirty days of the entry of the Receiver Order.[5] Within thirty days after the end of each calendar quarter, beginning on April 30, 2021, the Receiver must also file "a full report and accounting of the Receivership Estates (the "Quarterly Status Report"), reflecting (to the best of the Receiver's knowledge as of the period covered by the report) the existence, value, and location of all Receivership Property, and of the extent of liabilities, both those claimed to exist by others and

---

[4] *Id.* ¶ 7.
[5] *Id.* ¶¶ 44-45.

those the Receiver believes to be legal obligations of the Receivership Estates."[6]  The Receiver Order authorizes the Receiver, after first obtaining an Order of the Court, to solicit agents acting within the scope of such agency ("Retained Personnel") to assist him in carrying out the duties and responsibilities described in the Receiver Order.[7]

The Receiver seeks to subpoena third parties for records related to his investigation and requires a third-party law firm to issue certain subpoenas when the Receiver and his counsel, Baker & Hostetler LLP, cannot due to potential conflicts of interest.

## ARGUMENT

The Receiver has determined that it will be necessary to engage special counsel in New York, New York to assist him in the discharge of his duties under the Receiver Order and to obtain evidence relevant to his investigation and efforts to recover Receivership Property.  The Receiver, therefore, proposes to retain and employ the Law Office of Dennis O. Cohen, PLLC (the "Law Office of Dennis Cohen") as his counsel to assist in, *inter alia*, serving subpoenas to third parties for which the Receiver and/or his counsel are otherwise precluded from serving due to potential conflicts.  The Receiver respectfully requests that this Motion be considered on an expedited basis because expedient retention of special counsel in this matter will enable him to discharge his duties in a timely fashion in accordance with the Receiver Order and maximize asset recovery, which will ultimately be returned to injured investors.

The Receiver seeks to retain the Law Office of Dennis Cohen because of the firm's relevant litigation and discovery experience.  As set forth above, the services of the Law Office of Dennis Cohen are necessary and essential to enable the Receiver to execute faithfully his duties under the Receiver Order and maximize asset recovery.

---

[6] *Id.* ¶ 46.
[7] *Id.* ¶¶ 50-51.

4

The Law Office of Dennis Cohen has indicated a willingness to act on the Receiver's behalf to render the foregoing professional services.  The Receiver submits that the Law Office of Dennis Cohen's provision of professional services to the Receiver is permissible under the Receiver Order and is in the best interest of the Receivership Estates.  To the best of the Receiver's knowledge, no conflict of interest exists between the Receiver, the Law Office of Dennis Cohen, and the Receivership Estates.  To the best of the Receiver's knowledge, the Law Office of Dennis Cohen and its principals and employees: (a) do not hold or represent any interest adverse to the Receiver, the Defendants, their creditors, or the Receivership Estates; (b) have no connection with the Defendants, their creditors, any other party in interest, their respective attorneys and accounts, the SEC, or any judge in the Southern District of New York; (c) are disinterested persons as that term is defined in 11 U.S.C. § 101(14) and used in 11 U.S.C. § 327(a); and (d) hold no pre-receivership claims against the Receivership Estates.

The Law Office of Dennis Cohen proposes to be compensated at the rates listed below.  Applications for compensation to the Law Office of Dennis Cohen will be filed with this Court pursuant to the Receiver Order, the "Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission," and all applicable statutes and rules.  A summary of the Law Office of Dennis Cohen's rate information for the duration of the receivership is set forth below.

| Title | Discounted Rates |
|---|---|
| Partner | $625.00/hour |

## **CONCLUSION**

The Receiver respectfully requests that the Court enter an order authorizing the Receiver to employ the Law Office of Dennis Cohen for the purposes described herein and granting the Receiver such other and further relief as is just and proper.

Dated: February 11, 2022
New York, New York

/s/ *Bari R. Nadworny*
BAKER & HOSTETLER LLP
1050 Connecticut Avenue, NW
Suite 1100
Washington, D.C. 20036
Tel.: (202) 861-1500
Facsimile: (202) 861-1783
Teresa Goody Guillén
tgoodyguillen@bakerlaw.com

45 Rockefeller Plaza
New York, NY 10111-0100
Tel.: (212) 589-4200
Facsimile: (212) 589-4201
Bari R. Nadworny
bnadworny@bakerlaw.com

*Attorneys for Receiver Robert A. Musiala, Jr.*