# BakerHostetler

Baker&Hostetler LLP

Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5403

T 202.861.1500
F 202.861.1783
www.bakerlaw.com

Teresa M. Goody Guillén
direct dial: 202.861.1630
tgoodyguillen@bakerlaw.com

February 16, 2022

**VIA ECF**

The Honorable Lorna G. Schofield
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *United States Securities and Exchange Commission v. Qin, et al.*; No. 20-cv-10849 (LGS)

Dear Judge Schofield:

We are counsel to Robert A. Musiala Jr., Esq., Court-appointed Receiver in the above-referenced matter. We write to respectfully request approval on behalf of the Receiver to redact certain pricing information in a motion the Receiver intends to file seeking an order approving the retention of two blockchain analytics vendors, CipherTrace, Inc. and Elliptic Inc. (the "Motion"), as vendors to facilitate the investigation of complex cryptocurrency transactions, and to file under seal an unredacted version of the Motion, in order to protect the sensitive and confidential business information of the vendors selected.

The Order Appointing Receiver ("Receiver Order") authorizes the Receiver, after first obtaining an Order of the Court, to solicit agents acting within the scope of such agency ("Retained Personnel") to assist him in carrying out the duties and responsibilities described in the Receiver Order.[1] As the Motion will explain, the Receiver seeks to retain established, qualified vendors to assist with tracing digital records of cryptographic assets that are stored on one or more distributed and decentralized databases. This work is meaningful and important, given that, to date, the Receiver has located a significant amount in cryptographic assets that

---

[1] Order Appointing Receiver ¶¶ 50-51, *United States Securities and Exchange Commission v. Qin, et al.*, No. 20-cv-10849 (LGS) (S.D.N.Y. Jan. 21, 2021), ECF No. 31.

The Honorable Lorna G. Schofield
February 16, 2022
Page 2

appear to be Receivership Property,[2] of which the Receiver is unable to further investigate without use of the tools the blockchain analytic vendors would provide.

      The blockchain analytics vendors have requested their pricing not be filed publicly as it would otherwise reveal sensitive and confidential business information.  While the right of public access to judicial documents is firmly rooted in our system of justice, "after determining the weight of the presumption of access, the court must 'balance competing considerations against it.'  Such countervailing factors include but are not limited to 'the danger of impairing law enforcement or judicial efficiency' and 'the privacy interests of those resisting disclosure.'" *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (citation omitted) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).  Because the services these vendors will provide will be valuable to the Receiver in faithfully executing his duties under the Receiver Order and the vendors have offered discounted rates in light of the public benefit nature of the proceedings, we respectfully request leave to redact certain portions of the Motion to protect the vendors' sensitive business information.  The proposed redactions will be narrowly tailored to protect the pricing information at issue.  *See id.* at 120.

      The Receiver, through his counsel, stands ready to respond to any inquiries the Court may have regarding the pricing of these vendors.  The Receiver's ability to retain the vendors is impacted by his ability to maintain the confidentiality of the pricing information.  We thank Your Honor for consideration of this request.

Respectfully submitted,

*/s/ Teresa Goody Guillén*

Teresa M. Goody Guillén
Partner

---

[2] As defined in the Receiver Order, ECF No. 31.