**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION** : | |
| : | |
| **Plaintiff,** : | |
| : | **Case No. 20-CV-10849 (LGS)** |
| **vs.** : | |
| : | |
| **STEFAN QIN, VIRGIL TECHNOLOGIES LLC, MONTGOMERY TECHNOLOGIES LLC, VIRGIL QUANTITATIVE RESEARCH, LLC, VIRGIL CAPITAL LLC, and VQR PARTNERS LLC,** : | |
| : | |
| **Defendants.** : | |
| : | |

---

## [PROPOSED] FINAL JUDGMENT AS TO DEFENDANT STEFAN QIN

The Securities and Exchange Commission ("SEC" or "Commission") having filed a complaint; and Defendant Stefan Qin having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment as to him; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

### I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate

commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)        to engage in any transaction, practice, or course of business which operates or would

operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with Defendant or with anyone described in (a).

## III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to Section

21(d)(5) of the Exchange Act, 15 U.S.C. § 78u(d)(5), Defendant is permanently restrained and

enjoined from directly or indirectly participating in the issuance, purchase, offer, or sale of any

security through any entity owned or controlled by Defendant; provided, however, that this

injunction shall not prevent Defendant from purchasing or selling securities listed on a national

securities exchange for his own personal account.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with Defendant or with anyone described in (a).

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable

for disgorgement of $36,352,028 with pre-judgment interest thereon in the amount of $3,494,791,

for a total of $39,846,819, representing net profits gained as a result of the conduct alleged in the

Complaint. This amount shall be deemed satisfied by:  (1) Defendant's relinquishment of all legal

and equitable right, title, and interest in all properties, businesses, funds and assets currently

controlled by the Court Appointed Receiver in this action ("Receiver"), and all claims he might

assert against the receivership estate; and, (2) the judgment, including the order of forfeiture of

$54,793,532.14, entered against him in the criminal case, *United States v. Stefan Qin*, Case No. 21-CR-

075 (VEC) (S.D.N.Y.), on September 15, 2021.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is

incorporated herein with the same force and effect as if fully set forth herein, and that Defendant

shall comply with all of the undertakings and agreements set forth therein.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of

exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the

allegations in the complaint are true and admitted by Defendant, and further, any debt for

disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under any

judgment, order, consent order, decree or settlement agreement entered in connection with this

proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation

or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C.

§ 523(a)(19).

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.


Dated:  New York, New York
      March 2, 2022

                                    LORNA G. SCHOFIELD
                            UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

|  |  |
|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION** | : |
| | : |
| | : |
| **Plaintiff,** | : |
| | : |
| **vs.** | :  **Case No. 20-CV-10849 (LGS)** |
| | : |
| **STEFAN QIN, VIRGIL TECHNOLOGIES LLC,** | : |
| **MONTGOMERY TECHNOLOGIES LLC, VIRGIL** | : |
| **QUANTITATIVE RESEARCH, LLC, VIRGIL** | : |
| **CAPITAL LLC, and VQR PARTNERS LLC,** | : |
| | : |
| **Defendants.** | : |
| | : |

_____ :

## CONSENT OF DEFENDANT STEFAN QIN

1.      Defendant Stefan Qin acknowledges having been served with the complaint filed by the Securities and Exchange Commission ("SEC" or "Commission") in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.      Defendant pleaded guilty to, and was sentenced for, criminal conduct relating to certain matters alleged in the complaint in this case. Specifically, in _United States v. Stefan Qin_, Case No. 21-CR-075 (VEC) (S.D.N.Y.), Defendant pleaded guilty to one count of securities fraud in violation of 15 U.S.C. § 78j(b), 17 C.F.R. § 240.10-b, and 18 U.S.C. § 2; and on September 15, 2021, a judgment was entered against him, ordering a term of imprisonment and supervised release, as well as forfeiture of $54,793,532.14 (a copy of which judgment is attached as Exhibit A hereto).  This

Consent shall remain in full force and effect regardless of the existence or outcome of any further proceedings in *United States v. Stefan Qin*.

3.      Defendant hereby consents to the entry of the Final Judgment as to Stefan Qin in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things,

a.    permanently restrains and enjoins Defendant from violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10-b, and Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a), and from directly or indirectly participating in the issuance, purchase, offer, or sale of any security through any entity owned or controlled by defendant; provided, however, that this injunction shall not prevent Defendant from purchasing or selling securities listed on a national securities exchange for his own personal account;

b.    orders Defendant liable for disgorgement of $36,352,028 with pre-judgment interest thereon in the amount of $3,494,791, for a total of $39,846,819, representing net profits gained as a result of the conduct alleged in the Complaint, and deems that amount satisfied by (1) Qin's relinquishment of all legal and equitable right, title, and interest in all properties, businesses, funds and assets currently controlled by the Court Appointed Receiver in this action ("Receiver"), and all claims he might assert against the receivership estate; and (2) the judgment, including the order of forfeiture of $54,793,532.14, entered against Defendant in the criminal case, *United States v. Stefan Qin*.

4.      Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

2

5.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6.      Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7.      Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8.      Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9.      Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.  Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10.      Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability.  Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the

3

rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

11. Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e),  Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under any judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of

the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).  If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment.  Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12.    Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action.  For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13.    Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14.    Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.


Dated:  New York, New York
        November __, 2021                    _____
                                             Stefan Qin, pro se

5

the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19). If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13.     Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14.     Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: New York, New York

~~November~~ December 15, 2021

Stefan Qin, pro se