# BakerHostetler

Baker&Hostetler LLP

Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5403

T 202.861.1500
F 202.861.1783
www.bakerlaw.com

March 11, 2022

**VIA ECF**

The Honorable Lorna G. Schofield
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *United States Securities and Exchange Commission v. Qin, et al.*; No. 20-cv-10849 (LGS)

Dear Judge Schofield:

We are counsel to Robert A. Musiala Jr., Esq., Court-appointed Receiver in the above-referenced matter. We write pursuant to Rule I.B.2 of Your Honor's Individual Rules and Procedures for Civil Cases to respectfully request an extension of time and modification of the schedule for the Court-ordered status letters the Receiver is required to file every 60 days, beginning on January 17, 2022 ("Status Letters").[1] We respectfully request the Receiver instead be permitted to file the Status Letters 15 days after the end of every calendar quarter. This is the Receiver's first request for a modification and an extension of time to file a Status Letter. Plaintiff Securities and Exchange Commission ("SEC") consents to this request.

As evidenced by the Receiver's status reports to the Court, and in the Receiver's Status Letter filed on January 18, 2022, the Receiver has worked diligently to locate and retrieve assets belonging to the Receivership Estates,[2] discharge his duties outlined in the Receiver Order, and maximize asset recovery for the benefit of injured investors. The Receiver requests additional

---

[1] Civil Case Management Plan and Scheduling Order ¶ 12(b), *United States Securities and Exchange Commission v. Qin, et al.*, No. 20-cv-10849 (LGS) (S.D.N.Y. Nov. 18, 2021), ECF No. 106 ("The Receiver shall file a status letter by January 17, 2022 and every 60 days thereafter, updating the Court on the status of the matter.").

[2] Capitalized terms not otherwise defined herein shall have the meaning afforded to them in the Order Appointing Receiver, *United States Securities and Exchange Commission v. Qin, et al.*, No. 20-cv-10849 (LGS) (S.D.N.Y. Jan. 21, 2021), ECF No. 31 ("Receiver Order").

The Honorable Lorna G. Schofield
March 11, 2022
Page 2

time to file his Status Letters so he may consistently provide meaningful updates to the Court while still providing the Court with the opportunity to review and assess the Receiver's progress.

Allowing the Receiver to file the Status Letters 15 days after the end of every calendar quarter would provide for an efficient cycle whereby *first*, at the close of every calendar quarter (i.e., 90 days after the close of the prior calendar quarter) the Receiver would file his quarterly fee application ("Fee Application") for the prior quarter[3]; then *second*, 15 days after the close of every quarter the Receiver would file his Status Letter to the Court addressing the recently closed quarter; and then *third*, 30 days after the close of every quarter the Receiver would file his quarterly status report ("Status Report")[4] addressing the recently closed quarter. The timeline proposed herein would align the timing of the Status Letters with the filing of the Fee Applications and Status Reports. This will allow the Court to review the Status Letters in the context of the recently filed Fee Applications, which will assist the Court in assessing the appropriateness of the fees sought.

The proposed timeline will also allow the Receiver to take advantage of efficiencies where the Fee Applications, Status Letters, and Status Reports are all prepared close in time with each other. The Receiver will expend fewer resources to compile the information necessary for all three of the reports.

For the above reasons, the Receiver respectfully requests an extension of time to file the Status Letters. We thank Your Honor for consideration of this request.

Respectfully submitted,

*/s/ Teresa Goody Guillén*

Teresa M. Goody Guillén
Partner

---

[3] Order Granting Receiver's Letter Motion for Extension of Fee Application, *United States Securities and Exchange Commission v. Qin, et al.*, No. 20-cv-10849 (LGS) (S.D.N.Y. Nov. 10, 2021), ECF No. 102 ("The Receiver shall file the next Quarterly Fee Application, and all future applications shall be made ninety (90) days after the end of each calendar quarter.").
[4] Receiver Order ¶ 46.