UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

                         Plaintiff,         20 Civ. 10849 (LGS)

       -against-

                                         ORDER

STEFAN QIN et al.,

                        Defendants.
-------------------------------------------------------------

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on March 30, 2022, Court-appointed Receiver Robert A. Musiala, Jr., Esq. (the "Receiver") of Baker & Hostetler LLP ("Baker Hostetler") submitted the Fourth Fee Application (Dkt. No. 150), seeking approval of the payment of fees and expenses incurred between October 1, 2021, and December 31, 2021 (the "Application Period"). The Fourth Fee Application seeks approval of payments in the following amounts: $621,540.90 (BakerHostetler); $256,214.52 (Ankura Consulting Group) ("Ankura"), $1,298.70 (Nelsons Attorneys-at Law, Ltd) ("Nelsons"), and approval of payments to Elliptic, Inc. ("Elliptic") and CipherTrace Inc. ("CipherTrace") for the three-month period for Initial Services, outlined in Docket No. 134 (collectively, the "Receiver Team"). In connection with the Fourth Fee Application, the Receiver and the Receiver Team submitted invoices detailing the work performed. It is hereby

**ORDERED** that the Fourth Fee Application is **GRANTED**. The Receiver is authorized to make payments for the total amounts requested in the application, including payments to Elliptic and CipherTrace for the Initial Services. "'A receiver appointed by a court who reasonably and diligently discharges his duties is entitled to be fairly compensated for services rendered and expenses incurred.'" *SEC v. Amerindo Inv. Advisors Inc.*, No. 5 Civ. 5231, 2019

WL 3526590, at *4 (S.D.N.Y. Aug. 2, 2019) (quoting *SEC v. Byers*, 590 F. Supp. 2d 637, 644 (S.D.N.Y. 2008)).  "Like fee awards in other contexts, the reasonableness of a receiver's fee application is determined in the court's discretion, and is judged by, among other things, the reasonableness of the hourly rate charged and the reasonableness of the number of hours billed." *Id.* (internal citation omitted).  In determining a reasonable fee, the Court considers a number of factors, including (1) "the complexity of problems faced," (2) "the benefits to the receivership estate," (3) "the quality of the work performed," and (4) "the time records presented."  *SEC v. Morgan*, 504 F. Supp. 3d 221, 223 (W.D.N.Y. 2020).

Here, the SEC reviewed and approved the fee application.  The SEC's approval is "given great weight" in determining the reasonableness of the compensation and reimbursement sought by a receiver.  *Id*.  The fee application and billing records reflect the significant efforts of the Receiver Team, which continues to engage in highly complex and time-intensive work on behalf of the Receivership Estate.  The majority of the Receiver Team's time was spent on asset analysis and recovery, forensic accounting and claims administration, which is time-intensive work.  During the Application Period, the Receiver Team performed work that was beneficial to the Receivership Estate, including identifying and taking custody of cryptocurrency, liquidating cryptocurrency and transferring the value to the receivership bank account, drafting and issuing subpoenas and information requests to third parties believed to be in possession of receivership property, negotiating the sale and disposition of such property with third parties, analyzing data and documents in connection with potential claims to receivership property, identifying additional financial institutions that may be in possession of receivership property, analyzing data from various sources to gain access to certain cryptocurrency exchanges accounts and conducting witness interviews.  The hourly rates remain significantly discounted from the

ordinary rates of the Receiver and Ankura, resulting in a combined total discount and fee write-off of $318,907.00 and $111,959.00, respectively, for the Application Period.

Dated: April 25, 2022
      New York, New York

                                                  **LORNA G. SCHOFIELD**
                                                **UNITED STATES DISTRICT JUDGE**