**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

                    Plaintiff,

        vs.

STEFAN QIN, VIRGIL TECHNOLOGIES
LLC, MONTGOMERY TECHNOLOGIES
LLC, VIRGIL QUANTITATIVE
RESEARCH, LLC, VIRGIL CAPITAL LLC,
and VQR PARTNERS LLC,

                    Defendants.

Case No.: 20-cv-10849 (LGS)

**MEMORANDUM OF LAW IN SUPPORT OF RECEIVER'S MOTION TO SET
BAR DATE FOR CLAIMS AGAINST THE RECEIVERSHIP ESTATE
AND TO APPROVE CLAIM FORM AND NOTICE PROCEDURES**

**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Receiver Robert A. Musiala, Jr.*

Robert A. Musiala Jr., as the Court-appointed receiver ("Receiver") in the above-captioned action, by and through his undersigned counsel, respectfully submits this Memorandum of Law in Support of the Receiver's Motion to Set Bar Date for Claims Against the Receivership Estate and to Approve Claim Form and Notice Procedures ("Motion") seeking entry of an order ("Bar Date Order") (i) setting 11:59 p.m. prevailing Eastern Time on a date 120 days from the date of the Court's order approving the Motion as the deadline for filing proofs of claim and/or equity interest ("Bar Date") relating to Virgil Capital LLC, Montgomery Technologies, LLC, Virgil Technologies, LLC, Virgil Quantitative Research, LLC and VQR Partners, LLC, including without limitation the assets of Virgil Sigma Fund, LP and VQR Multistrategy Fund, LP (collectively, "Receivership Entities," and, together with all other Recoverable Assets,[1] collectively, "Receivership Estate"); and (ii) approving the proposed claim form and notice procedures.

## I.   JURISDICTION

The Court has jurisdiction over these proceedings pursuant to (i) Section 22 of the Securities Act of 1933 (15 U.S.C. § 77v), and (ii) Sections 21(e) and 27 of the Securities Exchange Act of 1934 (15 U.S.C. §§ 78u(e) and 78aa).

The Court has jurisdiction over this Motion pursuant to the Order Appointing Receiver[2] ("Receiver Order"), which empowers the Receiver (i) to bring legal actions necessary or appropriate to discharge his duties, (ii) to take such action as may be approved by this Court, and

---

[1] Capitalized terms not otherwise defined herein are accorded the meaning afforded them in the Order Appointing Receiver. Order Appointing Receiver, *United States Securities and Exchange Commission vs. Stefan Qin, et al.*, No. 20-cv-10849 (LGS) (S.D.N.Y. Jan. 21, 2021), ECF No. 31 (hereinafter "Receiver Order").

[2] *Id.*

(iii) to take all actions to manage, maintain, and/or wind-down business operations of the Receivership Estate.[3]

## II.   BACKGROUND AND PROCEDURAL HISTORY

On December 22, 2020, the United States Securities and Exchange Commission ("SEC") filed a complaint in the United States District Court for the Southern District of New York against Virgil Technologies LLC, Montgomery Technologies LLC, Virgil Quantitative Research, LLC, Virgil Capital LLC, VQR Partners LLC (collectively, "Entity Defendants") and Stefan Qin ("Qin").[4]   The Entity Defendants are a group of interrelated entities, all of which were either controlled or owned directly by Qin.   Using his control and ownership of the Entity Defendants, Qin perpetrated a scheme to lure investors into two funds ("Funds"), Virgil Sigma Fund LP ("Sigma Fund") and VQR Multistrategy Fund LP ("VQR Fund"), that were marketed as using algorithmic trading strategies involving cryptocurrencies.   Through this scheme, Qin exerted his control, particularly over the Sigma Fund, to steal investor proceeds to fund personal expenses and investments and paid investor redemptions by using funds from new investors to pay earlier investors.   On February 4, 2021, Qin pleaded guilty to one count of securities fraud in connection with this scheme.[5]   On September 15, 2021, Qin was sentenced to 90 months in prison.[6]

---

[3] *Id.* at §§ I.7.I, I.7.K, and VII.33.

[4] Complaint, *United States Securities and Exchange Commission vs. Stefan Qin, et al.*, No. 20-cv-10849 (LGS) (S.D.N.Y. Dec. 22, 2020), ECF No. 01.

[5] Press Release 21-022, Department of Justice, U.S. Attorney's Office, Southern District of New York, *Founder Of $90 Million Cryptocurrency Hedge Fund Charged With Securities Fraud And Pleads Guilty In Federal Court* (Feb. 4, 2021), *available at* https://www.justice.gov/usao-sdny/pr/founder-90-million-cryptocurrency-hedge-fund-charged-securities-fraud-and-pleads-guilty.

[6] Press Release 21-239, Department of Justice, U.S. Attorney's Office, Southern District of New York, *Founder Of $90 Million Cryptocurrency Hedge Fund Sentenced To More Than Seven Years In Prison* (Sept. 15, 2021), *available at* https://www.justice.gov/usao-sdny/pr/founder-90-million-cryptocurrency-hedge-fund-sentenced-more-than-seven-years-prison.

### III.   THE RECEIVER'S SCOPE OF AUTHORITY

On January 21, 2021, upon stipulation of the SEC, Qin, and the Entity Defendants,[7] the Court entered the Receiver Order, which, *inter alia*, appointed the Receiver ("Receivership Proceeding") for the purposes of marshaling and preserving all assets of the Entity Defendants that:

> "(a) are attributable to funds derived from investors, including without limitation any assets associated with either Virgil Sigma Fund, LP or VQR Multistrategy Fund LP; (b) are held in constructive trust for the Entity Defendants; (c) were fraudulently transferred by the Entity Defendants, or by any of their owned or controlled subsidiaries, or by any person acting on behalf of, or who controlled any of, the Entity Defendants; and/or (d) may otherwise be includable as assets of the estates of the Entity Defendants (collectively, the "Recoverable Assets")."[8]

The Receiver Order further authorizes the Receiver to develop a plan for the fair, reasonable, and efficient liquidation of all Recoverable Assets and other Receivership Property ("Liquidation Plan").[9]

Pursuant to his duties under the Receiver Order, the Receiver has been marshaling, liquidating, and preserving Recoverable Assets on behalf of the Receivership Estate.  Through an extensive investigative and forensic process, the Receiver has identified approximately 160 potential investors, creditors, and other stakeholders (collectively, "Identified Potential Claimants") who may have claims against, or assert equity interests in, the Receivership Entities. The Receiver seeks to undergo a notice and claims process (i) to provide notice to these Identified Potential Claimants, (ii) to identify any other potential claimants (together with Identified Potential Claimants, "Claimants"), and to the extent any Claimant believes they have a claim or interest,

---

[7] Stipulation to the Entry of Order Appointing Receiver, *United States Securities and Exchange Commission vs. Stefan Qin, et al.*, No. 20-cv-10849 (LGS) (S.D.N.Y. Jan. 20, 2021), ECF No. 29.

[8] Receiver Order.

[9] *Id.* at § XII.44.

(iii) to provide a means by which each may make a claim or assert an equity interest against the Receivership Estate. The Receiver also proposes to set a Bar Date by when all claims and interests must be submitted to the Receiver for his review.

The Receiver continues to analyze investor data for both the Sigma and VQR Funds, which had limited books and records. Neither Fund had been audited, and neither Fund had any level of third-party accounting verification in the months leading up to the appointment of the Receiver. In addition to reviewing the books and records of the Receivership Entities (collectively "Estate Records"), the Receiver will review the bona fides for each potential claim and assertion of equity interest, along with the supporting documentation submitted therewith to assess the nature, validity, and extent of each potential claim. The process proposed in this Motion will provide sufficient notice to Claimants and allow sufficient time by which each may submit a claim or equity interest for the Receiver's review and consideration. This process will also allow the Receiver to make an informed determination as to the appropriate amount and timing for any distribution as part of an overall future Liquidation Plan.

## IV.     REQUEST FOR RELIEF

By this Motion, the Receiver seeks the entry of a Bar Date Order fixing a date 120 days from the date of the Court's order approving this Motion as the Bar Date for the filing of all proofs of claim and/or equity interests relating to the Receivership Estate. To assure that all potential Claimants have notice of and are bound by the Bar Date Order, the Receiver requests that such order be entered on the case docket of this Receivership Proceeding, Case No. 20-cv-10849 (LGS). The Receiver further seeks approval of the form and manner of notice of the Bar Date, as set forth in more detail below. The SEC has reviewed this Motion and does not object to the relief requested herein.

It is in the best interest of justice and fairness that all potential Claimants have the opportunity to assert claims and/or equity interests against the Receivership Estate. Accordingly, the Court may establish a deadline by which time potential Claimants need assert any such claims and equity interests. Pursuant to the specific power vested in the Court by (i) 15 U.S.C. § 687c, (ii) Rule 66 of the Federal Rules of Civil Procedure ("FRCP"), and (iii) its general equity powers, this Court is authorized to prescribe the form and manner of notice to Claimants and to establish a Bar Date for such claims against the Receivership Estate in order to wind up the Receivership. The procedures, derived from receivership practice under common law,[10] are recognized as applicable in federal courts pursuant to FRCP 66.

## A. Proposed Notice and Claim Form Procedures

The Receiver has conducted a thorough review of the Estate Records and believes there to be approximately 160 Identified Potential Claimants located in various states and foreign countries who may have claims against the Receivership Estate. Within fourteen (14) business days following entry of the Bar Date Order by this Court, the Receiver will send to these Identified Potential Claimants notice of the Bar Date ("Notice") and a proof of claim form ("Claim Form") substantially in the form attached to the Motion as Exhibit A (i) via electronic mail[11] to the last known email address of each, or, only where necessary, via U.S. mail to the last known physical address[12] of each and (ii) by publication in the manner set forth below.[13] With respect to Identified

---

[10] See Ralph Ewing Clark, A TREATISE ON THE LAW AND PRACTICE OF RECEIVERS 652 (1959 & Supp. 1968-9).

[11] In the case of notice via electronic mail, the Receiver will provide a URL address and link that directs Claimants to a website that contains instructions on how to complete the Claim Form online and submit it electronically via a secure online portal.

[12] The Receiver will send the Notice and Claim Form via U.S. mail in instances (i) where there is no electronic mail address available for an Identified Potential Claimant or (ii) if there is reason to believe that an Identified Potential Claimant did not receive the Notice and Claim Form via electronic mail.

[13] In cases involving internet-based activities, federal courts have concluded that electronic notice satisfies the requirements of due process. See U.S. Commodity Futures Trading Commission v. Senen Pousa, et al., No. 12-CV-0862, Order Approving Claims Process, Notice Procedures, and Bar Date, Dkt. 101 (W.D. Tex., Aug. 11, 2015) (approving electronic notice of claims process and bar date for receivership); Lundell v. Dell, Inc., CIVA C05-3970

Potential Claimants, the Receiver will file with this Court a certificate identifying (i) the persons to whom the Notice and Claim Form were sent and (ii) the date and manner of transmittal.

To provide notice to other potential Claimants whose names and addresses are not known to the Receiver, the Receiver seeks permission to publish notice of the Bar Date ("Publication Notice"), as edited to reduce cost and substantially in the form of Exhibit B attached to the Motion, in an electronic format via PR Newswire, which is an industry leading distributor of internet-based press release content with a network of nearly 3,000 newsrooms that reaches more than 4,500 U.S. websites and 10,000 global websites.  The Publication Notice will be issued within fourteen (14) business days following entry of the Bar Date Order by this Court and will be disseminated in the United States and the Cayman Islands.[14]

The Receiver further intends to publish the Notice, Claim Form, and other relevant information, including contact information for claims-related inquiries, on his website [https://www.bakerlaw.com/qin-receivership] ("Receiver's Website") to provide Claimants and other stakeholders with up-to-date information related to the claims process and the Receivership.

Claimants must complete and submit their Claim Form along with all supporting documents and information (as further outlined below) electronically via the Receiver's secure online portal by the Bar Date.  A link to the secure online portal will be available on the Receiver's Website. In the event that any Claimant is unable or unwilling to submit their Claim Form electronically, the Receiver, upon receiving a specific written request and at his discretion, will allow those Claimants to submit their Claim Form, along with all supporting documentation and

---

JWRS, 2006 WL 3507938, at *1 (N.D. Cal, Dec. 5, 2006) (notice sent electronically and posted to website satisfied due process).

[14] The Receivership Entities were registered in the United States and in the Cayman Islands.  The Receiver may also disseminate the Publication Notice in certain other jurisdictions where there is reason to believe potential Claimants may be located.

information, via U.S. First Class mail (or equivalent common carrier), which must be postmarked by the Bar Date.

Along with their Claim Form, all potential Claimants must submit any documentation and background information necessary to substantiate and support their claim ("Supporting Documentation") by the Bar Date. By requiring Claimants to provide Supporting Documentation, the Receiver intends to discourage the filing of inflated, frivolous, or erroneous claims and, therefore, reduce the time required to review said claims and assertions of interest.

The Receiver respectfully submits that providing notice of the Bar Date in the foregoing manner is reasonably calculated to reach all known and unknown Claimants of the Receivership Entities. The Receiver further submits that approval of the Bar Date and the proposed notice procedures will give Claimants a sufficient opportunity to prepare and submit timely proofs of claim and/or equity interest with respect to the Receivership Estate. Other courts have approved similar manner and form of notice in receivership matters. *See e.g.*, *SEC v. Arisebank*, No. 3:18-cv-00186-M, Docket No. 100, Order Granting Motion (N.D. Tex. Feb. 1, 2019) (approving Receiver's electronic notice procedures to potential claimants); *see also SEC v. Titanium Blockchain Infrastructure Services, Inc.*, No 18-cv-4315, Docket No. 96, Order Approving Claims Process and Bar Date, (C.D. Cal., August 21, 2020) (approving Receiver's electronic notice procedures to potential claimants).

## B. <u>Bar Date</u>

The Receiver requests that the Court set 11:59 p.m. prevailing Eastern Time on the Bar Date as the deadline for the timely submission of claims against the Receivership Estate. The proposed Bar Date provides potential Claimants with sufficient time to prepare and submit a claim while balancing the need for finality of the process. Specifically, the Bar Date is necessary to

allow the Receiver to gather and determine all claims without the fear that additional claims might be later submitted, which would frustrate and delay the Receiver's ability to formulate and implement a Liquidation Plan, as required by the Receiver Order.  The claims bar date process is also necessary as an integral step, not only for the marshaling of assets, but for the eventual termination of the Receivership.

Claims submitted electronically or postmarked after the Bar Date will not be timely ("Late Claims").  The Receiver proposes that any holder of a Late Claim shall be forever barred, estopped, and enjoined from later asserting such claim or equity interest against the Receivership Estate. The Receiver may, in his sole discretion, consider Late Claims.  The Court, upon the motion of a late Claimant setting forth a proper basis, has the discretion to order the Receiver to consider a Late Claim.

### C.  <u>Claims Review Process</u>

At a later date, the Receiver intends to make a separate motion setting forth a proposed process for determining claims and adjudicating disputed claims.  Additionally, prior to making any distribution to Claimants – interim or final – the Receiver will file a motion with the Court setting forth the proposed distribution and basis thereof.

### V.    <u>NOTICE OF MOTION</u>

Notice of this Motion has been provided to counsel for the SEC and Qin.  The SEC does not object to the relief requested herein.  The Receiver will also post a copy of this Motion on the Receiver's Website.  Given the nature of the relief requested herein, the Receiver submits that no other or further notice is necessary or required.

No previous application for the relief set forth herein has been made to this or any other court.

## VI.   **CONCLUSION**

The Receiver respectfully requests that the Court enter the proposed order submitted with this Motion that:

i.      Approves the Notice and Claim Form substantially in the form of <u>Exhibit A</u> attached to the Motion and the Publication Notice substantially in the form of <u>Exhibit B</u> attached to the Motion;

ii.      Authorizes the Receiver, no later than fourteen (14) business days after entry of the Order approving this Motion, to (a) send such Notice and Claim Form to all Identified Potential Claimants currently and reasonably known to him and (b) issue the Publication Notice as described herein;

iii.      Sets 11:59 p.m. prevailing Eastern Time on a date 120 days from the date of the Court's order approving this Motion as the Bar Date for Claimants to file proofs of claim and/or equity interest against the Receivership Estate;

iv.      Requires all potential Claimants noticed under the procedures described herein to submit their Claim Form and Supporting Documentation such that (i) the Receiver actually receives it electronically via the secure online portal on or before the Bar Date or (ii) it is postmarked on or before the Bar Date;

v.      Orders that (a) any claim or assertion of equity interest received by the Receiver after the Bar Date, or, in instances of submission by U.S. First Class mail or other common carrier, postmarked after the Bar Date be deemed untimely, and (b) any holder of such claim or equity interest shall be forever barred, estopped, and enjoined from later asserting such untimely claim or equity interest against the Receivership Estate unless the acceptance of such

untimely claim is warranted as determined by the Receiver, in his sole discretion, or as ordered

by the Court upon the motion of a potential Claimant;

    vi.        Authorizes the Receiver, in his discretion, to bar any untimely claim from receiving

a distribution until all expenses of administering the Receivership and all timely allowed claims

are paid in full; and

    vii.        Grants the Receiver such other and further relief as is just and proper.


Dated: July 8, 2022
      New York, New York

                          */s/ Marco Molina*
                          BAKER & HOSTETLER LLP
                          45 Rockefeller Plaza
                          New York, NY 10111-0100
                          Tel.: (212) 589-4200
                          Facsimile: (212) 589-4201
                          Marco Molina
                          mmolina@bakerlaw.com
                          *Attorney for Receiver Robert A. Musiala, Jr.*