```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
UNITED STATES SECURITIES AND                                 :
EXCHANGE COMMISSION,                                         :
                                    Plaintiff,               :    20 Civ. 10849 (LGS)
                                                             :
              -against-                                      :            ORDER
                                                             :
STEFAN QIN., et al.                                          :
                                                             :
                                    Defendants.              :
-------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, on January 21, 2022, Robert A. Musiala, Jr. Esq. of Baker & Hostetler LLP ("Baker Hostetler") was appointed as the Receiver in this action (the "Receiver Order") (Dkt. No. 31).

      WHEREAS, on June 29, 2022, the Receiver submitted the Fifth Fee Application (Dkt. No. 156), seeking approval of the payment of fees and expenses incurred between January 1, 2022 and March 31, 2022 (the "Application Period"). The Fifth Fee Application seeks approval of payments in the following amounts: $663,265.80 (BakerHostetler); $322,227.59 (Ankura Consulting Group) ("Ankura") and $11,875.00 (Law Office of Dennis O. Cohen, PLLC) (collectively, the "Receiver Team"). In connection with the Fifth Fee Application, the Receiver and the Receiver Team submitted invoices detailing the work performed.

      WHEREAS, on July 14, 2022, the Receiver filed its Seventh Status Report (Dkt. No. 165).

      WHEREAS, pursuant to the Receiver Order, the Receiver's Quarterly Status Reports must include certain information, including the amount of cash on hand, the existence, value and location of all Receivership Property, the amount of unencumbered funds in the estate, a description of all known Receivership Property, a description of liquidated and unliquidated

claims held by the Receivership Estates and a list of all known creditors and the amounts of their claims.

WHEREAS, neither the Fifth Fee Application nor the Seventh Status Report include all of the requisite information described in the Receiver Order. For instance, the Fifth Fee Application describes the sources of cash on hand but neither states the amount of cash on hand nor the amount of unencumbered funds in the estate. There is no description of all known Receivership Property, including approximate or actual valuations, nor is there a schedule of all the Receiver's receipts and disbursements for the quarterly period and duration of the receivership. The Seventh Status Report notes that the Receiver Team is evaluating creditor claims and has paid certain creditor expenses but does not provide a list of all known creditors with their addresses and the amounts of their claims. It is hereby

ORDERED that the Fifth Fee Application is **GRANTED IN PART**. "'A receiver appointed by a court who reasonably and diligently discharges his duties is entitled to be fairly compensated for services rendered and expenses incurred.'" *SEC v. Amerindo Inv. Advisors Inc.*, No. 5 Civ. 5231, 2019 WL 3526590, at *4 (S.D.N.Y. Aug. 2, 2019) (quoting *SEC v. Byers*, 590 F. Supp. 2d 637, 644 (S.D.N.Y. 2008)). "Like fee awards in other contexts, the reasonableness of a receiver's fee application is determined in the court's discretion, and is judged by, among other things, the reasonableness of the hourly rate charged and the reasonableness of the number of hours billed." *Id.* (internal citation omitted). In determining a reasonable fee, the Court considers a number of factors, including (1) "the complexity of problems faced," (2) "the benefits to the receivership estate," (3) "the quality of the work performed," and (4) "the time records presented." *SEC v. Morgan*, 504 F. Supp. 3d 221, 223 (W.D.N.Y. 2020).

Here, the SEC reviewed and approved the fee application and the invoices for the Receiver and the Receiver Team. The SEC's approval is "given great weight" in determining the reasonableness of the compensation and reimbursement sought by a receiver. *Id*. The fee application and billing records reflect the significant efforts of the Receiver Team, which continues to engage in highly complex and time-intensive work on behalf of the Receivership Estate. The majority of the Receiver and the Receiver Team's time was spent on asset analysis and recovery, forensic accounting and data analysis, which is time-intensive work. During the Application Period, the Receiver Team performed work that was beneficial to the Receivership Estate, including negotiating and executing agreements with third parties to obtain significant Receivership Property, obtaining custody and access to significant Receivership property in the form of cryptocurrencies, identifying potential Receivership Property in the form of cryptocurrencies, identifying, preserving and processing data for further investigation, reviewing and responding to investor inquiries, completing a technical migration of Receiver's institutional cryptocurrency custody account, interviewing witnesses and issuing subpoenas to obtain information regarding potential Receivership Property, analyzing blockchain transactional data to determine whether cryptocurrency may be Receivership Property and issuing subpoenas to third parties to identify the location of assets and foreign-based third parties that are believed to possess significant Receivership Property and to request information and records relating to the Receiver's investigation. During the Application Period, the Receiver and the Receiver Team recovered significant Receivership Property and identified new potential avenues for the recovery of additional Receivership Property. The hourly rates remain significantly discounted from the ordinary rates of the Receiver and Ankura, resulting in a combined total discount and fee write-off of $265,694.50 and $133,841.00, respectively, for the Application Period.

In light of the missing information in the status report and fee application, the Court deems it appropriate to hold back 10% of the payment requested in the Fifth Fee Application until the requisite information is provided. The Receiver is authorized to make payments for the following amounts: $596,639.22 (BakerHostetler); $290,004.83 (Ankura) and $10,687.5 (Law Office of Dennis O. Cohen, PLLC).

Dated: July 25, 2022
    New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE