UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>      Plaintiff,<br><br>  vs.<br><br>STEFAN QIN, VIRGIL TECHNOLOGIES LLC, MONTGOMERY TECHNOLOGIES LLC, VIRGIL QUANTITATIVE RESEARCH, LLC, VIRGIL CAPITAL LLC, and VQR PARTNERS LLC,<br><br>      Defendants. | Case No.: 20-cv-10849 (LGS) |

**MEMORANDUM OF LAW IN SUPPORT OF RECEIVER'S MOTION FOR AN ORDER
APPROVING THE RETENTION OF MILLER KAPLAN ARASE LLP**

                **BAKER & HOSTETLER LLP**
                45 Rockefeller Plaza
                New York, New York 10111
                Telephone: (212) 589-4200
                Facsimile: (212) 589-4201

                *Attorneys for Receiver Robert A. Musiala, Jr.*

Robert A. Musiala Jr., as Court-appointed Receiver in the above-captioned action, by and through his undersigned counsel, respectfully submits this memorandum of law in support of the Receiver's Motion for an Order Approving the Retention of Miller Kaplan Arase LLP (the "Motion"). The U.S. Securities and Exchange Commission ("SEC") has consented to the relief requested herein.

## BACKGROUND AND PROCEDURAL HISTORY

On December 22, 2020, the SEC filed a complaint in the United States District Court for the Southern District of New York against Virgil Technologies LLC, Montgomery Technologies LLC, Virgil Quantitative Research, LLC, Virgil Capital LLC, VQR Partners LLC (each individually a "Receivership Entity," and collectively, "Receivership Entities" or "Entity Defendants") and Stefan Qin (collectively, "Defendants"), captioned *SEC v. Qin*, No. 20-cv-10849 (LGS) (S.D.N.Y.) ("*SEC v. Qin*"). The Receivership Entities are a group of interrelated entities, all of which were either controlled or owned directly by Defendant Stefan Qin. Using his control and ownership of the Receivership Entities, Qin perpetrated a scheme to lure investors into two funds (the "Funds"), the Virgil Sigma Fund LP (the "Sigma Fund") and the VQR Multistrategy Fund LP, which were marketed as using algorithmic trading strategies involving cryptocurrencies. Through this scheme, Qin exerted his control, particularly over the Sigma Fund, to steal investor proceeds to fund personal expenses and investments and paid investor redemptions by using funds from new investors to pay earlier investors. On February 4, 2021, Qin pleaded guilty to one count

of securities fraud in connection with this scheme.[1] On September 15, 2021, Qin was sentenced to 90 months in prison.[2]

On January 21, 2021, upon stipulation of the parties, the Court entered an order (the "Receiver Order") which, *inter alia*, appointed the Receiver for the purposes of marshaling and preserving all assets of the Entity Defendants that: "(a) are attributable to funds derived from investors, including without limitation any assets associated with either Virgil Sigma Fund, LP or VQR Multistrategy Fund LP; (b) are held in constructive trust for the Entity Defendants; (c) were fraudulently transferred by the Entity Defendants, or by any of their owned or controlled subsidiaries, or by any person acting on behalf of, or who controlled any of, the Entity Defendants; and/or (d) may otherwise be includable as assets of the estates of the Entity Defendants (collectively, the "Recoverable Assets")."[3]

The Receiver Order empowers the Receiver:

   A. To use reasonable efforts to determine the nature, location, and value of all property interests of the Receivership Entities and all other Recoverable Assets, including, but not limited to, monies, funds, securities, digital assets, credits, effects, goods, chattels, lands, premises, leases, claims, rights, and other assets, together with all rents, profits, dividends, interest, or other income attributable thereto, of whatever kind, which the Receivership Entities own, possess, have a beneficial interest in, or control directly or indirectly ("Receivership Property" or, collectively, the "Receivership Estates");

   B. To take custody, control, and possession of all Receivership Property and records relevant thereto from the Receivership Entities; to sue for and collect, recover, receive, and take into possession from third parties all Receivership Property and records relevant thereto;

---

[1] Press Release 21-022, Department of Justice, U.S. Attorney's Office, Southern District of New York, *Founder Of $90 Million Cryptocurrency Hedge Fund Charged With Securities Fraud And Pleads Guilty In Federal Court* (Feb. 4, 2021), *available at* https://www.justice.gov/usao-sdny/pr/founder-90-million-cryptocurrency-hedge-fund-charged-securities-fraud-and-pleads-guilty.
[2] Press Release 21-239, Department of Justice, U.S. Attorney's Office, Southern District of New York, *Founder Of $90 Million Cryptocurrency Hedge Fund Sentenced To More Than Seven Years In Prison* (Sept. 15, 2021), *available at* https://www.justice.gov/usao-sdny/pr/founder-90-million-cryptocurrency-hedge-fund-sentenced-more-seven-years-prison.
[3] Order Appointing Receiver, *SEC v. Qin*, No. 20-cv-10849 (LGS) (S.D.N.Y. Jan. 21, 2021), ECF No. 31.

C. To manage, control, operate, and maintain the Receivership Estates and hold in his possession, custody, and control all Receivership Property, pending further Order of this Court;

D. To use Receivership Property for the benefit of the Receivership Estates, making payments and disbursements and incurring expenses as may be necessary or advisable in the ordinary course of business in discharging his duties as Receiver;

E. To take any action which, prior to the entry of this Order, could have been taken by the officers, directors, partners, managers, managing members, trustees, and agents of the Receivership Entities;

F. To engage and employ persons in his discretion to assist him in carrying out his duties and responsibilities hereunder, including, but not limited to, accountants, attorneys, securities traders, registered representatives, financial or business advisers, liquidating agents, real estate agents, forensic experts, investigators, technology vendors, brokers, traders, or auctioneers;

G. To take such action as necessary and appropriate for the preservation of Receivership Property or to prevent the dissipation or concealment of Receivership Property;

H. To issue subpoenas for documents and testimony consistent with the Federal Rules of Civil Procedure, concerning any subject matter within the powers and duties granted by this Order;

I. To bring such legal actions based on law or equity in any state, federal, or foreign court as the Receiver deems necessary or appropriate in discharging his duties as Receiver;

J. To pursue, resist, and defend all suits, actions, claims, and demands which may now be pending or which may be brought by or asserted against the Receivership Estates; and

K. To take such other action as may be approved by this Court.[4]

The Receiver Order further authorizes and empowers the Receiver "to develop a plan for the fair, reasonable, and efficient recovery and liquidation of all Recoverable Assets and other Receivership Property" and directs the Receiver to file a status report with the Court within thirty days of the entry of the Receiver Order.[5] Within thirty days after the end of each calendar quarter,

---

[4] *Id.* ¶ 7.
[5] *Id.* ¶¶ 44-45.

3

beginning on April 30, 2021, the Receiver must also file "a full report and accounting of the Receivership Estates (the "Quarterly Status Report"), reflecting (to the best of the Receiver's knowledge as of the period covered by the report) the existence, value, and location of all Receivership Property, and of the extent of liabilities, both those claimed to exist by others and those the Receiver believes to be legal obligations of the Receivership Estates."[6] The Receiver Order authorizes the Receiver, after first obtaining an Order of the Court, to solicit agents acting within the scope of such agency ("Retained Personnel") to assist him in carrying out the duties and responsibilities described in the Receiver Order.[7]

The Receiver is obligated, and has a duty, to file taxes and perform other tax compliance activities on behalf of the Receivership Entities. The Receiver requires professional tax advice to sufficiently comply with his tax compliance obligations.

## ARGUMENT

The Receiver has determined that it will be necessary to engage Miller Kaplan Arase LLP ("Miller Kaplan") to assist him in the discharge of his duties under the Receiver Order and provide tax and consulting services on behalf of the Receiver, who seeks to retain Miller Kaplan because of the firm's relevant tax and accounting experience. The Receiver therefore proposes to retain and employ Miller Kaplan as tax preparer and to provide tax and consulting services. The Receiver respectfully requests that this Motion be considered on an expedited basis because expedient retention of Miller Kaplan in this matter will enable him to discharge his duties in a timely fashion in accordance with the Receiver Order.

Miller Kaplan has indicated a willingness to act on the Receiver's behalf to render the foregoing professional services. The Receiver submits that Miller Kaplan's provision of

---

[6] *Id.* ¶ 46.
[7] *Id.* ¶¶ 50-51.

professional services to the Receiver is permissible under the Receiver Order and is in the best interest of the Receivership Estates.  To the best of the Receiver's knowledge, no conflict of interest exists between the Receiver, Miller Kaplan, and the Receivership Estates.  To the best of the Receiver's knowledge, Miller Kaplan and its principals and employees: (a) do not hold or represent any interest adverse to the Receiver, the Defendants, their creditors, or the Receivership Estates; (b) have no connection with the Defendants, their creditors, any other party in interest, their respective attorneys and accounts, the SEC, or any judge in the Southern District of New York; (c) are disinterested persons as that term is defined in 11 U.S.C. § 101(14) and used in 11 U.S.C. § 327(a); and (d) hold no pre-receivership claims against the Receivership Estates.

Miller Kaplan proposes to be compensated at the rates listed below.  Applications for compensation to Miller Kaplan will be filed with this Court pursuant to the Receiver Order, the "Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission," and all applicable statutes and rules.  A summary of Miller Kaplan's rate information for the duration of the receivership is set forth below.

| Title | Current Rates per Hour |
|---|---|
| Administrative Staff, SMEs and Project Managers | $75 – $220 |
| Accounting Staff | $110 – $160 |
| Senior Accounting Staff | $180 – $285 |
| Attorney | $250 – $350 |
| Partner | $390 – $600 |

## CONCLUSION

The Receiver respectfully requests that the Court enter an order authorizing the Receiver to employ Miller Kaplan for the purposes described herein and granting the Receiver such other and further relief as is just and proper.

Dated: August 17, 2022
      New York, New York

/s/ *Teresa Goody Guillén*
BAKER & HOSTETLER LLP
1050 Connecticut Avenue, NW
Suite 1100
Washington, D.C. 20036
Tel.: (202) 861-1500
Facsimile: (202) 861-1783
Teresa Goody Guillén
tgoodyguillen@bakerlaw.com

45 Rockefeller Plaza
New York, NY 10111-0100
Tel.: (212) 589-4200
Facsimile: (212) 589-4201
Marco Molina
mmolina@bakerlaw.com
Bari R. Nadworny
bnadworny@bakerlaw.com

*Attorneys for Receiver Robert A. Musiala, Jr.*