UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
UNITED STATES SECURITIES AND                                :
EXCHANGE COMMISSION,                                        :
                                      Plaintiff,            :   20 Civ. 10849 (LGS)
                                                            :
                  -against-                                 :   ORDER
                                                            :
STEFAN QIN, et al.,                                         :
                                      Defendants.           :
                                                            :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on January 21, 2022, Robert A. Musiala, Jr. Esq. of Baker & Hostetler LLP ("Baker Hostetler") was appointed as the Receiver in this action (the "Receiver Order") (Dkt. No. 31).

WHEREAS, on September 28, 2022, the Receiver submitted the Sixth Fee Application (Dkt. No. 180), seeking approval of the payment of fees and expenses incurred between April 1, 2022, and June 30, 2022 (the "Application Period"). The Sixth Fee Application seeks approval of payments in the following amounts: $694,591.67 (BakerHostetler); $370,877.00 (Ankura Consulting Group, LLC) ("Ankura"); $10,450.00 (Law Office of Dennis O. Cohen, PLLC) and $607.50 (Nelsons Attorneys-at-Law, Ltd) (collectively, the "Receiver Team"). In connection with the Sixth Fee Application, the Receiver and the Receiver Team submitted invoices detailing the work performed.

WHEREAS, on October 17, 2022, the Receiver filed its Eighth Status Report (Dkt. No. 183).

WHEREAS, pursuant to the Receiver Order, the Receiver's Quarterly Status Reports must include certain information, including the amount of cash on hand, the existence, value and location of all Receivership Property, the amount of unencumbered funds in the estate, a

description of all known Receivership Property, a description of liquidated and unliquidated claims held by the Receivership Estates and a list of all known creditors and the amounts of their claims.

WHEREAS, neither the Sixth Fee Application nor the Eighth Status Report include all of the requisite information described in the Receiver Order. For instance, the Sixth Fee Application describes the sources of cash on hand but neither states the amount of cash on hand nor the amount of unencumbered funds in the estate. There is no description of all known Receivership Property, including approximate or actual valuations, nor is there a schedule of all the Receiver's receipts and disbursements for the quarterly period and duration of the Receivership. The Eighth Status Report notes that the Receiver Team has not yet determined the exact number of investor claims or claims from employees or other creditors.

WHEREAS, the Sixth Fee Application was filed prior to the Court's October 3, 2022, Order, and notes that the "Receiver respectfully acknowledges the Court's order dated July 25, 2022 (ECF No. 167), which directed the Receiver to include certain additional information in the Fee Applications and Status Reports going forward. Given the potentially sensitive nature of some of that information, the Receiver filed under seal a letter to the Court dated September 7, 2022 (ECF No. 177), seeking a modification of that order. With regard to this issue, the Receiver respectfully awaits the Court's response, and will follow the Court's further direction and amend or supplement his Fee Application as necessary." It is hereby

**ORDERED** that the Sixth Fee Application is **GRANTED IN PART**. "A receiver appointed by a court who reasonably and diligently discharges his duties is entitled to be fairly compensated for services rendered and expenses incurred." *SEC v. Amerindo Inv. Advisors Inc.*, No. 5 Civ. 5231, 2019 WL 3526590, at *4 (S.D.N.Y. Aug. 2, 2019) (quoting *SEC v. Byers*, 590

F. Supp. 2d 637, 644 (S.D.N.Y. 2008)). "Like fee awards in other contexts, the reasonableness of a receiver's fee application is determined in the court's discretion, and is judged by, among other things, the reasonableness of the hourly rate charged and the reasonableness of the number of hours billed." *Id.* (internal citation omitted). In determining a reasonable fee, the Court considers a number of factors, including (1) "the complexity of problems faced," (2) "the benefits to the receivership estate," (3) "the quality of the work performed," and (4) "the time records presented." *SEC v. Morgan*, 504 F. Supp. 3d 221, 223 (W.D.N.Y. 2020).

Here, the SEC reviewed and approved the fee application and the invoices for the Receiver and the Receiver Team. The SEC's approval is "given great weight" in determining the reasonableness of the compensation and reimbursement sought by a receiver. *Id.* The fee application and billing records reflect the significant efforts of the Receiver Team, which continues to engage in highly complex and time-intensive work on behalf of the Receivership Estate. The majority of the Receiver and the Receiver Team's time was spent identifying and securing Receivership property and operating the Receivership Estate, which is time-intensive work. During the Application Period, the Receiver Team performed work that was beneficial to the Receivership Estate, including resolving potential claims against multiple third parties, resulting in the recovery of significant value for the benefit of the Receivership, identifying certain data repositories and taking steps to preserve and process the data for the investigation and conducting blockchain transactional analysis related to transfers of significant Receivership Property in the form of cryptocurrencies, identifying certain third parties that may be in possession of the Receivership Property and identifying a strategy to contact those third parties and seek the recovery of Receivership Property. During the Application Period, the Receiver and the Receiver Team recovered significant Receivership Property and identified new potential

avenues for the recovery of additional Receivership Property.  The hourly rates remain significantly discounted from the ordinary rates of the Receiver and Ankura, resulting in a combined total discount and fee write-off of $365,290.50 and $162,908.00, respectively, for the Application Period.

In light of the missing information in the status report and fee application, the Court deems it appropriate to hold back 10% of the payment requested in the Sixth Fee Application until the requisite information is provided.  The Receiver is authorized to make payments for the following amounts: $625,132.50 (BakerHostetler); $333,789.30 (Ankura); $9,405.00 (Law Office of Dennis O. Cohen, PLLC) and $546.75 (Nelsons Attorneys-at-Law, Ltd).  It is further

**ORDERED** that, going forward, any requested information that is highly confidential may be filed separately under seal, as was done at Dkt. No. 177.  If information requested by the Receiver Order is unavailable or not yet determined, the fee application or status report should state so clearly.

Dated: December 5, 2022
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE