```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
UNITED STATES SECURITIES AND                                 :
EXCHANGE COMMISSION,                                         :
                                    Plaintiff,               :      20 Civ. 10849 (LGS)
                                                             :
                -against-                                    :      ORDER
                                                             :
STEFAN QIN, et al.,                                          :
                                    Defendants.              :
                                                             :
-------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on January 21, 2022, Robert A. Musiala, Jr. Esq. of Baker & Hostetler LLP ("BakerHostetler") was appointed as the Receiver in this action (the "Receiver Order") (Dkt. No. 31).

WHEREAS, on December 30, 2022, the Receiver submitted the Seventh Fee Application (Dkt. No. 187), seeking approval of the payment of fees and expenses incurred between July 1, 2022, and September 30, 2022 (the "Application Period"). The Seventh Fee Application seeks approval of payments in the following amounts: $619,931.14 (BakerHostetler); $359,638.78 (Ankura Consulting Group, LLC) ("Ankura"); $3,875.00 (Law Office of Dennis O. Cohen, PLLC) and $3,614.00 (Miller Kaplan Arase, LLP) (collectively, the "Receiver Team"). In connection with the Seventh Fee Application, the Receiver and the Receiver Team submitted invoices detailing the work performed. It is hereby

**ORDERED** that the Seventh Fee Application is **GRANTED**. The Receiver is authorized to make payments for the total amounts requested in the application. "A receiver appointed by a court who reasonably and diligently discharges his duties is entitled to be fairly compensated for services rendered and expenses incurred." *SEC v. Amerindo Inv. Advisors Inc.*, No. 5 Civ. 5231, 2019 WL 3526590, at *4 (S.D.N.Y. Aug. 2, 2019) (quoting *SEC v. Byers*, 590 F. Supp. 2d 637,

644 (S.D.N.Y. 2008)). "Like fee awards in other contexts, the reasonableness of a receiver's fee application is determined in the court's discretion, and is judged by, among other things, the reasonableness of the hourly rate charged and the reasonableness of the number of hours billed." *Id.* (internal citation omitted). In determining a reasonable fee, the Court considers a number of factors, including "(1) the complexity of problems faced, (2) the benefits to the receivership estate, (3) the quality of the work performed, and (4) the time records presented." *SEC v. Morgan*, 504 F. Supp. 3d 221, 223 (W.D.N.Y. 2020) (internal quotation marks omitted).

Here, the SEC reviewed and approved the fee application and the invoices for the Receiver and the Receiver Team. The SEC's approval is "given great weight" in determining the reasonableness of the compensation and reimbursement sought by a receiver. *Id.* (internal quotation marks omitted). The fee application and billing records reflect the significant efforts of the Receiver Team, which continues to engage in highly complex and time-intensive work on behalf of the Receivership Estate. The Receiver Team's time was spent operating the Receivership Estate and collecting Receivership Property, which is time-intensive work. During the Application Period, the Receiver Team performed work that was beneficial to the Receivership Estate, including drafting and filing a motion to set a bar date for claims against the Receivership Estate, launching an electronic claims portal to allow claimants to submit, update and track their claims, interviewing witnesses and investigating claims to potential Receivership Property in the form of cryptocurrencies. The hourly rates remain significantly discounted from the ordinary rates of the Receiver and Ankura, resulting in a combined total discount and fee write-off of $530,731.00 and $158,486.50, respectively, for the Application Period.

Dated: February 10, 2023
    New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE