# BakerHostetler

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

June 15, 2023

**By ECF**

The Honorable Lorna G. Schofield
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> Application **GRANTED**.  The Receiver may file the motion upon notice as soon as practicable to Adaya and Nguyen, without need of a pre-motion conference.  The Receiver shall file proof of service on the docket.  Any opposition to the motion shall be due ten days after service of the motion.  Any reply shall be due five days later.  To the extent any due date falls on a weekend or holiday, it is extended to the next business day.
>
> Dated: June 22, 2023
> New York, New York
>
> LORNA G. SCHOFIELD
> UNITED STATES DISTRICT JUDGE

*Re*: *United States Securities and Exchange Commission v. Qin, et al.;* No. 20-cv-10849 (LGS)

Dear Judge Schofield:

On behalf of Robert A. Musiala, Jr., the Court-appointed Receiver in the above-referenced action, and pursuant to Rule III.A.1 of Your Honor's Individual Rules and Procedures for Civil Cases, we write to request leave to file a motion to Compel Turnover of Assets (the "Motion"), or, alternatively, to schedule a pre-motion conference related to that Motion for **June 30, 2023** or **July 3, 2023**, or as soon as practicable.

In furtherance of his duties under the Order Appointing Receiver ("Receiver Order"),[1] the Receiver has been engaged in an ongoing investigation to identify, locate, marshal, and preserve assets belonging to the Receivership Estate.[2] As part of that investigation, the Receiver has learned that Nasir Adaya – a former trader for Defendant Virgil Quantitative Research LLC ("VQR") – diverted digital assets with a combined value of approximately $3.5 million from the Receivership Estate. Of those assets, Adaya transferred: (i) digital assets of approximately $3 million in value to a Binance account controlled by his wife, Phuong Nguyen ("Nguyen Account") and (ii) the rest of the diverted assets, 20.03 Bitcoin ("BTC") (approximately $500,000 in value), to an unhosted cryptocurrency wallet he controls ("Adaya BTC Wallet"). Adaya subsequently traded the assets in the Nguyen Account for other assets that likely remain in the Nguyen Account as of the date of this letter, as concluded by the Receiver's forensic accountant based on a review of transactional records related to that Account. The diverted assets in the Adaya BTC Wallet have not been traded and remain in the Wallet as of the date of this letter. The diverted assets, or their trade proceeds, constitute Receivership Property and are the "Disputed Assets" the Receiver, through his Motion, is seeking to have turned over to the Receivership Estate.

The Disputed Assets are at serious risk of dissipation. There are concerns about Binance's continued financial health and viability based on recent regulatory actions charging Binance with serious violations of federal law, creating the risk that the Disputed Assets in the Nguyen Account may become unrecoverable. Further, Adaya and Nguyen are on notice of the Receiver's efforts to

---

[1] Order Appointing Receiver, *U.S. Securities and Exchange Comm'n v. Qin*, No. 20-cv-10849 (S.D.N.Y. Jan. 21, 2021), ECF No. 31 (hereinafter "Receiver Order") §§ I.7.B, I.7.I, and I.7.K.
[2] Capitalized terms not otherwise defined herein take the meaning ascribed to them in the Receiver Order.

recover the Disputed Assets, given that the Receiver has communicated with them in recent months about this matter in an ongoing attempt to resolve this dispute outside of court. In those discussions, Adaya and Nguyen have, to date, refused to turn over the Disputed Assets to the Receiver. Hence, there is a risk that, absent the order sought by the Motion, these individuals will move the Disputed Assets outside of the Receiver's reach.

Accordingly, through his Motion, the Receiver will seek an order: (i) confirming that the Disputed Assets are Receivership Property; (ii) requiring Adaya to turn over the 20.03 BTC in the Adaya BTC Wallet; and (iii) requiring Nguyen to turn over assets from the Nguyen Account equal to $3,000,662.96 in value, *i.e.*, the value of those assets at the time Adaya diverted them from the Receivership Estate. Should this Court find that more information is needed before it can determine whether the Disputed Assets constitute Receivership Property, the Motion requests that this Court order Adaya and Nguyen to turn over the Disputed Assets to an escrow account where these assets can be safeguarded until this threshold determination is made.

Plaintiff, the U.S. Securities and Exchange Commission ("SEC"), recently reviewed a copy of the Motion and does not object to the relief requested therein.

## I.   The Disputed Assets Are Receivership Property

The Disputed Assets are Receivership Property, which the Receiver Order broadly defines as all "property interests" the Receivership Entities "own, possess, or have a beneficial interest in, or control directly or indirectly," such as "funds," "digital assets," and "profits, dividends, interest, or other income . . . of whatever kind" attributable to those assets. Receiver Order at § I.7.A. As fully detailed in the Motion, the Receiver bases this position on evidence he obtained through his investigation into this matter, such as: (i) documents, including chat transcripts and transactional records, held by the Receivership Entities; (ii) Binance transactional records tied to the Nguyen Account; (iii) testimony from Adaya obtained at his March 7, 2023 deposition; (iv) interviews the Receiver conducted with Nguyen and others; and (v) forensic analysis from the Receiver's forensic accountant, Mark Porter, a Director at Ankura Consulting Group, LLC.

That evidence reveals that approximately $500,000 of the Disputed Assets can be directly traced to investor funds held by the Receivership Entities. Qin stole these funds as part of his fraud and subsequently used them to buy digital assets that Adaya traded extensively at a high frequency between 2018 and 2020. After the SEC brought this action in December 2020, Adaya transferred the proceeds of the stolen assets to the Nguyen Account, from where he has continued to trade said proceeds. This extensive trading activity has made it impractical, and perhaps impossible, for the Receiver and his forensic accountant to discern exactly which of the assets currently in the Nguyen Account derive directly or indirectly from the stolen assets. But the Receiver's forensic accountant has concluded, based, in part, on the transactional records related to the Nguyen Account, that it is likely that the proceeds of the stolen assets remain in the Nguyen Account as of the date of this letter. Because those proceeds are "profits, dividends, interest, or other income" that can be attributed to funds owned by the Receivership Entities, they are Receivership Property.

The evidence also reveals that the balance of the Disputed Assets can be directly traced to INJ tokens that VQR (a Receivership Entity) owned. As fully detailed in the Motion, VQR secured title over these tokens in late 2020 through its participation in the Initial Exchange Offering for the INJ token, under which VQR agreed to use its traders, institutional accounts, proprietary research, trading scripts, and other resources to trade nearly a million newly launched INJ tokens in order to help set the INJ token's market price. In return, VQR would be able to keep the proceeds of these

trades, as well as any untraded INJ tokens (if any), less a dollar amount that represented its payment for the INJ tokens. This situation is akin to that of an underwriter who buys a newly offered security from its issuer with the intent to distribute that security to the public at a profit. In that analogous case, this Court held that the underwriter gains legal title to the assets it plans to distribute and, by extension, to any proceeds generated by the trading of those assets. *See, e.g., In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 352 F.Supp.2d 429, 469 (S.D.N.Y. 2020).

In December 2020, Adaya diverted the trade proceeds of these assets and all untraded INJ tokens. Specifically, he diverted 20.03 BTC directly traceable to the INJ tokens to the Adaya BTC Wallet, where they remain to this day. And he diverted the balance of the proceeds and untraded INJ tokens to the Nguyen Account, where he has since traded them for other assets. The Receiver's forensic accountant has concluded, based, in part, on his review of the transactional records related to the Nguyen Account, that it is likely that the proceeds of the stolen assets remain in the Nguyen Account as of the date of this letter. Because the aforementioned proceeds are "profits, dividends, interest, or other income" that can be attributed to digital assets (*i.e.*, INJ tokens) owned by one of the Receivership Entities, they are Receivership Property.

## II. This Court Should Order the Immediate Turnover of the Disputed Assets

This Court has subject matter jurisdiction over this dispute because it concerns the turnover of Receivership Property. *See* Receiver Order at § 2; 15 U.S.C. §§ 77v; 78u(e), and 78(aa). Further, this Court has authority to order turnover of Receivership Property held by non-defendants, such as Adaya and Nguyen. *See, e.g., SEC v. Infinity Grp. Co.*, 27 F. Supp. 2d. 559, 561-562 (E.D. Pa. 1998) (citing cases); *see also SEC v. Stanford Int'l Bank, Ltd.*, 551 F. App'x 766, 769-772 (5th Cir. 2014) (affirming an order granting an SEC receiver's motion for the turnover of receivership property from non-defendant). Because Adaya and Nguyen have refused to turn over this Property to the Receiver, the Receiver requires judicial intervention to obtain control over this Property, as required under his mandate set forth in the Receiver Order. *See* Receiver Order at § I.7 and III.13.

The Receiver also requires judicial intervention at this time because there is a high risk the Disputed Assets will be dissipated. Adaya and Nguyen control the Adaya BTC Wallet and Nguyen Account, respectively, and, thus, can transfer those assets outside the Receiver's reach, particularly given their stated position that the Disputed Assets are not Receivership Property. Further, recent actions filed by the SEC and the U.S. Commodity Futures Trading Commission against Binance raise serious questions about Binance's viability in the immediate future, increasing the risk that the Disputed Assets in the Nguyen Account, valued at around $3 million, will be dissipated or lost.

In light of the foregoing, and in order to limit expenses in connection with this matter, the Receiver respectfully requests that the Court grant the Receiver leave to file the Motion without a conference. However, should the Court require a conference, the Receiver respectfully requests to have this conference on **June 30, 2023** or **July 3, 2023**, or as soon as practicable, given the time-sensitive nature of the relief sought by the Motion.

We thank Your Honor for the consideration of this request.

Respectfully submitted,

Marco Molina