```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
UNITED STATES SECURITIES AND                                 :
EXCHANGE COMMISSION,                                         :
                                      Plaintiff,             :    20 Civ. 10849 (LGS)
                                                             :
                   -against-                                 :    ORDER
                                                             :
STEFAN QIN, et al.,                                          :
                                      Defendants.            :
                                                             :
-------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

  WHEREAS, on January 21, 2021, Robert A. Musiala, Jr. Esq. of Baker & Hostetler LLP ("BakerHostetler") was appointed as the Receiver in this action (Dkt. No. 31).

  WHEREAS, on March 31, 2023, the Receiver submitted the Eighth Fee Application (Dkt. No. 197), seeking approval of the payment of fees and expenses incurred between October 1, 2022, and December 31, 2022 (the "Application Period"). The Eighth Fee Application seeks approval of payments in the following amounts: $463,745.72 (BakerHostetler); $303,927.06 (Ankura Consulting Group, LLC) ("Ankura"); $5,750.00 (Law Office of Dennis O. Cohen, PLLC); $135.00 (Nelsons Attorneys-at-Law, Ltd) and $13,326.00 (Miller Kaplan Arase, LLP) (collectively, the "Receiver Team"). In connection with the Eighth Fee Application, the Receiver and the Receiver Team submitted invoices detailing the work performed. It is hereby

  **ORDERED** that the Eighth Fee Application is **GRANTED**. The Receiver is authorized to make payments for the total amounts requested in the application. "A receiver appointed by a court who reasonably and diligently discharges his duties is entitled to be fairly compensated for services rendered and expenses incurred." *SEC v. Amerindo Inv. Advisors Inc.*, No. 5 Civ. 5231, 2019 WL 3526590, at *4 (S.D.N.Y. Aug. 2, 2019) (quoting *SEC v. Byers*, 590 F. Supp. 2d 637, 644 (S.D.N.Y. 2008)). "Like fee awards in other contexts, the reasonableness of a receiver's fee

application is determined in the court's discretion, and is judged by, among other things, the reasonableness of the hourly rate charged and the reasonableness of the number of hours billed." *Id.*[1]  In determining a reasonable fee, the Court considers a number of factors, including "(1) the complexity of problems faced, (2) the benefits to the receivership estate, (3) the quality of the work performed, and (4) the time records presented."  *SEC v. Morgan*, 504 F. Supp. 3d 221, 223 (W.D.N.Y. 2020).

      Here, the SEC reviewed and approved the fee application and the invoices for the Receiver and the Receiver Team.  The SEC's approval is "given great weight" in determining the reasonableness of the compensation and reimbursement sought by a receiver.  *Id.*  The fee application and billing records reflect the significant efforts of the Receiver Team, which continues to engage in highly complex and time-intensive work on behalf of the Receivership Estate.  The Receiver Team's time was spent operating the Receivership Estate and collecting Receivership Property.  During the Application Period, the Receiver Team performed work that was beneficial to the Receivership Estate, including investigating claims to potential Receivership Property in the form of cryptocurrencies and taking steps to preserve the value identified, interviewing witnesses, issuing subpoenas, facilitating the conversion of cryptocurrency assets into U.S. dollars and executing settlement agreements.  The hourly rates remain significantly discounted from the ordinary rates of the Receiver and Ankura, resulting in a combined total discount and fee write-off of $331,330.50 and $123,336.50, respectively, for the Application Period.

Dated: June 29, 2023
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes and citations are omitted.