**BakerHostetler**

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

**By ECF**  June 30, 2023

The Honorable Lorna G. Schofield
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

*Re*: *United States Securities and Exchange Commission v. Qin, et al.; No. 20-cv-10849 (LGS)*

Dear Judge Schofield:

  We write on behalf of Robert A. Musiala, Jr., the Court-appointed receiver ("Receiver") in the above-referenced litigation. Pursuant to Rule III.B.3 of Your Honor's Individual Rules and Procedures for Civil Cases ("Rules"), the Receiver hereby requests leave to file a declaration in support of the Receiver's Motion to Compel Turnover of Assets ("Motion") that exceeds both the page and exhibit limits provided by Your Honor's Rules.

  As background, and as described in the Receiver's letter, dated June 15, 2023, the Motion will seek the turnover of Receivership Property that was diverted from the Receivership Estate. (ECF 202). Specifically, the Motion will seek turnover of: (i) digital assets in a non-receivership Binance account controlled by third parties; and (ii) 20.03 Bitcoin in a non-receivership, unhosted cryptocurrency wallet controlled by a third party (collectively, the "Disputed Assets"). (*Id.*). The Court has already given the Receiver leave to file this Motion.[1] But, for the reasons set forth below, the Receiver needs the additional relief requested herein before he can file the Motion.

  In support of his Motion, the Receiver will submit a declaration from a forensic accountant, Mark Porter, a Director at Ankura Consulting Group, LLC, which will contain a detailed forensic analysis and tracing of the Disputed Assets from the Receivership Estate to the custody or control of third parties (the "Declaration"). This Declaration will be helpful to Your Honor's determination of the remedies sought by the Motion, including the request for a determination that the Disputed Assets constitute Receivership Property because they derive directly or indirectly from the assets previously held by entities that are now the subject of this Receivership.

---

[1] *See* Order Granting Letter Motion for Leave to File, *U.S. Securities and Exchange Comm'n v. Qin*, No. 20-cv-10849 (S.D.N.Y. June 22, 2023), ECF 204.

However, the provision of such detailed analysis, and support thereof, requires more than the 15 total exhibits permitted by Your Honor's Rules. Indeed, the Declaration details 66 transfers of Disputed Assets. For each of these transfers, the Declaration includes exhibits that comprise of the relevant records evidencing these transactions. These exhibits are excerpted where possible, in conformity with Your Honor's Rules, so as not to burden Your Honor with irrelevant information. But these exhibits cannot be reduced in number to 15 or less. Accordingly, the Receiver hereby requests leave to include 60 (mostly excerpted) exhibits with the Declaration.

Similarly, the Declaration cannot be reduced to 10 double-spaced pages or less, as required by Your Honor's Rules. The tracing of the Disputed Assets from the Receivership Estate to third parties has many moving parts and concerns highly complex subject matter. The transfers analyzed in the Declaration spanned several years and involved four bank accounts, three over-the-counter desks, ten unhosted cryptocurrency wallets, and eight cryptocurrency exchange accounts. Further, the subject matter analyzed by the Declaration includes the high-frequency, automated trading of digital assets, which is convoluted in nature and requires a detailed explanation. Accordingly, the Receiver hereby requests leave to file a 50-page, double-spaced Declaration with his Motion.

The Receiver understands that Your Honor does not ordinarily grant the requests included in this letter and, for that reason, he has worked with his forensic accountant to minimize the length and scope of the Declaration as much as practicable. After review of the Declaration, the Receiver believes that its contents and exhibits will not only be helpful to Your Honor's adjudication of the issues raised by the Motion but are also necessary to set out the forensic accounting methodology undertaken by his forensic accountant. This is particularly true where, as here, it is anticipated that third parties will challenge the conclusions of the Receiver's forensic accountant, which form the basis for the relief the Receiver will be seeking through his Motion.

Based on the foregoing, the Receiver respectfully requests Your Honor's leave, pursuant to Rule III.B.3 of Your Honor's Rules, to file the 50-page Declaration as well as 60 accompanying exhibits in support of his Motion. We thank Your Honor for the consideration of this request.

Respectfully submitted,

Marco Molina