

**GARY M. KAPLAN**
gkaplan@fbm.com
D 415.954.4940

July 5, 2023

*Via ECF and Electronic Mail*

The Honorable Lorna G. Schofield, District Judge
United States District Court - SDNY
*schofield_nysdchambers@nysd.uscourts.gov*

> Re: Third-Party Response to Second Letter filed by Receiver's Counsel in *Securities and Exchange Commission v. Qin, et al.*; 20-cv-10849 (LGS).

Dear Judge Schofield:

We represent Nasir Adaya and Phuong Nguyen, third party respondents with respect to an anticipated motion by the Receiver in the above-referenced case. (My application for *pro hac vice* admission is currently pending before the Court.)   We submitted a substantive letter on June 23, 2023 responding to the Receiver's letter seeking leave to file a motion (Docket No. 202) and the Court's subsequent order granting same, and setting an expedited briefing schedule (Docket No. 204). In our letter, we requested that the Court modify such briefing schedule, permit limited discovery, and direct that the disputed amounts be transferred into a neutrally controlled escrow account pending resolution of this matter. The Receiver's subsequent (letter) motion for leave to file substantially exceed the Court's page and exhibit limits (Docket No. 210) highlights the importance of our request for a modified briefing schedule and limited discovery period in lieu of the complexity of this matter.

In his most recent letter, the Receiver's counsel seeks to file a 50-page declaration (in excess of the Court's 10-page limit) with 60 exhibits (in excess of the Court's 15-exhibit limit) in support of his anticipated motion, because he asserts that this matter "has many moving parts and concerns highly complex subject matter." Our clients agree this matter is complex and that involves significant factual disputes that must be determined to decide the Receiver's anticipated motion.  The Receiver's request underscores the importance of allowing our clients access to relevant data and information currently in the Receiver's sole possession. Without such access, they would be put in the untenable position of responding to the anticipated motion without sufficient information, to appropriately oppose relief that would unfairly and drastically alter their lives. Just at the Receiver asserts that his oversized filing will be 'helpful and necessary, Mr. Adaya and Ms. Nguyen submit that permitting them appropriate access to relevant information in the Receiver's possession and an opportunity to gather their own evidence to oppose the drastic relief sought by the Receiver will likewise be helpful, as well as necessary for a fair adjudication of this matter.

Mr. Adaya and Ms. Nguyen accordingly renew their request that the Court: direct the Receiver to lift the freeze he caused Binance to implement; require Mr. Adaya and Ms. Nguyen to transfer into a third-party escrow account the full amount in dispute ($3.5 million) as soon as



Hon. Lorna G. Schofield
July 5, 2023
Page 2

the freeze blocking them from doing so is released; vacate the ten-day briefing schedule and; enter an order permitting them a reasonable period to conduct discovery including access to information controlled solely by the Receiver, followed by sufficient time to oppose the Receiver's anticipated motion given its apparent length, breadth, and complexity.

Sincerely,

Gary M. Kaplan

cc (via email): Teresa Goody Guillen, Esq.; John Joseph Carney, Esq.; Lauren Lyster, Esq.; Marco Molina, Esq.

41410\16246905.2