

**GARY M. KAPLAN**
gkaplan@fbm.com
D 415.954.4940

July 18, 2023

*Via ECF only*

The Honorable Lorna G. Schofield, District Judge
United States District Court - SDNY

    Re:    Third-Party Response to Discovery Letter filed by Receiver's Counsel in *Securities and Exchange Commission v. Qin, et al.*; 20-cv-10849 (LGS).

Dear Judge Schofield:

    We represent Nasir Adaya and Phuong Nguyen, third party respondents ("Respondents") with respect to an anticipated motion by the Receiver in the above-referenced case. We write to briefly respond to the Receiver's July 14, 2023 letter (Docket No. 221) suggesting certain procedures to accomplish Respondents' proposals regarding a third-party escrow arrangement and limited discovery with respect to such motion. Although Respondents appreciate the Receiver's willingness to work with them to transfer the disputed assets into a third-party escrow account, the process delineated by the Receiver should be modified appropriately, as set forth below. Regarding the procedures for limited discovery, Respondents do not believe the Receiver's suggested scheduling is realistic (including reaching agreement on stipulated facts in three days), particularly without knowing the volume of material they may receive, the contents thereof, or the schedule limitations for possible deponents. The Receiver has spent years investigating this matter, including taking depositions and working over the course of months with other witnesses to obtain testimony. Respondents should be afforded more than two weeks to marshal their own evidence. They are, however, willing to meet and confer (through counsel) with the Receiver regarding a workable schedule for both discovery and briefing schedules for the anticipated motion, and request the Court order the parties to collaborate on such scheduling for submission to the Court.

    Respondents will not include further background in this letter but respond to the Receiver's proffered steps as follows.

    **A. Escrow**

    As a threshold matter, the Court should direct the Receiver to *fully* unfreeze Respondents' Binance account and the assets held therein. As noted in our earlier letters filed in this matter, the Receiver inexplicably ordered Binance to freeze *all* assets in Respondents' Binance account, rather than limiting such (unwarranted) freeze to the disputed amount, which the Receiver values at $3 million ("Disputed Asset Amount"), thereby inflicting significant harm on Respondents.

    Receiver's proposal to convert the Disputed Asset Amount to BTC, to be later sold for fiat currency (USD) also would result in unnecessary risk due to fluctuations in currency prices. Instead, Respondents propose that the Disputed Asset Amount be transferred (within one



business day of the unfreezing of the Binance account) to Circle (https://www.circle.com/en/) or a similar intermediary through a USDC[1] blockchain transfer from the subject Binance account, who can then convert such USDC to fiat USD, which funds can then be transferred to an agreed-upon third-party escrow agent.

Rather than using the Receiver's own account with Coinbase, Respondents submit that a new custodial account should be jointly established (with Coinbase or other agreed custodian) by Receiver and Respondents to hold the Disputed Asset Amount converted to USDC. Respondents expect that the parties can negotiate a straightforward escrow agreement providing that such assets may only be withdrawn or transferred pursuant to Court order or agreement of the parties to that agreement. Likewise, the contemplated conversion of the Disputed Asset Amount from USDC to USD should be accomplished jointly by the parties (or by an agreed neutral third party), rather than unilaterally by the Receiver, as he suggests in his most recent letter.

**B.  Discovery and Briefing Scheduling**

Respondents agree that the central dispute with respect to the Receiver's anticipated motion involves the approximately $3 million related to an INJ token market-making project that Mr. Adaya first undertook in late 2020. Respondents expect to take discovery from a small number of individuals involved in that project, and to use such evidence to oppose the Receiver's anticipated Motion. Without knowing the volume of the material the Receiver will produce, its contents, nor how soon testimony can be taken, however, Respondents believe the Receiver's discovery schedule is unrealistic. Indeed, there is no way for Respondents to properly ascertain what is disputed (and, thus, appropriate discovery with respect thereto) until they have seen the information the Receiver believes supports his effort to seize Respondents' assets, as well as the information they suspect exists but have been unable to persuade the Receiver to share.

The three-day process for delineating stipulated and disputed facts, and 14-day period for completing discovery that the Receiver suggests would perpetuate the existing information asymmetry that unfairly and substantially prejudices Respondents. Because the Receiver has (to date) been unwilling to share the evidence that allegedly supports the relief he anticipates seeking, Respondents have no informational basis from which to participate in generating a list of facts, stipulated or disputed. Further, because of the information asymmetry, Respondents do not know the format, nor the volume, of the materials held by the Receiver, nor how the Receiver anticipates sharing it with them, nor the contents thereof, nor whether any prospective witness will resist providing testimony. In view of such uncertainties, as well as the substantial complexities involved (as demonstrated by the Receiver's own letters), a 14-day period to conduct all discovery is not reasonable. A more appropriate way of proceeding would be to allow Respondents to review certain materials that the Receiver already has, and then gather limited testimony, as the Receiver has already done. Respondents accordingly propose a schedule along the following lines:

---

[1] USDC is a digital dollar, also known as a stablecoin. A digital dollar of USDC can be exchanged 1:1 for cash at any time.



Hon. Lorna G. Schofield
July 18, 2023
Page 3

1) Within one week of this Court's Order, the Receiver will provide to Respondents (through counsel) the evidence that supports his position as to both the Sigma Assets (with a value of approximately $529,000) and the INJ tokens. That should include the (already prepared) tracing information that the Receiver references in his letters (Docket Nos. 210 and 221), as well as the other materials and third-party testimony the Receiver has obtained and on which he intends to rely in support of his anticipated motion.

2) Within seven days of receiving that evidence, Respondents will be in a position to notify the Receiver whether they stipulate that the Sigma Assets are receivership property, as the Receiver contends (*see* Docket No. 221, n. 6). Such a stipulation would result in the Receiver withdrawing his request (Docket No. 210) to exceed the Court's page and exhibit limitations, as proposed in his latest letter (Docket No. 221, p. 3), thereby substantially streamlining this matter.

3) Within ten days after receiving that evidence, Respondents will transmit to the Receiver (through counsel) a request for the additional data the Receiver controls which they require to prepare their opposition to the Receiver's anticipated motion.

4) After receiving that request, the Receiver and Respondents will meet and confer (through counsel), as the Receiver suggests, to determine an efficient schedule for producing it, reviewing it, for obtaining any testimony required, and for then briefing the Receiver's anticipated motion.

Sincerely,

Gary M. Kaplan

cc (via email): Aviva J.B. Gilbert, Esq.

41410\16272368.3