

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, CA 94104

SAN FRANCISCO
REGIONAL OFFICE

August 2, 2023

**FILED BY ECF**

The Hon. Jessica G.L. Clarke
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *SEC v. Qin, et al.*, 20-CV-10849(JGLC): Joint Status Letter

Dear Judge Clarke,

Pursuant to the Court's Order of July 25, 2023, the U.S. Securities and Exchange Commission ("SEC") and the Receiver for the entity defendants hereby submit the parties' Joint Status Letter.

1. Names of Counsel and Current Contact Information

| For the Plaintiff, SEC: | For the Receiver: |
|---|---|
| Susan F. LaMarca | Robert Musiala, Receiver |
| Securities and Exchange Commission | Teresa Goody-Guillén, Counsel to the Receiver |
| 44 Montgomery Street | BAKER & HOSTETLER LLP |
| Suite 2800 | 1050 Connecticut Avenue, NW, Suite 1100 |
| San Francisco, CA 94104 | Washington, D.C. 20036 |
| lamarcas@sec.gov | tgoodyguillen@bakerlaw.com |
| (415) 713-5257 (direct dial) | Tel.: (202) 861-1630 |

2. Nature and Status of Case

On December 22, 2020, the SEC filed an emergency action against Stefan Qin and five entity defendants over which he had control, Virgil Capital LLC, Montgomery Technologies, LLC, Virgil Technologies, LLC, Virgil Quantitative Research, LLC and VQR Partners, LLC, alleging that Qin was engaged in a securities fraud resulting in ongoing investor losses. The SEC's Complaint alleged, and the SEC introduced evidence in support of its application for a Temporary Restraining Order to the effect, that defendant Qin, who founded the five named entity defendants, had attempted in November and December 2020 to remove more than a million dollars from one of two investor Funds under the control of the defendants, the VQR Multistrategy Fund LP ("VQR Fund"). The SEC's Complaint and accompanying evidence in support of its request for a TRO further described how defendant Qin had been operating the second investor fund, Virgil Sigma Fund, LP ("Sigma Fund"),

contrary to the Fund's disclosures to investors. In particular, Sigma Fund assets and accounts supposedly held at U.S.-based, crypto asset trading platforms were not actually held at such locations, and at least $3.5 million in transfers Qin told investors he had made to move their investments from the Sigma Fund to the VQR Fund were never completed. The SEC alleged that defendants, while selling limited partnership shares in the two investor Funds, misappropriated and misused investors' money, in violation of Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a); Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b); and Exchange Act Rule 10b-5, 17 C.F.R. § 240.10b-5.

During a hearing on the SEC's TRO application on January 23, 2020, the Court found good cause to grant in part the SEC's application and issued a written order to that effect on December 24, 2020 (ECF No. 19). The TRO freezing assets and accounts was converted to a Preliminary Injunction, by stipulation, on January 6, 2021 (ECF No. 27). Thereafter, on January 21, 2021, also by stipulation, the Court entered the Order Appointing Receiver ("Receiver Order"), which appointed Robert A. Musiala, Jr. of Baker Hostetler as the Receiver over each of the entity defendants (ECF No. 31). At the time the SEC's case was filed, federal prosecutors also filed a criminal action against Qin, *United States v. Stefan Qin*, No. 21-CR-75 (VEC) (S.D.N.Y.) ("the criminal case"), which was related to this case.

Ultimately, after defendant Qin pleaded guilty in the criminal case and was sentenced, he consented to a Final Judgment against him in this case, which was entered on March 1, 2022 (ECF No. 142). In the Final Judgment as to Qin, defendant was subject to injunctions and ordered to disgorge ill-gotten gains, the payment of which was satisfied by a restitution judgment in the criminal case. Qin is therefore no longer a litigating defendant in this action. The SEC's case against the entity defendants remains pending, but for the purposes of allowing the Receiver to complete his court-ordered mandate to marshal and distribute assets to harmed investors and other claimants.

3. Jurisdiction and Venue

This Court has jurisdiction over this action pursuant to Sections 20(b), 20(d) and 22(a) of the Securities Act, 15 U.S.C. §§ 77t(b),77t(d) and 77v(a), and Sections 21(d), 21(e), and 27 of the Exchange Act, 15 U.S.C. §§ 78u(d), 78u(e), and 78aa. In the Court's Order granting in part the SEC's motion for a Temporary Restraining Order, the Court found jurisdiction over the subject matter, as to all parties, and that venue was appropriate in this district. *See* ECF No. 19 (para. 1). As part of the Receiver Order, this Court took "exclusive jurisdiction and possession of the assets, of whatever kind and wherever situated, including all Recoverable Assets, of Defendants Virgil Capital LLC, Montgomery Technologies, LLC, Virgil Technologies, LLC, Virgil Quantitative Research, LLC and VQR Partners, LLC, including without limitation the assets of Virgil Sigma Fund, LP and VQR Multistrategy Fund, LP (collectively, "Receivership Entities")." ECF No. 31 (para. 2). Pursuant to the Receiver Order, all other proceedings related to the above-captioned matter[1] ("Ancillary Proceedings") are stayed in their entirety; "all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court." *Id.* (para 28). The Receiver Order also restrains and enjoins all persons receiving notice of the Receiver Order "from directly or indirectly taking any action or causing any action to be taken, without the express written agreement of the Receiver, which would . . .

---

[1] The term "other Proceedings" excludes "the instant proceeding and all police or regulatory actions and actions of the SEC related to the above-captioned enforcement action[.]" ECF No. 31 (para 26).

interfere with or harass the Receiver, or interfere in any manner with the exclusive jurisdiction of this Court over the Receivership Estates." *Id.* (para. 23).

    4. <u>Existing Deadlines, Due Dates, and Cut-offs</u>

The Receiver Order requires that the Receiver file an initial status report to the Court within 30 days of the Receiver Order. In addition, the Receiver Order requires that the Receiver file a status report within thirty days after the end of each calendar quarter. On March 25, 2022, the Court ordered that the Receiver shall file quarterly status reports within fifteen days after the close of every quarter (ECF No. 148). In accordance with this schedule, the Receiver has submitted the initial (ECF No. 46), second (ECF No. 56), third (ECF No. 71), fourth (ECF No. 97), fifth (ECF No. 118), sixth (ECF No. 152), seventh (ECF No. 165), eighth (ECF No. 183), ninth (ECF No. 190), tenth (ECF No. 199), and eleventh (ECF No. 223) status reports. The Receiver will file the twelfth status report by October 16, 2023.

The Receiver Order requires that the Receiver file Quarterly Fee Applications within 45 days after the end of each calendar quarter. On May 14, 2021, the Court granted the Receiver's request for an extension of time to file the initial Fee Application (ECF No. 60). On August 16, 2021, the Court granted the Receiver's request for an extension of time to file the second Fee Application (ECF No. 75). On November 10, 2021, the Court granted the Receiver's request for a permanent extension of 45 days to file the Quarterly Fee Applications and ordered that the Receiver shall file all future Fee Applications 90 days after the end of each calendar quarter (ECF No. 102). The Receiver has submitted the Quarterly Fee Applications in accordance with this schedule. The Court has granted the initial (ECF Nos. 91, 101), second (ECF No. 101), third (ECF No. 117), fourth (ECF No. 154), fifth (ECF Nos. 167, 182), sixth (ECF Nos. 185, 192), seventh (ECF No. 195), and eighth (ECF No. 208) Fee Applications. The ninth Fee Application was filed by the Receiver on June 29, 2023 (ECF No. 205) and is currently pending before the Court. The Receiver will file the tenth Quarterly Fee Application by September 28, 2023.

On August 8, 2022, the Court granted the Receiver's Motion to Set Bar Date for Claims Against the Receivership Estate and to Approve Claim Form and Notice Procedures (ECF No. 168). Among other things, the Court's August 8, 2022, Order set 11:59 p.m. prevailing Eastern Time on December 6, 2022 as the Bar Date to file all Claims against the Receivership Estate. Consistent with the Court's August 8, 2022 Order, at 11:59 p.m. prevailing Eastern Time on December 6, 2022, the Receiver ceased accepting new claims through the electronic claims portal.

On June 15, 2023, the Receiver filed a letter motion seeking leave to file a Motion to Compel Turnover of Assets ("Motion") (ECF No. 202). On June 22, 2023, the Court granted the letter motion and set a briefing schedule according to which any opposition to the Motion shall be due ten days after service of the Motion, and any reply shall be due five days later (ECF No. 204). On June 30, 2023, in accordance with the Court's Individual Rules and Practices in effect at that time, the Receiver filed a letter motion seeking leave to file excess pages in a declaration in support of the Motion (ECF No. 210). On July 6, 2023, counsel for Nasir Adaya ("Adaya") and Phuong Nguyen ("Nguyen") (collectively "Respondents") filed a letter to the Court (ECF No. 216) in response to the Receiver's June 30 letter motion. On July 7, 2023, the Court ordered the Receiver to respond to Respondents' letter (ECF No. 219). The Receiver filed a response on July 14, 2023 (ECF No. 221). On July 18, 2023, Respondents filed an additional letter (ECF No. 224) responding to the Receiver's July 14 letter.

On July 25, 2023, the Court ordered the Receiver and Respondents to meet and confer by Tuesday, August 1, 2023, regarding the proposals for escrow, discovery, and briefing schedule (ECF No. 226). The Court further ordered the Receiver and Respondents to file a joint letter by Thursday, August 3, 2023, describing their agreed upon proposals, and if they are unable to reach a full agreement, to describe in the joint letter the areas of agreement as well as the competing proposals for the areas not agreed upon (ECF No. 226). In satisfaction of this requirement the Receiver and Respondents will file a letter to the Court on Thursday, August 3, 2023.

5. <u>Previously Scheduled Court Conferences That Have Not Yet Occurred:</u> None.

6. <u>Outstanding Motions</u>

As described above, the Receiver intends to file the Motion. While the Court has previously granted the Receiver permission to file the Motion and set a briefing schedule (ECF No. 204), the Receiver did not file the Motion because the Court had not ruled on the Receiver's request to file excess pages in a declaration in support of the Motion (ECF No. 210). Prior to the Notice of Reassignment filed on July 25, 2023 (ECF No. 225), the Receiver required express permission from the Court to file the excess pages based on the Court's Individual Rules and Practices in effect at that time. Based on the Court's Individual Rules and Practices now in effect since the reassignment, the Receiver's understanding is that there is no longer a page limit requiring the Receiver to seek permission from the Court before filing the declaration in support of the Motion. Accordingly, the Receiver intends to file the Motion and supporting declarations as soon as practicable.

7. <u>Pending Appeals</u>: None.

8. <u>Detailed Statement re: Discovery</u>

The SEC made informal discovery arrangements with Stefan Qin, and provided information to the Receiver, as requested. All formal discovery efforts have been initiated since then by the Receiver. As noted in the Receiver's eleventh status report (ECF No. 223), the Receiver has to date conducted approximately 85 interviews in total (including one deposition); interviewed approximately 43 witnesses; served approximately 90 subpoenas on various third parties; and has been in contact with over 250 U.S. and foreign financial institutions and has served these entities with notice letters and the Receiver Order. To date the Receiver has obtained and processed approximately 4.4 terabytes of data and continues to analyze these records and data to inform the Receiver's Investigation and asset recovery efforts. To further these efforts, the Receiver intends to continue to seek additional information from third parties, by voluntary requests, interviews, subpoenas, and depositions.

With regard to the Motion and supporting declarations that the Receiver will seek to file as soon as practicable, the Receiver has obtained discovery, including having taken a deposition of Adaya and interviewed Nguyen. The Receiver intends to present all of the records relevant to the Motion in the Motion and supporting declarations. The Receiver believes the records presented in the Motion and supporting declarations will satisfy most, if not all, of any discovery requested by Respondents.

9. <u>Status of Settlement Discussions</u>

Because the actions that remain to be resolved in this case are those that the Receiver is pursuing in furtherance of his mandate to marshal assets, all settlement discussions have involved

negotiations between the Receiver and third parties against whom the Receiver may assert claims, or who have claims against the Receivership Estate. As noted in the eleventh status report, the Receiver is currently engaged in discussions with certain third parties related to potential claims involving assets of substantial value that the Receiver believes are Receivership Property. To protect the integrity of the investigation and likelihood of recovery of additional assets, the Receiver does not publicly report on the specifics of its investigations and settlement discussions. As further explained below, the Receiver intends to file under seal a letter to the Court providing the Court with certain confidential information related to these efforts. The Receiver believes there is a reasonable likelihood that additional claims for the recovery of Receivership Property with substantial value may be identified through the ongoing Investigation efforts. Additionally, the Receiver continues to engage in an ongoing process to evaluate the claims against the Receivership Estate that were filed through the electronic claims portal prior to the Bar Date.

With regard to the Motion and supporting declarations that the Receiver will seek to file as soon as practicable, the Receiver has been engaged in ongoing settlement discussions with Adaya and Nguyen since December of 2022. To date these settlement discussions have not been fruitful and therefore, in order to fulfill his duties under the Receiver Order, the Receiver intends to seek relief from the Court by filing the Motion and supporting declarations as soon as practicable.

10. <u>Potential for ADR</u>

Currently, the Receiver has identified no disputes suitable for ADR. However, if in any of the Receiver's negotiations with third parties regarding claims by, or against, the Receivership Estate, the Receiver will inform the Court if any ADR processes might prove helpful.

11. <u>Trial</u>

The parties expect that no trial will be needed in this action. Instead, to the extent the Receiver is unable to informally resolve disputes regarding claims by or against the Receivership Estate, the Receiver anticipates that any evidentiary hearings as to such disputes would be very limited.

12. <u>Other Information that May Assist the Court</u>

The Court's order dated December 5, 2022 (ECF No. 185) allows the Receiver to file certain confidential information separately under seal. Accordingly, on or before August 18, 2023, the Receiver intends to file under seal a letter to the Court providing the Court with certain confidential information related to the time-period covered by the eleventh status report that may further assist the Court. In addition, the Receiver and his counsel would welcome the opportunity to provide any additional information that may assist the Court ex parte *in camera*.

Respectfully submitted,

| | |
|---|---|
| /s/ *Susan F. LaMarca* | /s/ *Teresa Goody-Guillén* |
| Susan F. LaMarca | Teresa Goody-Guillén |
| Counsel for Plaintiff | Counsel for the Receiver, Robert A. Musiala, Jr. |
| Securities and Exchange Commission | Baker & Hostetler LLP |