

**By ECF**                                                                                                        August 3, 2023

The Honorable Jessica G.L. Clarke
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *United States Securities and Exchange Commission v. Qin*, No. 20-cv-10849 (JGLC)

Dear Judge Clarke:

Pursuant to the Court's July 25, 2023 order (ECF No. 226), we write this joint letter on behalf of Robert A. Musiala, Jr., the Court-appointed receiver in the above-referenced litigation ("Receiver") and non-party respondents, Nasir Adaya ("Adaya") and Phuong Nguyen ("Nguyen," and together with Adaya, "Respondents").  As outlined herein, the parties met and conferred this week and have come to mutual agreement on (i) the process for escrow and (ii) a proposed process for setting a discovery and briefing schedule.

**I.      Background**

On June 15, 2023 the Receiver filed a letter with the Court (ECF No. 202), identifying assets he values at approximately $3.5 million that he believes to be Receivership Property [1] and that he contends were in Respondents' custody, possession, or control (the "Disputed Assets") and requesting leave to file a motion compelling turnover of the Disputed Assets ("Motion").  On June 22, 2023, the Court granted the Receiver's request to file the Motion (ECF No. 204).  Respondents then filed two letters (ECF Nos. 214 and 216) ("Respondent Letters") disagreeing with the Receiver's position, suggesting the Disputed Assets be placed in escrow for the pendency of this matter, and requesting that they be permitted to take discovery prior to briefing their presumed opposition to the Motion.  Pursuant to the Court's Order (ECF No. 219) directing him to respond, on July 14, 2023, the Receiver replied to the Respondent Letters (ECF No. 221) putting forth his proposal for escrow and a discovery/briefing schedule.  On July 18, 2023, Respondents replied to the Receiver's letter (ECF No. 224) and included counterproposals on those issues.

On July 25, 2023, the Court ordered the parties to meet and confer by August 1, 2023 to discuss the issues of (i) escrow and (ii) discovery/briefing, and to file a joint letter by August 3, 2023 outlining all areas of agreement or, if no agreement could be reached, outlining the competing proposals (ECF No. 226).  On July 31, 2023 and August 1, 2023, the parties met and conferred, and, as detailed below, have come to agreement on both issues.

---

[1] *See* Order Appointing Receiver (ECF No. 31) ("Receiver Order"), at 2 and § I.7.G setting forth the receivership terms.

## II. Lifting the Freeze and Transferring the Disputed Assets to a Third-Party Escrow

The parties have agreed to the following plan to convert the Disputed Assets to U.S.D. Coin ("USDC"), then to U.S. Dollars ("USD"), and to then hold the USD in a third-party escrow account with a major U.S. bank.

### A. Lifting the Freeze on the Nguyen Account

Pursuant to the Receiver's request, the Disputed Assets are currently frozen in an account on the international Binance exchange ("Nguyen Account"). The balance of the assets in the Nguyen Account were also frozen by Binance. Provided the Escrow Agreement (as defined in Section II.D. below) has been negotiated and mutually executed by the parties, within 24 hours upon receiving an Order from this Court, the Receiver shall notify Binance that the freeze on the Nguyen Account should be lifted in its entirety and will confirm with Respondents that the freeze has been lifted in full and that Respondents are able to access and withdraw assets from the Nguyen Account. If the 24-hour period does not run on a business day, it will be extended into the next business day. If the Escrow Agreement has not been mutually executed by the parties within 24 hours of receipt of the Court's order, then the procedures as outlined herein will be paused until such time as the Escrow Agreement is finalized.

### B. Converting the Disputed Assets to USDC

Within 48 hours of Respondents confirming that the freeze on the Nguyen Account has been lifted in its entirety, Respondents shall set a video call with the Receiver, during which either or both Respondents will (i) log in to the Nguyen Account and (ii) convert assets within the Nguyen Account to USDC until the value of USDC in the Nguyen Account reaches $3,590,255,[2] if there is less than $3,590,255 in USDC in the Nguyen Account at the start of the video call. If the 48-hour period does not run on a business day, it will be extended into the next business day.

### C. Transferring the USDC

Once the Disputed Assets have been converted to USDC, the USDC will then be transferred to Coinbase, a regulated, secure, U.S.-based cryptocurrency exchange to be converted into USD. The parties have agreed that to save costs and time, the USDC will be transferred to a wallet address in a segregated wallet within the Receiver's insured institutional custody account at Coinbase ("Coinbase Wallet"). That segregated wallet has not been and will not be used for any purpose other than the conversion and transfer of assets as set forth in this letter.

Once Respondents convert the Disputed Assets to USDC within the Nguyen Account, the parties will remain on the video call and will be joined by a representative from Coinbase. During the call, the Receiver will provide the address for the Coinbase Wallet. Respondents will perform a test transfer with a nominal amount of USDC to ensure that the process works. Once the Coinbase representative confirms that the test transfer has been successfully completed, Respondents will transfer the balance of the $3,590,255 USDC to the Coinbase Wallet.

---

[2] This number is equal to what the Receiver contends is the value of the Disputed Assets he will seek to have transferred, as he will outline in the Motion.

### D. Converting the USDC to USD and Transferring the USD to an Escrow Account

Once the $3,590,255 in USDC is sent in its entirety to the Coinbase Wallet, the Coinbase representative on the video call will then proceed to liquidate the USDC into USD. Upon completion of the liquidation, the Coinbase representative will wire the full amount of the liquidated proceeds to a previously agreed upon escrow account. The Receiver and Respondents anticipate setting up this account at Citibank, N.A. or other major U.S. bank ("Escrow Account") and have taken steps to accomplish this.

The USD will remain in the Escrow Account, pursuant to a separate escrow agreement ("Escrow Agreement") to be executed by the parties, until such time as this matter is resolved and in keeping with the escrow agreement. The parties have agreed that the Escrow Account and associated escrow agreement will be in place prior to the execution of any procedures as described in this letter.

### III. Proposed Discovery and Briefing Schedule

The parties have agreed that on August 4, 2023, the Receiver will file the Motion along with all supporting declarations and exhibits. The parties further agree that, by August 11, 2023, the parties will interchange discovery requests related to this matter, if any. The Receiver's document requests will be limited to requests for unproduced documents relevant to this matter. The Receiver will also be allowed to question third-party witnesses, whom the Respondents subpoena for deposition. No later than August 16, 2023, the parties shall meet and confer on those requests, if necessary, and on a proposed discovery and briefing schedule. By August 22, 2023, the parties shall file a joint letter summarizing any agreement on a discovery and briefing schedule, or, if no such agreement has been reached, detailing their areas of disagreement.

### IV. Stipulation

Attached hereto please find the Stipulation of the parties, which they jointly request the Court order.

We thank your Honor for the consideration of this letter and request.

Respectfully submitted,

| | |
|---|---|
| Marco Molina, | Aviva J.B. Gilbert and Gary M. Kaplan, |
| for the Receiver | for the Respondents |