# Exhibit 13

I certify this to be a complete and accurate copy of the original document which has been presented before me.

Wes Barnes *Digitally signed by Wes Barnes Date: 2021.02.24 10:24:25 -05'00'*

Name: Wes Barnes
Date: 2/24/2021
Capacity: Associate Attorney
Firm: Cott Law Group, P.C.
Contact Number: 704.962.0105

# LIMITED LIABILITY COMPANY AGREEMENT

OF

# ANTIFRAGILE MANAGEMENT, LLC

Limited Liability Company Agreement (the "Agreement"), dated as of February 16, 2021, of Antifragile Management, LLC (the "Company"), by Rohan Pandit and Nasir Adaya, (each a "Member" and collectively "Members").

## RECITALS

A.  On January 21, 2021 (the "Effective Date"), a Certificate of Formation for the Company (the "Certificate") was filed with the Secretary of State of the State of Delaware.

B.  The Members desire to provide for the operation of the Company as set forth in this Agreement.

NOW, THEREFORE, the Members agree as follows:

## ARTICLE I
### Name, Place of Business, Registered Agent and Registered Office

The name of the Company is Antifragile Management, LLC. The Company's principal place of business shall be located at [redacted] Brooklyn, NY 11211, or such other place as the Members may determine from time to time. The Company's registered office in the State of Delaware shall be at 16192 Coastal Highway, Lewes, DE 19958 and its registered agent at such address shall be Harvard Business Services, Inc., or such other place and/or agent as the Members may determine from time to time.

## ARTICLE II
### Definitions

The following terms used in the Agreement shall have (unless otherwise expressly provided herein or unless the context otherwise requires) the following respective meanings:

"Act" means the Delaware Limited Liability Company Act, as amended.

"Capital Contribution" shall mean the capital contributions the Members actually make pursuant to Article IV thereof.

"Certificate" shall have the meaning set forth in the Recitals.

"Code" shall mean the Internal Revenue Code of 1986, as amended.

"Company" shall have the meaning set forth in the Preamble.

"Company Distributions" shall mean cash or property which is distributed pursuant to Section 5.2 of the Agreement.

"Interest" shall mean the ownership right of the Members in the Company as set forth in Section 4.2 below.

"Losses" shall mean the taxable loss of the Company as determined for U.S. federal income tax purposes.

"Manager" shall have the meaning set forth in Section 6.1.

"Member" shall have the meaning set forth in the Preamble.

"Person" shall mean any individual or entity, including without limitation a corporation, partnership, association, limited liability company, limited partnership, trust, unincorporated association, government or governmental agency or authority.

"Profits" shall mean the taxable income of the Company as determined for U.S. federal income tax purposes.

ARTICLE III
Business, Purpose, and Term of Company

Section 3.1   Character of the Business.  The Company is organized for the purpose of engaging in any business activities permitted under the Act and all acts and things necessary, appropriate, proper, advisable, incidental to or convenient for the furtherance and accomplishment of such purpose.

Section 3.2   Term of Company; Organization.  The term of the Company commenced on January 21, 2021, the date the Certificate was filed with the Secretary of State of the State of Delaware, and shall continue until dissolved and terminated pursuant to this Agreement. The Members hereby agree that the person executing and filing the Certificate was and is an "authorized person" within the meaning of the Act.

Section 3.3   Other Qualifications.  The Members agree that the Company shall file or record such documents and take such other actions under the laws of any jurisdiction as are necessary or desirable to permit the Company to do business in any such jurisdiction as is selected by the Company and to promote the limitation of liability for each Member in any such jurisdiction.

FOIA CONFIDENTIAL TREATMENT REQUESTED BY R. PANDIT                                    Pandit_Baker_3630

## ARTICLE IV
## Capital Contributions and Interests

Section 4.1   Capital Contributions by Each Member.  Each Member shall make such capital contributions to the Company as the Members may determine from time to time in their sole discretion.  No Member shall be obligated to make any capital contributions to the Company.

Section 4.2   Interests. The Members shall hold Interests as set forth in the attached Schedule 1.

## ARTICLE V
## Allocation of Profits and Losses

Section 5.1   Allocation of Profits and Losses.  All Profits and Losses shall be treated as Profits and Losses of the Members.

Section 5.2   Distribution of Cash.  All Company Distributions, if any, shall be made to the Members at such times as the Members may determine in their sole discretion.

## ARTICLE VI
## Management of the Company

Section 6.1   Managers. The managers of the Company (the "Managers") shall be responsible for the management of the Company, and shall have the fullest right, power, and authority to manage, direct, and control all of the business and affairs of the Company and to transact business on its behalf. The Managers shall be Rohan Pandit and Nasir Adaya.

Section 6.2   Authority to Execute Documents.  The Managers shall have full power and authority to execute any agreements, contracts, certificates or other documents on behalf of the Company and such execution, without any further action by the Members, shall bind the Company in all respects.

## ARTICLE VII
## Other Rights, Liabilities, and Obligations of Member

Section 7.1   Liability of Members.  The Members shall not be personally liable for the expenses, liabilities, debts, or obligations of the Company except to the minimum extent required by the Act.

## ARTICLE VIII
## Fiscal Year

Section 8.1   Fiscal Year.  Except as otherwise required by the Code, the Company shall adopt the calendar year for financial and federal income tax purposes.

FOIA CONFIDENTIAL TREATMENT REQUESTED BY R. PANDIT                    Pandit_Baker_3631

## ARTICLE IX
## Amendment of Agreement

Section 9.1   Amendment.  Any amendment or supplement to this Agreement shall only be effective if in writing and if the same shall be consented to by all the Members.

## ARTICLE X
## Dissolution

Section 10.1   Dissolution.  The Company shall be dissolved, and shall terminate and wind up its affairs, upon the withdrawal, bankruptcy, retirement, or resignation of all of the Members, or upon the decision of the Members to dissolve the Company.

## ARTICLE XI
## Miscellaneous Provisions

Section 11.1   Notices.   Notices, requests, reports, payments, calls or other communications required to be given or made to a Member hereunder shall be in writing (including via facsimile and email) and shall be deemed to be given or made when properly addressed and posted by registered or certified mail, postage prepaid, to such Member at such Member's last known address, or via facsimile to such Member at such Member's current facsimile number, or via email to such Member at such Member's current email address.

Section 11.2   Applicable Law.  Notwithstanding the place where this Agreement may be executed by any of the parties hereto, this Agreement, the rights and obligations of the parties hereto, and any claims and disputes relating thereto, shall be subject to and governed by the Act and the other laws of the State of Delaware as applied to agreements among Delaware residents to be entered into and performed entirely within the State of Delaware, and such laws shall govern the limited liability company aspects of this Agreement.

Section 11.3   Successors in Interest.  Each and all of the covenants, agreements, terms, and provisions of this Agreement shall be binding upon and inure to the benefit of the Members and their respective heirs, executors, administrators, personal representatives, successors and assigns.

Section 11.4   Integration.  This Agreement constitutes the entire agreement of the Members pertaining to the subject matter hereof and supersedes all prior and contemporaneous agreements and understandings of the Members in connection therewith.

Section 11.5   Severability.  Any provision of this Agreement which is invalid, illegal, or unenforceable in any respect in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such invalidity, illegality, or enforceability without in any way affecting the validity, legality, or enforceability of the remaining provisions hereof, and any such invalidity, illegality, or unenforceability in any jurisdiction shall not invalidate or in any way affect the validity, legality, or enforceability of such provisions in any other jurisdiction.

FOIA CONFIDENTIAL TREATMENT REQUESTED BY R. PANDIT                                         Pandit_Baker_3632

Section 11.6    Headings.  The headings in this Agreement are inserted for convenience and identification only and are in no way intended to describe, interpret, define or limit the scope, extent or intent of this Agreement or any provision hereof.

Section 11.7    Rights and Remedies Cumulative.  The rights and remedies provided by this Agreement are given in addition to any other rights and remedies the Members may have by law, statute, ordinance or otherwise.  All such rights and remedies are intended to be cumulative and the use of any one right or remedy by any Member shall not preclude or waive such Member's right to use any or all other rights or remedies.

[Signatures on following page.]

FOIA CONFIDENTIAL TREATMENT REQUESTED BY R. PANDIT                                                   Pandit_Baker_3633

IN WITNESS WHEREOF, the party hereto has executed and delivered this Agreement as of the day and year first above written.

ANTIFRAGILE MANAGEMENT, LLC

By: _____
Rohan Pandit
Manager

By: _____
Nasir Adaya
Manager

MEMBERS:

_____
Rohan Pandit

_____
Nasir Adaya

FOIA CONFIDENTIAL TREATMENT REQUESTED BY R. PANDIT                    Pandit_Baker_3634

## SCHEDULE 1

<u>LIMITED LIABILITY AGREEMENT OF Antifragile Management, LLC</u>

| Member | Member's Interest |
|---|---|
| Rohan Pandit | 50% |
| Nasir Adaya | 50% |

- 7 -

FOIA CONFIDENTIAL TREATMENT REQUESTED BY R. PANDIT                                    Pandit_Baker_3635