# Exhibit 14



AVIVA J. GILBERT
agilbert@fbm.com
D 415.954.4478

December 13, 2022

**CONFIDENTIAL COMMUNICATION**

*Via Email to:*
tgoodyguillen@bakerlaw.com;
mmolina@bakerlaw.com

Teresa Goody Guillén
Marco Molina
Partners, BakerHostetler

  Re: SEC v. Qin Receivership

Dear Teresa and Team:

  I write on behalf of my client, Nasir Adaya, regarding the Receiver's apparent direction to Binance's cryptocurrency exchange to freeze certain accounts Mr. Adaya uses to trade and make his living. We are hopeful that this is a misunderstanding on Binance's behalf, and request that you clarify the direction provided to Binance regarding the subject accounts, and the basis for that direction.

  Mr. Adaya is a professional market maker who has suffered tremendously from Stefan Qin, his former employer's, fraud. Mr. Adaya was never paid the substantial commissions he was owed for his work, and he has tried to move on and restart his career under these challenging circumstances. He submitted a declaration covering his prior work under Mr. Qin at the Receiver's request, and searched for and produced documents in response to a subpoena from the Receiver. Mr. Adaya has cooperated at every turn.

  Mr. Adaya signed into his Binance account a few weeks ago and learned he was unable to withdraw funds. When he contact Binance support, he was told that the Receiver had directed the exchange to prevent him from making any withdrawals, from either a main Binance account (ID: ████ 8310) or any of the sub-accounts under account ████ 8310 on the exchange. Mr. Adaya needs to be able to withdraw and move currency freely both from and into these accounts in order to do his job and make his livelihood. The above-described direction is preventing him from working and he urgently needs the account access restored so that he can continue to earn an income.

  Our best guess regarding why the Receiver has directed Binance in this manner is that there were some assets (specifically, approximately 240,000 INJ tokens belonging to and being traded on behalf of third party Injective Labs, Inc., the "Injective Assets") that were at one point



December 13, 2022
Page 2

in the subject Binance account, and before that were briefly in a VQR-affiliated account in late 2020 while VQR was still a going concern. The Injective Assets were in those accounts because Mr. Adaya was working for VQR at the time, as well as Injective Labs, wholly unaware of Mr. Qin's fraud. A review of some of the transaction history indicates that the Injective Assets were moved into the subject Binance account in early January through early February 2021. The Injective Assets are not receivership property and never were, given that they were Injective-owned tokens. There is no evidence—documentary or testimonial—to the contrary, let alone a preponderance. Further, the Injective Assets are no longer in the Binance account at issue. There are no Injective-owned assets in the account that Mr. Adaya is trying to access, nor any Receivership property. The assets in the subject account belong to Mr. Adaya and the entities for which he is currently trading, after having the rug pulled out from under him by Qin nearly two years ago.

Mr. Adaya appreciates that the Receivership is still in operation, gathering assets and claims from creditors like Mr. Adaya (he has already submitted a claim for money he is owed). He acknowledges that the process is not yet complete, and he understands that the Receiver may want to freeze even tangentially related assets that are not Receivership property until all claims are paid and the matter resolved. Accordingly, he would understand if the Receiver directed Binance to temporarily freeze or prevent withdrawal of assets approximating the Injective Assets' value, though again, Mr. Adaya does not believe these are Receivership property and would strongly contest any assertion to the contrary. Directing Binance to freeze the entire account from withdrawal is a hugely disproportionate step, and one that prevents Mr. Adaya from making his living. We ask that you clarify the direction provided to Binance so that Mr. Adaya can regain access to the accounts and work with the exchange to do so as soon as possible. If this is a misunderstanding, then please assist us in clearing up the issue quickly.

Please respond to this letter by December 23rd so that we can make a more informed determination regarding seeking relief from the court, or let us know if you need a few additional days or more information from us to do so. Mr. Adaya reserves all his rights and waives none. Thank you for your attention to this matter.

Very truly yours,

Aviva J. Gilbert

cc: Gary Kaplan, Esq.; gkaplan@fbm.com
Veronica Reynolds, Esq.; vreynolds@bakerlaw.com

41410\15200735.1