# Exhibit 15

# BakerHostetler

Baker&[redacted]
600 Anton
Suite 900
Costa Mes[redacted]

T 714.75[redacted]
F 714.75[redacted]
www.baker[redacted]

December 19, 2022

Marco Molina
direct dial: 714.966.8833
mmolina@bakerlaw.com

**VIA E-MAIL**
agilbert@fbm.com

Aviva J. Gilbert
Gary Kaplan
Partners, Farella Braun + Martel LLP

Re:   *SEC v. Qin Receivership*, Case No. 20 Civ. 10849 (LGS) (S.D.N.Y.)

Dear Aviva and Gary:

We write on behalf of our client, Robert A. Musiala, Jr., in his capacity as the Court-appointed receiver ("Receiver") in the above-referenced case and in response to your letter, dated December 13, 2022, on behalf of your client, Nasir Adaya ("Letter").

The Receiver's mandate is to identify, secure, and liquidate Receivership Property pursuant to the Order Appointing Receiver, entered in the above-referenced matter on January 21, 2021 (Dkt. No. 31). Per this mandate, the Receiver has an obligation to, *inter alia*, "take such action as necessary and appropriate for the preservation of Receivership Property or to prevent the dissipation or concealment of Receivership Property" (Order Appointing Receiver, ¶ 7.G).

The Receiver's ongoing investigation has identified certain assets ("Assets") that may consist in whole, or in part, of Receivership Property and that are located in the Binance accounts referenced in your Letter (UID [redacted]8310 and its sub-accounts) (collectively, the "Binance Accounts"). The Receiver has taken necessary and appropriate actions to preserve the Assets. We understand from your Letter that your client directly or indirectly controls these Assets and that he believes they do not constitute Receivership Property.

Based on the foregoing, the Receiver requests your client's sworn testimony on this matter and production of all documentation that your client has regarding the Assets. Please advise in writing and by December 23, 2022 if your client will: (i) sit for a deposition at a mutually convenient date and time – and no later than January 31, 2023 – to answer questions concerning the origin and nature of the Assets; and (ii) produce, prior to the deposition, non-privileged documents that are in his custody, possession, or control concerning the origin and nature of the Assets.

December 19, 2022
Page 2

We also understand from your Letter that your client uses the Binance Accounts "to trade and make his living" and he believes it was "disproportionate" for Binance to freeze all assets located in those Accounts. The Receiver is willing to coordinate with Binance to lift the freeze on the Binance Accounts <u>on the condition that the assets the Receiver believes consist in whole, or in part, of Receivership Property are transferred to the Receiver's control so that he can ensure these assets are preserved until his investigation regarding those assets comes to a close</u>. This condition is necessary for the Receiver to comply with his mandate under the Order Appointing Receiver. Please advise in writing and by December 23, 2022 if your client is willing to provide the approvals and/or consents that Binance may require to effect this transfer of assets.

We look forward to hearing from you.

Sincerely,

Marco Molina
Partner


cc: Robert A. Musiala, Jr., in his capacity as the Court-appointed Receiver
    Teresa Goody Guillén