# Exhibit 16



AVIVA J. GILBERT
agilbert@fbm.com
D 415.954.4478

January 11, 2023

**CONFIDENTIAL COMMUNICATION**

*Via Email to:*
tgoodyguillen@bakerlaw.com;
mmolina@bakerlaw.com

Teresa Goody Guillén
Marco Molina
Partners, BakerHostetler

  Re: SEC v. Qin Receivership, 20-CV-10849 (LGS) (S.D.N.Y)

Dear Marco, Teresa and Team:

  I write on behalf of my client, Nasir Adaya, responding to your December 19, 2022 letter on the issue Mr. Adaya raised earlier in December: the Receiver's apparent direction to Binance to freeze certain account(s), UID ▇▇▇8310 and sub-accounts. Mr. Adaya needs to access these accounts, which he does normally access, to conduct his job and to earn his income. His income is derived, as you know, from his work as a market-maker in the cryptocurrency arena. We are aware of no information or evidence showing any of the assets in the Binance account at issue are Receivership Property, and, absent your sharing any countervailing information that would cause us to reevaluate that position, we reiterate our request that your client work with Binance to unfreeze the account so Mr. Adaya can continue to earn his living.

  Mr. Adaya is a victim of his former employer, Mr. Qin's, fraud, and is collateral damage of the crime for which Mr. Qin has been convicted and is now serving his substantial sentence. Mr. Adaya had nothing to do with that fraud and is *owed* money for work he did related to Mr. Qin's defunct funds, and for which he was never paid. He has accordingly cooperated fully with the Receiver's requests for his sworn testimony already, and made a production in response to a subpoena as a result. He expended substantial amounts of his own funds preparing a production and complying with the legal process he was served. He simply wants to be paid as much as possible of what he is owed, and be free from the negative effects of Mr. Qin's conduct that Mr. Adaya is clearly still suffering.

  Your letter makes a request of my client to which I will respond first. Specifically, you request (1) Mr. Adaya's deposition testimony on "this matter" and (2) production of documents related to "certain assets" in the account that the "Receiver's ongoing investigation has identified" as *possibly* constituting Receivership Property. Mr. Adaya is not inherently opposed to either portion of this request, but before agreeing to either a deposition or a production we

Russ Building • 235 Montgomery Street • San Francisco, CA 94104 • T 415.954.4400 • F 415.954.4480

SAN FRANCISCO ST. HELENA www.fbm.com



January 11, 2023
Page 2

need to know what the "certain assets" to which you refer are and the basis for the Receiver's concern that such assets are in the Binance account and "may consist in whole or in part of Receivership Property." If you are able (and willing) to provide that information, then we can evaluate your request. I cannot properly advise my client regarding this request in a vacuum; and making such a request without providing sufficient information regarding the assets and underlying assertions is unproductive. We are also amenable to taking the Receiver's deposition or receiving a production if that is the most efficient way to productively engage on the matter of the Binance about which the Receiver is apparently concerned.

Second, you respond to my letter regarding the proportionality issue by indicating a willingness to coordinate with Binance to lift the freeze on the entire account "on the condition that the assets the Receiver believes consist in whole, or in part, of Receivership Property and transferred to the Receiver's control" until the end of your team's investigation. Mr. Adaya is not inherently opposed to this and appreciates the Receiver's willingness to engage in this coordination with Binance. Again, however, Mr. Adaya needs to know what the assets to which you refer are, their total amount, and their location within the Binance account (which sub-account). Without knowing what, specifically, the Receiver proposes Mr. Adaya agree to transfer, we cannot give you an answer regarding the consent or approval that may be required.

Receiving this detail from you is necessary because, as I stated in my prior letter, we do not know what assets in the Binance account led the Receiver to ask Binance to recently freeze it. We guessed that the Receiver might be concerned about approximately 240,000 INJ tokens formerly in the account and no longer in Mr. Adaya's possession, custody, or control, but did not receive any response from you regarding that guess nor any other information regarding the assets at issue. Further, your December letter says the assets you are investigating are presently in the account, so we now are at a loss as to what the assets to which you refer are. *Mr. Adaya cannot meaningfully consent to a transfer for the pendency of the investigation without knowing what the Receiver is contemplating Mr. Adaya agree to approve.* We will also need to know the process you envision for returning the assets, assuming either that you correctly determine they are not Receivership Property, or that Mr. Adaya challenges a contrary preliminary determination. In other words, Mr. Adaya's likely approval of and/or consent to a transfer is not a waiver of his contention that the property in the Binance account is not Receivership Property, and any related claims he may have or may raise with the court.

Mr. Adaya continues to need the account unfrozen and is willing to evaluate both providing discovery, and consenting to a transfer once we have enough information to do so. He appreciates that the Receivership is still investigating and fielding claims from creditors, and also appreciates that this matter is ongoing. Mr. Adaya is raising this issue now, while the Receivership is still active and the claims not yet paid, based only on his need to continue to work. The Binance account freeze that the Receiver has directed is preventing Mr. Adaya from earning his living and is compounding his suffering.

We appreciate your patience in waiting until after the holidays to receive a considered response, and will look forward to hearing from you so that we can make informed decisions regarding the request in your letter, the conditional transfer, and any need we may have to seek



January 11, 2023
Page 3

relief.  Mr. Adaya reserves all his rights and waives none. Thank you for your continued attention to this matter.

Very truly yours,

Aviva J. Gilbert

cc: Gary Kaplan, Esq.; gkaplan@fbm.com
    Veronica Reynolds, Esq.; vreynolds@bakerlaw.com

41410\15230054.1