UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>      Plaintiff,<br><br>vs.<br><br>STEFAN QIN, VIRGIL TECHNOLOGIES LLC, MONTGOMERY TECHNOLOGIES LLC, VIRGIL QUANTITATIVE RESEARCH, LLC, VIRGIL CAPITAL LLC, and VQR PARTNERS LLC,<br><br>      Defendants. | Case No.: 20-cv-10849 (JGLC) |

## JOINT STIPULATION

Petitioner Robert A. Musiala, Jr. in his capacity as the Court-appointed receiver ("Receiver"), by and through his attorneys of record, and non-party respondents Nasir Adaya and Phuong Nguyen ("Respondents") (collectively, the "Parties"), make the below stipulation:

WHEREAS, on January 21, 2021 this Court appointed the Receiver and entered a Receiver Order (ECF No. 31), which, among other things, defines Receivership Property;

WHEREAS, the Receiver has identified digital assets that he believes are valued at approximately $3,590,255 and that he believes to be Receivership Property (the "Disputed Assets");

WHEREAS, Respondents disagree with the Receiver's beliefs as to the Disputed Assets;

WHEREAS, the Disputed Assets are currently frozen, pursuant to the Receiver's request, in an account on the Binance exchange that Respondents control (the "Nguyen Account"). The balance of the assets in the Nguyen Account were also frozen by Binance;

WHEREAS, on June 15, 2023, the Receiver sought leave to file a motion ordering the turnover of the Disputed Assets ("Motion");

WHEREAS, on June 22, 2023, the Court granted the Receiver leave to file the Motion;

WHEREAS, Respondents have sought discovery in advance of opposing the Motion;

WHEREAS, the Parties wish to safeguard the Disputed Assets during the pendency of the Motion;

**NOW THEREFORE, IT IS HEREBY STIPULATED**, subject to Court approval and order, and agreed to by and between the Parties, through their respective counsel of record, that:

1. The Disputed Assets shall be converted from cryptocurrency to USD Coin ("USDC") and then to fiat U.S. Dollars ("USD") and held in a third-party escrow account ("Escrow Account") at a major national bank during the pendency of the Motion.

2. Provided the Escrow Agreement (as defined in ¶8 below) has been negotiated and mutually executed by the Parties, within 24 hours upon receiving an Order from this Court, the Receiver shall notify Binance that the freeze on the Nguyen Account should be lifted in its entirety. If the 24-hour period does not run during a business day, then the 24-hour period shall be extended into the next business day.

3. Within 48 hours of Respondents confirming that the freeze on the Nguyen Account has been lifted, Respondents shall set a video call with the Receiver, during which either or both Respondents will (i) log in to the Nguyen Account and (ii) convert assets within to USDC until the value of the converted USDC in the Nguyen Account equals $3,590,255, if the value of USDC in the Nguyen Account is less than $3,590,255 at the start of the video call. If the 48-hour period does not run during a business day, then the 48-hour period shall be extended into the next business day.

4. Once the Disputed Assets have been converted to USDC, a representative from the Coinbase exchange will join the video call to facilitate the liquidation of USDC to USD.

5. Once the Coinbase representative has joined the video call, Respondents will be provided with the deposit address to a segregated wallet within the Receiver's insured institutional custody account at Coinbase ("Coinbase Wallet") to be used for the steps delineated in this paragraph and the following two paragraphs only. Respondents will perform a test transfer with a nominal amount of USDC to ensure that the process works. Once the Coinbase representative confirms that

the test transfer has been successfully completed, Respondents will transfer the balance of the USDC to the Coinbase Wallet.

6. Once the $3,590,255 USDC is confirmed received into the Coinbase Wallet, the Coinbase representative will proceed to liquidate the USDC into USD.

7. Upon completion of the liquidation of USDC to USD, the Coinbase representative will issue a wire in the full amount of the liquidated proceeds to an agreed upon escrow account at a major U.S. bank ("Escrow Account").

8. Prior to the commencement of the procedures described herein beginning with paragraph 2, the Parties shall execute a separate escrow agreement ("Escrow Agreement") that shall govern the Escrow Account.

9. The USD will remain in the Escrow Account until released in accordance with the Escrow Agreement.

10. On August 4, 2023, the Receiver shall file the Motion and all supporting declarations and exhibits with this Court.

11. By August 11, 2023, the Parties shall exchange discovery requests related to this matter, as set forth in the joint letter to which this stipulation is appended.

12. No later than August 16, 2023, the Parties shall meet and confer to discuss the discovery requests, if necessary, and a proposed briefing schedule.

13. By August 22, 2023, the Parties shall file a joint letter summarizing any agreement on a discovery and briefing schedule, or, if no such agreement has been reached, detailing their disagreements regarding discovery and briefing schedules.

Dated: August 3, 2023
    New York, New York

Respectfully submitted,

| **BAKER & HOSTETLER, LLP** | **FARELLA BRAUN + MARTEL LLP** |
|---|---|
| By: */s/ Marco Molina*_____ | By: */s/ Aviva J.B. Gilbert* and *Gary M. Kaplan* |
| Marco Molina | Aviva J.B. Gilbert & Gary M. Kaplan |
| 45 Rockefeller Plaza | One Bush Street, Suite 900 |
| New York, NY 10111 | San Francisco, CA 94104 |
| Tel: (212) 589-4200 | Tel: (415) 954-4400 |
| Email: mmolina@bakerlaw.com | Email: agilbert@fbm.com; gkaplan@fbm.com |
| *Attorney for the Receiver* | *Attorneys for the Respondents* |

*  *  *

SO ORDERED:

*[signature: Jessica Clarke]*

JESSICA G. L. CLARKE
United States District Judge

Dated: August 8, 2023
         New York, New York

4