UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

                              Plaintiff,

                -against-

STEFAN QIN, et al.,

                              Defendants.

20-CV-10849 (JGLC)

**<u>ORDER</u>**

---

JESSICA G. L. CLARKE, United States District Judge:

WHEREAS, on January 21, 2022, Robert A. Musiala, Jr. Esq. of Baker & Hostetler LLP ("BakerHostetler") was appointed as the Receiver in this action. ECF No. 31.

WHEREAS, on June 29, 2023, the Receiver submitted the Ninth Fee Application, ECF No. 205, seeking approval of the payment of fees and expenses incurred between January 1, 2023 and March 31, 2023 (the "Application Period"). The Ninth Fee Application seeks approval of payments in the following amounts: $784,995.42 to BakerHostetler; $453,290.12 to Ankura Consulting Group, LLC ("Ankura"); $375.00 to the Law Office of Dennis O. Cohen, PLLC; $1,012.50 to Nelsons Attorneys-at-Law, Ltd; and $1,502.20 to Miller Kaplan Arase, LLP (collectively, the "Receiver Team"). In connection with the Ninth Fee Application, the Receiver and the Receiver Team submitted invoices detailing the work performed.

It is hereby ORDERED that the Ninth Fee Application is GRANTED. The Receiver is authorized to make payments for the total amounts requested in the application. "A receiver appointed by a court who reasonably and diligently discharges his duties is entitled to be fairly compensated for services rendered and expenses incurred." *SEC v. Amerindo Inv. Advisors Inc.*, No. 05-CV-5231 (RJS), 2019 WL 3526590, at *4 (S.D.N.Y. Aug. 2, 2019) (quoting *SEC v. Byers,* 590 F. Supp. 2d 637, 644 (S.D.N.Y. 2008)). "Like fee awards in other contexts, the

reasonableness of a receiver's fee application is determined in the court's discretion, and is judged by, among other things, the reasonableness of the hourly rate charged and the reasonableness of the number of hours billed." *Id*. (internal citations omitted). In determining a reasonable fee, the Court considers a number of factors, including "(1) the complexity of problems faced, (2) the benefits to the receivership estate, (3) the quality of the work performed, and (4) the time records presented." *SEC v. Morgan*, 504 F. Supp. 3d 221, 223 (W.D.N.Y. 2020) (quoting *SEC v. Platinum Mgmt. (NY) LLC*, No. 16-CV-6848 (BMC), 2018 WL 4623012, at *4 (E.D.N.Y. Sept. 26, 2018)).

Here, the SEC reviewed and approved the fee application and the invoices for the Receiver and the Receiver Team. ECF No. 205 ¶ 1. The SEC's approval is "given great weight" in determining the reasonableness of the compensation and reimbursement sought by a receiver. *Morgan*, 504 F. Supp. 3d at 223 (quoting *Byers,* 590 F. Supp. 2d at 644). The Ninth Fee Application and billing records reflect the significant efforts of the Receiver Team, which continues to engage in highly complex and time-intensive work on behalf of the Receivership. During the Application Period, the Receiver Team performed work that was beneficial to the Receivership, including collecting and analyzing data; negotiating with third parties, executing settlement agreements and collecting associated Receivership Property; investigating claims to potential Receivership Property in the form of cryptocurrencies; facilitating the conversion of cryptocurrency assets into U.S. dollars; interviewing and deposing witnesses; issuing subpoenas; and operating an electronic claims portal. ECF No. 205 ¶ 4. The hourly rates remain significantly discounted from the ordinary rates of the Receiver and Ankura, resulting in a combined total

discount and fee write-off of $548,700.50 and $172,640.00, respectively, for the Application

Period. *Id.* ¶ 28.

Dated:  August 31, 2023
        New York, New York

                                              SO ORDERED.

                                              *Jessica Clarke*

                                              JESSICA G. L. CLARKE
                                              United States District Judge