UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>STEFAN QIN, VIRGIL TECHNOLOGIES LLC, MONTGOMERY TECHNOLOGIES LLC, VIRGIL QUANTITATIVE RESEARCH, LLC, VIRGIL CAPITAL LLC, and VQR PARTNERS LLC,<br><br>Defendants. | Case No.: 20-cv-10849 (JGLC) |

## DECLARATION OF AVIVA GILBERT

I, Aviva J.B. Gilbert, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I currently reside in Berkeley, California. I am a partner in the law firm Farella Braun + Martel LLP ("FBM"), in San Francisco, California, and am a member in good standing of the California State Bar. I have been admitted *pro hac* vice to represent third-party Respondents Nasir Adaya and Phuong Nguyen ("Respondents") in this case. I submit this declaration in support of Respondents' Opposition to the Receiver in the above-captioned action's filed Motion to Compel Turnover of Assets. ("Motion," ECF 231).

2. Exhibits A through H to this declaration are documents produced by the Receiver in discovery in this matter. Certain exhibits to the concurrently submitted Declaration of Nasir Adaya and all exhibits to the Declaration of Max Bodoia also are documents produced by the Receiver in discovery in this matter, identified by their SECVQIN-RECEIVERSHIP Bates

identifier. The Receiver's counsel has represented to me in email correspondence that the Receiver does not object to the aforementioned documents being filed publicly.

3. Attached hereto as **Exhibit A** is a true and correct copy of Slack direct messages between VQR Head Trader Antonio Hallak and defendant Stefan Qin dated May 26, 2020.

4. Attached hereto as **Exhibit B** is a true and correct copy of email correspondence between VQR Head Trader Antonio Hallak and former consultant Ren Jianxin, with the subject line "Bixin management account require information," dated June 1, 2020.

5. Attached hereto as **Exhibit C** is a true and correct copy of email correspondence between Stefan Qin and Ren Jianxin, with the subject line "Bixin Contract additional sub contract," dated September 1 and 2, 2020.

6. Attached hereto as **Exhibit D** is a true and correct copy of the Entrusted Asset Management Contract between Bixin Ventures Co., Limited and VQR MAS Bx LLC, signed September 2, 2020, which was the attachment to Exhibit C.

7. Attached hereto as **Exhibit E** is a true and correct copy of Slack messages among VQR Head Trader Antonio Hallak, investor relations lead Melissa Fox, and defendant Stefan Qin dated September 2, 2020.

8. Attached hereto as **Exhibit F** is a true and correct copy of Slack direct messages between VQR Head Trader Antonio Hallak and CFO Carey Harrold dated October 28, 2020.

9. Attached hereto as **Exhibit G** is a true and correct copy of Slack messages among VQR Head Trader Antonio Hallak, CFO Carey Harrold, and investor relations lead Melissa Fox dated November 2, 2020.

10. Attached hereto as **Exhibit H** is a true and correct copy of Slack direct messages between VQR Head Trader Antonio Hallak and defendant Stefan Qin dated December 8, 2020.

11. Attached hereto as **Exhibit I** is a true and correct copy of the condensed transcript of the deposition of Mark Porter taken over videoconference by my partner Gary Kaplan on October 12, 2023.

12. In email correspondence and in meet-and-confer calls with the Receiver's counsel, the Receiver's counsel maintained that Mr. Mark Porter is not an expert witness and his testimony, both in the form of the Declaration of Mark Porter filed in support of the Motion (ECF 234) and in his deposition, is not expert witness testimony. Those calls occurred on August 15, 29 and September 7, 2023.

13. Respondents sought records documenting any receivership entity's retention or compensation by a third party for trading activity in their request for production 6. Respondents also sought an expert report prepared by Mr. Porter in their request for production 12. In his Responses to Respondents' Requests for Production, the Receiver refused to produce an expert report for Mr. Porter. Respondents ultimately agreed on search terms for request 6 and obtained information regarding Mr. Porter's engagement in connection with request 12, though not an expert report. Respondents did not locate any materials in the Receiver's production that demonstrated any VQR retention or compensation by a third party for trading activity beyond the Bixin asset management agreement (Exhibits C and D above and associated materials), nor did Respondents locate any materials in the Receiver's production that demonstrated VQR was tracking the INJ market making work for compensation purposes. A true and correct copy of the Receiver's responses to Respondents' requests 6 and 12 is attached hereto as **Exhibit J**, excerpted from the entirety of Receiver's Responses.

14. I represented Respondent Phuong Nguyen in an interview with the Receiver's counsel, pursuant to his request, in April of this year.

15. Respondents requested and obtained documents from the Open DeFi Foundation/Injective, all of which had been previously produced to the Receiver, as evidenced by their Bates numbers and footer stating that they were produced to the Receiver in this case. Four of those documents are submitted as exhibits to the Second Declaration of Eric Chen, filed under seal at Injective's request pursuant to the governing protective order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed in San Francisco, California on this 27th day of October 2023.

_____
Aviva J.B. Gilbert