# EXHIBIT J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>               Plaintiff,<br><br>          v.<br><br>STEFAN QIN, VIRGIL TECHNOLOGIES LLC, MONTGOMERY TECHNOLOGIES LLC, VIRGIL QUANTITATIVE RESEARCH, LLC, VIRGIL CAPITAL LLC, and VQR PARTNERS LLC,<br><br>               Defendants. | Case No.: 20-cv-10849 (JGLC) |

**RECEIVER'S RESPONSES AND OBJECTIONS TO THIRD PARTY RESPONDENTS' FIRST SET OF REQUESTS FOR PRODUCTION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Rules"), and the applicable local and individual rules of this Court ("Local Rules"), Robert A. Musiala, Jr., the Court-appointed receiver in this matter ("Receiver"), by and through his attorneys, Baker & Hostetler LLP, hereby responds to Third Parties Nasir Adaya's and Phuong Nguyen's (together, "Respondents") First Set of Requests for Production (collectively, "Requests" and each, a "Request"). All information provided in response to these Requests is provided exclusively for use in this litigation and for no other purpose.

**GENERAL OBJECTIONS**

The following objections ("General Objections") are applicable to each and every Request and incorporated into each and every specific response stated below as if fully set forth therein. Objections that are specific to individual requests ("Specific Objections") that are not necessarily

Subject to and without waiving the foregoing Objections, the Receiver will conduct a reasonable search and produce non-privileged documents responsive to this Request No. 5.

**REQUEST NO. 6**

**All communications and documents referencing or documenting any receivership entity's trading relationship with any third-party for which any receivership entity was compensated by that third party for conducting trading activity.**

*RESPONSE TO REQUEST NO. 6*

The Receiver objects to this Request as overbroad, oppressive, unduly burdensome, neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the matter or Respondents' intended response to the Motion, as it seeks information without regard to whether such information is relevant to any existing claim or defense related to the Motion and because such Request is not limited by time period or otherwise. The Receiver further objects to the Request as overly broad, vague, ambiguous, capable of multiple interpretations, as it does not identify with particularity the documents sought and seeks "[a]ll communications and documents" concerning certain subjects or events, without limitation. Moreover, the Receiver objects to the Request to the extent it seeks the production of documents and/or information protected from discovery or disclosure pursuant to applicable privileges and statutory restrictions, including, but not limited to, the attorney-client privilege, the attorney work-product doctrine, and/or any applicable privilege, statutory, or contractual restriction on disclosures.

Based on the foregoing objections, the Receiver will not produce any documents pursuant to this request at this time and unless and until the parties can agree to a reasonable and proportional list of search terms that are reasonably calculated to elicit information that is relevant to the issues in the Motion.

the Motion and because such Request is not sufficiently limited by time period or otherwise. The Receiver further objects to the Request as overly broad, vague, ambiguous, and capable of multiple interpretations, because the Request seeks "[a]ll correspondence" concerning certain subjects or events, without limitation and does not identify with particularity the documents sought. Moreover, the Receiver objects to the Request to the extent it seeks the production of documents and/or information protected from discovery or disclosure pursuant to applicable privileges and statutory restrictions, including, but not limited to, the attorney-client privilege, the attorney work-product doctrine, and/or any applicable privilege, statutory, or contractual restriction on disclosures.

Subject to and without waiving the foregoing Objections, the Receiver will conduct a reasonable search and produce non-privileged documents responsive to Request No. 11.

**REQUEST NO. 12**

**Mr. Porter's report as required by FRCP 26(a)(2).**

*RESPONSE TO REQUEST NO. 12*

The Receiver objects to this Request to the extent it seeks information that is not in the Receiver's possession, custody, or control and assumes the existence of facts that do not exist or the occurrence of events that did not take place. Further, the Receiver objects to the Request, to the extent the information requested was already produced as part of the Motion and is readily accessible to Respondents in the public record or otherwise.

Based on the foregoing objections, the Receiver will not produce any documents pursuant to this request at this time and unless and until the parties can agree to a reasonable and proportional list of search terms that are reasonably calculated to elicit information that is relevant to the issues in the Motion.