

AVIVA J. B. GILBERT
agilbert@fbm.com
D 415.954.4478

October 27, 2023

**VIA ECF**

Honorable Jessica G. L. Clarke
United States District Judge
United States District Court
Southern District of New York (Foley Square)
500 Pearl Street
New York, NY 10007

    Re:    <u>United States Securities and Exchange Commission v. Qin, et al.</u>
              Court Case No. 1:20-cv-10849-JGLC

Hon. Judge Clarke:

    We are counsel to Third-parties Nasir Adaya and Phuong Nguyen ("Respondents") in the above-referenced matter. We submit this letter motion to seal pursuant to Your Honor's Individual Rules and Practices for Civil Cases and reference ECF 48, the Protective Order previously entered in the above-referenced case. Respondents seek to file certain materials produced by another third party (the "Producing Party" for purposes of the Protective Order) under seal. The materials are exhibits A, B, D and E to the Second Declaration of Eric Chen. The Second Chen Declaration will be publicly filed in support of Respondents' Opposition to the Receiver in the above-referenced case's Motion to Transfer (ECF 231). The subject exhibits are personal communications between Mr. Chen—a non-party to this dispute—and others, including Mr. Adaya. All of the subject communications were also produced to the Receiver, as indicated by the footer and Bates identification on the documents. The third-party Producing Party has designated the materials confidential and requested they be filed under seal. Respondents have met and conferred with the third-party seeking the confidential treatment and agreed to the request.

    Pursuant to the Producing Party's request and our agreement to same, and the Protective Order in this case, Respondents respectfully move that exhibits A, B, D and E to the Second Declaration of Eric Chen be filed under seal. *See* ECF 48, para. 20:

> In the event that any Confidential Discovery Material is used in open court during any court proceeding or filed as a trial exhibit, the material shall lose its confidential status and become part of the public record, unless the Producing Party applies for and obtains an order from this Court specifically maintaining the confidential status of particular material. Prior to any court proceeding in which Confidential Discovery Material is to be used,



counsel shall confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any Discovery Material. In the event the Parties cannot reach an agreement, the Party objecting to the use of the Confidential Discovery Material shall have the opportunity to seek relief from the Cout as provided in Paragraph 7 above. In the event any Confidential Discovery Material is to be used in any filing with the Court, the filing shall be redacted or filed under seal in accordance with the Federal Rules of Civil Procedure or the Court's Individual Rules and Procedures for Civil Cases.

Respondents will file the sealed exhibits via ECF pursuant to this Court's Individual Rules and Practices in Civil Cases.

Respectfully Submitted,

Aviva J. B. Gilbert

AJBG:smv

cc:  All Counsel of Record (*via ECF*)

41410\16452539.1