UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>STEFAN QIN, VIRGIL TECHNOLOGIES LLC, MONTGOMERY TECHNOLOGIES LLC, VIRGIL QUANTITATIVE RESEARCH, LLC, VIRGIL CAPITAL LLC, and VQR PARTNERS LLC,<br><br>Defendants. | Case No.: 20-cv-10849 (JGLC) |

**DECLARATION OF RAYMOND LI**

I, Raymond Li, declare as follows:

1. I currently reside in San Francisco, California. I have personal knowledge of the facts stated herein and could testify competently to them if called to do so. I understand this declaration will be filed in support of Respondents Nasir Adaya and Phuong Nguyen's Opposition to the Receiver in the above-captioned action's filed Motion to Compel Turnover of Assets.

2. Before Virgil Capital/VQR shut down, I worked there as an intern in the second half of 2020. My role was, among other things, to support the VQR traders in their work and to quantitatively analyze data to support the traders.

3. One type of data I frequently analyzed was trading pair data for various tokens and digital assets. I took direction from various traders, including Mr. Adaya, regarding what data they wanted me to analyze.

4.  I did not work on any market-making projects while at VQR. I did not work on or provide any analysis for the Injective ("INJ") token market-making. Any assertion that I worked on that effort is incorrect.

5.  I have reviewed a document which I understand was filed as docket entry 233-10 in the above-captioned case. That document appears to be a Slack message from November 10, 2020 between me and another VQR employee.

6.  That document relates to trading pair analysis I was doing for the INJ/USDT pair unrelated to INJ market-making; it was analysis to feed other trading strategies that VQR traders were running.

7.  It would be typical that interns like me would be directed to analyze newly launched tokens to incorporate new data associated with those tokens into our analysis in service of VQR traders' broader trading strategies. INJ was very new in November 2020 so it makes sense that I would have been asked and sought to analyze it as a part of my standard work, as reflected in the above-described message.

8.  I have never been contacted by the Receiver or his counsel in this case to discuss my work at VQR, nor to determine the contents of the above-referenced Slack and to what project it referred.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in San Francisco, California on this 15 day of October 2023.

_____
Raymond Li