# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 21-80815-CIV-CANNON

CITIZENS BANK, N.A.,

    Plaintiff,

vs.

JES GLOBAL CAPITAL II, L.P.;
JES GLOBAL CAPITAL GP II, LLC; and
ELLIOT S. SMERLING,

    Defendants.

_____/

## ORDER APPOINTING RECEIVER

**WHEREAS** this matter has come before the Court for an evidentiary hearing on May 10, 2021, upon the Emergency Motion to Appoint a Receiver [ECF No. 5] (the "Motion") and Memorandum of Law in Support of Emergency Motion to Appoint a Receiver [ECF No. 6] (the "Memorandum") filed by the Plaintiff Citizens Bank, N.A. ("Citizens") in the above-captioned action.

**WHEREAS** the Court finds that based on the record in these proceedings, the appointment of a receiver in this action is appropriate for the purposes of marshaling and preserving all assets of Defendants Elliott S. Smerling ("Smerling"), JES Global Capital GP II, LLC ("JES GP II"), and JES Global Capital II, L.P. ("JES Fund II") (JES GP II and JES Fund II, the "Entity Defendants" and collectively with Smerling, the "Receivership Defendants"), pending the resolution of the above captioned litigation;

**NOW THEREFORE,** in accordance with Rule 66 of the Federal Rules of Civil Procedure, and having considered the Motion and Memorandum, the argument and presentation of counsel

Case 9:21-cv-80815-AMC Document 259-2 Entered on FLSD Docket 10/27/2023 Page 2 of 15
Case 9:21-cv-80815-AMC Document 28 Entered on FLSD Docket 05/14/2021 Page 2 of 14

CASE NO. 21-80815-CIV-CANNON

for Citizens; having heard the testimony of Joseph R. Sileo as Senior Vice President of Citizens; having considered and admitted into evidence the exhibits attached to the Verified Complaint [ECF Nos. 1-1 through 1-2], the exhibits attached to the Declaration of Joseph R. Sileo [ECF Nos. 21-1 through 21-3][1], and the exhibits attached to the Supplemental Declaration of Joseph R. Sileo [ECF Nos. 23-1 through 23-25]; having taken judicial notice of the exhibits attached to Citizens' Request for Judicial Notice [ECF No. 11-1 through 11-11] and the exhibits attached to the Request for Judicial Notice of Certain Public Records [ECF No. 22- 1 through 22- 14]; finding that good cause has been shown with respect to the Motion and Memorandum; finding an urgent need for the relief requested, including to locate and preserve assets of the Receivership Defendants and to prevent the substantial risk of dissipation of assets of the Receivership Defendants; finding that adequate notice has been given to the Entity Defendants;[2] finding significant efforts to provide notice to Smerling have been made under the circumstances;[3] and the Court otherwise being duly advised in the premises;

---

[1] The Notice of Filing includes the fully executed version of the Declaration of Joseph R. Sileo, previously attached to the Memorandum as Exhibit A [ECF No. 6-1].

[2] Service of process was completed on Defendants JES Global Capital II, L.P. and JES Global Capital GP II, LLC, on May 7, 2021 [ECF No. 19], through Richard Annunziata, as Authorized Employee of ABN Law, PLLC, the registered agent for JES Global Capital II, L.P. and JES Global Capital GP II, LLC.

[3] *See Arkansas Louisiana Gas Co. v. Kroeger*, 303 F.2d 129 (5th Cir. 1962) (finding that court has discretion to appoint a receiver *ex parte* if urgent necessity for the relief exists). Citizen's counsel Alexandra Blye provided specific details at the May 10, 2021 hearing as to the efforts made by Citizens to provide notice of the hearing to Smerling, including through the exchange of emails to Smerling's counsel of record in his criminal case and his counsel of record in the civil case of *Silicon Valley Bank v. JES Global Capital GP III, LLC and Elliot S. Smerling*, Case No. 1:21-cv-02552-JPC, in the United States District Court for the Southern District of New York.

Case 9:21-cv-80815-AMC Document 259-2 Entered on FLSD Docket 10/27/2025 Page 4 of 15
Case 9:21-cv-80815-AMC Document 238 Entered on FLSD Docket 10/21/2024 Page 3 of 14

CASE NO. 21-80815-CIV-CANNON

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

The Motion is **GRANTED** in accordance with the authorities and specifications outlined below.

1. Until further Order of this Court, and effective immediately upon entry of this Order, **James Feltman, at Kroll, LLC, 15280 Northwest 79th Court, Suite 100, Miami, Florida 33016, (212) 450-2854, <u>James.Feltman@kroll.com</u>**, is hereby appointed to serve as receiver (the "Receiver") for the estate of the Receivership Defendants.

## General Powers and Duties of Receiver

2. The Receiver shall have all powers, authorities, rights and privileges in relation to any of the , (as such term is defined herein) heretofore possessed or controlled by (or otherwise under the control or direction, directly or indirectly, of) Defendant Smerling and the officers and directors of the other Receivership Defendants under applicable state and federal law, by the governing charters, by-laws, articles and/or agreements in addition to all powers and authority of a receiver at equity, and all powers conferred upon a receiver by the provisions of 28 U.S.C. §§ 754, 959 and 1692 and Federal Rule of Civil Procedure 66.

3. The Receiver shall assume and control the operation of the Entity Defendants.

4. No person holding or claiming any position of any sort with the Entity Defendants shall possess any authority to act by or on behalf of the Receivership Defendants unless that authority has expressly been conferred on that person by the Receiver.

5. Subject to the specific provisions below, the Receiver shall have the following general powers and duties:

> a. To use reasonable efforts to determine the nature, location, and value of all property interests of the Receivership Defendants of any nature or kind whatsoever, including, but not limited to, monies, funds, securities, cryptocurrencies, credits, insurance, effects, goods, chattels, lands, premises, leases, claims, rights, and other assets, together with all rents,

3

profits, dividends, interest, or other income attributable thereto, of whatever kind, which any of the Receivership Defendants own, possess, have a beneficial interest in, or control directly or indirectly ("Receivership Property" or, collectively the "Receivership Estate");

b. To take custody, control, and possession of any and all Receivership Property and records relevant thereto from the Receivership Defendants; to sue for and collect, recover, receive, and take into possession from third parties all Receivership Property and records relevant thereto, including, but not limited to, assuming control of, and being named the authorized signatory for, all accounts at any bank, brokerage firm, or financial institution which has possession, custody, or control of any assets or funds, wherever situated, of any of the Receivership Defendants and, upon order of this Court, of any of their subsidiaries or affiliates, provided the Receiver deems it necessary;

c. To manage, control, operate, and maintain the Receivership Property and hold in his possession, custody, and control all Receivership Property, pending further Order of this Court;

d. To use Receivership Property for the benefit of the Receivership Estate, making payments and disbursements and incurring expenses as may be necessary or advisable in the ordinary course of business in discharging his duties as Receiver;

e. To take any action in relation to any Receivership Property which, prior to the entry of this Order, could have been taken by the Defendant Smerling or the officers, directors, partners, managers, members, trustees, and agents of either of the Entity Defendants;

f. To engage and employ persons in the Receiver's discretion to assist in carrying out the duties and responsibilities hereunder, including, but not limited to, accountants, attorneys, securities traders, registered representatives, financial or business advisers, liquidating agents, real estate agents, forensic experts, brokers, traders or auctioneers;

g. To take such action as necessary and appropriate for the preservation of Receivership Property or to prevent the dissipation or concealment of Receivership Property;

h. The Receiver is authorized to issue subpoenas for documents and testimony consistent with the Federal Rules of Civil Procedure in relation to any Receivership Property and with the Court's Order Granting Expedited Discovery [ECF No. 26]. The Receiver is authorized to take expedited discovery from parties and nonparties. Parties shall produce documents, answer interrogatories and/or answer requests for admissions within seven (10) calendar days of service of the Receiver's discovery requests. Parties

4

Case 9:21-cv-80205-AMC Document 259-2 Filed 10/27/25 Page 6 of 15
Case 9:21-cv-80815-AMC Document 28 Entered on FLSD Docket 10/27/2021 Page 5 of 14

CASE NO. 21-80815-CIV-CANNON

shall sit for deposition within fourteen (14) calendar days of the Receiver's notice. The Receiver is authorized to serve subpoenas on nonparties through electronic means (including electronic mail and/or facsimile transmission), U.S. Mail, Federal Express, other commercial overnight service, or personal service to expedite the requested discovery. Documents from nonparties shall be produced to the Receiver within ten (10) calendar days of service of the subpoena. Nonparties shall sit for deposition within fourteen (14) calendar days of the Receiver's notice;

i. To bring such legal actions based on law or equity in any state, federal, or foreign court in relation to any Receivership Property as the Receiver deems necessary or appropriate in discharging his duties as Receiver;

j. To pursue, resist and defend all suits, actions, claims and demands which may now be pending or which may be brought by or asserted against the Receivership Estate to which the Receivership Defendants have a valid defense and the funds to defend;

k. To take such other action as may be approved by this Court.

**Access to Information**

6. The Receivership Defendants and the past and/or present officers, directors, agents, managers, members, general and limited partners, trustees, attorneys, accountants and employees of the Entity Defendants, as well as those acting in their place, are hereby ordered and directed to preserve and turn over to the Receiver forthwith all paper and electronic information of, and/or relating to, the Receivership Defendants and/or all Receivership Property; such information shall include, but not be limited to, books, records, documents, accounts, electronically-stored information, passcodes, and all other instruments and papers. Without limiting the generality of the foregoing, (a) any employee, officer, representatives, or agent of the Entity Defendants, and any employee, agent, or other representatives of Smerling, in possession or control (or otherwise with the ability to access) any information relating to any Receivership Property, including, without limitation, books, records, documents, accounts, or other instruments, and regardless of the manner in which such information is maintained or stored, shall provide such access to the Receiver, including, without limitation, by providing the Receiver with any pertinent computer

passwords and with keys or access codes to any physical location and (b) this shall include, without limitation, any keys and combination to any locks that must be opened for access to the offices or other locations (including any storage units) of any of the Receivership Defendants or which are otherwise needed to obtain access to any deposit box, safe, or other place for the safekeeping of records, money, or other property consisting of or otherwise relating to any Receivership Property.

7. The Entity Defendants and their past and/or present officers, directors, agents, attorneys, managers, members, shareholders, employees, accountants, debtors, creditors, and general and limited partners (if any), and other appropriate persons or entities shall answer all questions that the Receiver may put to them and produce all documents as required by the Receiver regarding the business of the Receivership Defendants, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to the Receivership Defendants. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons or entities or of Smerling or of any agent or other representative of Smerling, the Receiver shall make its discovery requests in accordance with the Federal Rules of Civil Procedure.

## Access to Books, Records and Accounts

8. The Receiver is authorized to take immediate possession of all assets, bank accounts or other financial accounts, books, records, electronically stored information, passcodes, and all other documents or instruments relating to the Receivership Defendants and any Receivership Property.

9. The Receivership Defendants, as well as their agents, servants, employees, attorneys, any persons acting for or on behalf of the Receivership Defendants, and any persons receiving notice of this Order by personal service, facsimile transmission or other electronic transmission (including via e-mail) or otherwise, having possession of the property, business,

Case 9:21-cv-80815-AMC Document 259-2 Entered on FLSD Docket 10/27/2023 Page 7 of 14 / Case 9:21-cv-80815-AMC Document 28 Entered on FLSD Docket 05/14/2021 Page 7 of 15

CASE NO. 21-80815-CIV-CANNON

books, records, accounts, electronically-stored information, passcodes, or assets of the Receivership Defendants are hereby directed to deliver the same to the Receiver, his agents and/or employees.

10. All banks, cryptocurrency exchanges, clearing firms, brokerage firms, financial institutions, and other persons or entities that have possession, custody or control of any assets, securities, funds, monies, cryptocurrencies or accounts held by, in the name of, or for the benefit of, directly or indirectly, any of the Receivership Defendants that receive actual notice of this Order by personal service, facsimile transmission or other electronic transmission (including via e-mail) or otherwise shall:

    a. Not liquidate, transfer, sell, convey or otherwise transfer any assets, securities, funds, monies, cryptocurrencies or accounts in the name of or for the benefit of any of the Receivership Defendants except upon instructions from the Receiver;

    b. Cooperate expeditiously in providing information and transferring assets, securities, funds, monies, cryptocurrencies and accounts consisting of or in relation to any of the Receivership Property to the Receiver or at the direction of the Receiver.

**Reporting**

11. The Receiver shall prepare and file, within forty-five (45) days from the date the Receiver takes possession of any Receivership Property, a full and detailed inventory (the "Original Inventory"), under oath, of all real and personal property of which the Receiver has identified and of which the Receiver has taken custody pursuant to the provisions of this Order. Thereafter, and at the written request of Citizens, the Receiver shall prepare and file updated reports regarding the status of the execution of the Receiver's duties under this Order. In lieu of or in addition to any such updated reports, the Receiver shall be entitled to communicate with Citizens and its attorneys periodically regarding the status and results of his efforts in the execution of such duties.

12.     Without limiting the generality of the provisions of the preceding paragraph, the Receiver is directed to prepare within thirty (30) days after the end of each calendar quarter, commencing on the first full quarter beginning after the date of the filing of the Original Inventory, so long as all or any portion of the Receivership Estate shall remain in the Receiver's possession, a full and complete report, under oath, setting forth all receipts and disbursements, cash flow, and reporting of all material changes in the Receivership Estate and all material claims against the Receivership Estate during the period covered by the report, which should be the preceding quarter. Each quarterly report shall include: (a) a summary of all monies collected in that quarter specifying the date, source, and amount of each payment received, (b) a quarterly operating report showing all expenditures from the Receivership Account for that quarter broken down into the categories shown on the Budget (as such term is defined herein), (c) a check register showing all disbursements from the Receivership Account for that quarter, and (d) copies of the most recent statements for the Receivership Account. The Receiver is directed to serve a copy of each report on all counsel of record in this action.

## Notice to Third Parties

13.     The Receiver shall promptly give notice of his appointment to all known officers, directors, agents, employees, shareholders, creditors, debtors, managers, members, and general and limited partners of the Receivership Defendants, as the Receiver deems necessary or advisable to effectuate the operation of the receivership.

14.     All persons and entities owing any obligation, debt, or distribution with respect to an ownership interest to any of the Receivership Defendants shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if the Receivership Defendants had received such payment.

Case 9:21-cv-80815-AMC Document 28 Entered on FLSD Docket 05/14/2021 Page 9 of 14
Case 9:20-cv-80805-AMC-JCL Document 59-2 Filed 10/27/25 Page 10 of 15
CASE NO. 21-80815-CIV-CANNON

15. The Receiver is authorized to instruct the Receivership Defendants' website hosting company, ISP, and host of any other electronic information to hold and/or reroute any and all electronic mail relating to the "jesglocap.com" and "jesglobalcapital.com" domains, or other electronically stored or electronically hosted information of any nature, which is related, directly or indirectly, to the assets, business, operations or activities of the Receivership Defendants (the "Receiver's Electronic Information"), including all such electronic mail addressed to, or for the benefit of, any of such Receivership Defendant's current or former officers, directors, managers, members, agents, partners, representatives, or employees in their capacity as such for the Receivership Defendants. The website hosting company, ISP, and host of other electronic information shall not comply with, and shall immediately report to the Receiver, any change of Internet or e-mail address or other instruction given by anyone other than the Receiver concerning the Receiver's Electronic Information. The Receivership Defendants shall immediately turn over to the Receiver any of the Receiver's Electronic Information, regardless of when received. Subject to the provisions of the succeeding sentence, all personal electronic mail of any individual, and/or any electronic mail appearing to contain privileged information, and/or any electronic mail not falling within the mandate of the Receiver, shall be released to the named addressee by the Receiver. Any person who asserts that such person's respective privileged information is within the ESI collected or turned over to the Receiver shall make a written request to the Receiver seeking turnover of the asserted privileged emails, identifying the parties or Persons within the scope of the asserted privilege, including attorneys, and the basis for the claimed privilege, and thereafter shall provide a privilege log to the Receiver identifying all of the released emails within 14 days of the Receiver's turnover. The foregoing instructions shall apply to any proprietor, whether individual or entity, of any private electronic mailbox, depository, business or service, or

9

electronic mail service provider hired or used by any of the Receivership Defendants. The Receivership Defendants shall not open a new electronic mailbox or take any steps or make any arrangements to receive electronic mail in contravention of this Order.

16.     The Receiver is authorized to assert, prosecute and/or negotiate any claims for coverage under any insurance policies issued to or for the benefit of any of the Receivership Defendants, or any of their respective officers, directors, managers, members, employees, partners, representatives, or agents, whether as named insureds, additional insureds, loss payees or otherwise, and to take any and all appropriate steps to secure any and all insurance coverage available under such policies.

## Prosecution of Claims

17.     The Receiver is authorized, empowered and directed to investigate, prosecute, defend, intervene in or otherwise participate in, compromise, and/or adjust actions in any state, federal or foreign court or proceeding of any kind, including the action captioned above, as may in his discretion be advisable or proper to recover and/or conserve any Receivership Property.

18.     The Receiver may instigate such actions and legal proceedings, for the benefit and on behalf of the Receivership Estate, as the Receiver deems necessary and appropriate.

## Receivership Account

19.     Effective immediately upon entry of this Order, the Receiver shall establish and maintain, at a bank or savings and loan association whose deposits are insured by the FDIC, a separate operating account (the "Receivership Account"). The Receiver shall deposit all cash constituting Receivership Property, including all cash proceeds of Receivership Property, and all monies received in connection with the issuance of Receiver's Certificates provided for under paragraph 20 of this Order, or otherwise received from Citizens, into the Receivership Account, from which the Receiver shall have the authority to withdraw funds for the purpose of managing,

preserving, protecting and maintaining the Receivership Estate, obtaining and maintaining insurance on the Receivership Estate, and otherwise paying expenses authorized pursuant to the terms of this Order.

**Receiver's Certificates/Plaintiff's Funding of Advances**

20. Without further order of this Court, the Receiver may borrow up to two hundred thousand dollars ($200,000) from Citizens for the performance of the Receiver's duties hereunder pursuant to a 13-week rolling cash flow forecast prepared and updated periodically by the Receiver and otherwise in form and substance satisfactory to Citizens (the "Budget") and may issue First Lien Certificates of Indebtedness in accordance with the provisions of this paragraph (the "Certificates") to evidence the borrowing, with such Certificates otherwise being in form and substance acceptable to Citizens. Nothing contained within this Order, however, obligates Citizens to lend money to the Receiver. To the extent, however, Citizens, in its discretion, lends money to the Receiver under the provisions of this paragraph, the principal of any such loan shall bear simple interest at the rate of 3% per annum, and the principal and interest evidenced by each Certificate shall be a first and prior lien and security interest upon the Receivership Estate and upon all monies generated by the Receivership Estate (junior in priority, in each instance, only to the extent of any valid, and property perfected liens thereon existing as of the date of the entry of this Order). Without limiting the generality of the foregoing, the lien of each Certificate shall be prior and superior to the rights, titles and interests in the Receivership Estate of all the parties to this action. Where the Receiver has recovered or otherwise taken possession of cash proceeds of the Receivership Property in an amount sufficient to repay any existing outstanding principal balance, plus accrued and unpaid interest thereon, under the Certificates and to continue the execution of the Receiver's duties and fund the amounts contemplated pursuant to the then-operative Budget, Citizens may demand and shall receive the prompt payment of such outstanding amount under the

11

Certificates. To the extent advisable, Citizens may, but shall not be obligated, to re-advance any portion of any such payment for use by the Receiver to fund the payment of any future Budget amounts, which shall be evidenced by Certificates.

### Bond

21. The Receiver shall obtain a surety bond in the amount of $50,000, to be provided by a corporate surety, guaranteeing performance by it of the duties and obligations of the oath of Receiver. The Bond shall be payable to this Court in order to provide coverage to the parties as their respective interests may appear for loss due to acts of all agents, servants, and/or employees of the Receiver. The Receiver shall have seven (7) days from the date of this Order to post the Bond. The Bond shall be submitted to the Clerk of this Court for filing and approval by the Clerk of the Court within twenty (20) days from the date of this Order.

### Liability of Receiver

22. The Receiver and his agents (including, but not limited to attorneys and financial advisors), acting within the scope of such agency ("Retained Personnel"), are entitled to rely on all outstanding rules of law and Orders of this Court and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment or decree. In no event shall the Receiver or Retained Personnel be liable to anyone for their good faith compliance with their duties and responsibilities as Receiver or Retained Personnel nor shall the Receiver or Retained Personnel be liable to anyone for any actions taken or omitted by them except upon a finding by this Court that they engaged in an act of gross negligence or greater.

23. This Court shall retain jurisdiction over any action filed against the Receiver or Retained Personnel based upon acts or omissions committed in their representative capacities.

24. In the event the Receiver decides to resign, the Receiver shall first give written notification to the Court and that resignation will not be effective until the Court appoints a successor.

## Fees, Expenses and Accountings

25. The Receiver need not obtain Court approval prior to the disbursement of Receivership Funds for expenses in the ordinary course of the administration and operation of the receivership.

26. The Receiver and Retained Personnel are eligible to receive reasonable compensation and expense reimbursement from the Receivership Estate. Such compensation shall require prior approval of the Court.

## No Conflict with S.D.N.Y. Litigation

27. Nothing contained in this Order is intended to conflict with or to otherwise supersede any relief granted in favor of Silicon Valley Bank as to the assets of Smerling, JES Global Capital GP III, LLC ("JES GP III"), or JES Global Capital III, L.P. ("JES III") pursuant to any Order entered by the United States District Court for the Southern District of New York in *Silicon Valley Bank v. JES Global Capital GP III, LLC and Elliot S. Smerling*, Case No. 1:21-cv-02552-JPC ("S.D.N.Y. Litigation"). Nor should anything in this Order be construed to empower the Receiver to seek control of any assets or property from JES GP III or JES III. JES GP III and JES III are defendants in the S.D.N.Y. Litigation, and this Order grants no authority to the Receiver as to property of JES GP III or JES III or as to the operation or control of JES GP III or JES III. Should questions or concerns arise in the course of the Receiver's work about the application of this provision or about the interplay of assets at issue in this case versus the S.D.N.Y. Litigation, the Receiver shall notify the Court as soon as practicable and take no further action with respect to such assets until further order of the Court.

CASE NO. 21-80815-CIV-CANNON

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this 14th day of May 2021.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record