# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> PEREGRINE FINANCIAL GROUP, INC., and RUSSELL R. WASENDORF, SR., <br><br> Defendants. | Civil Action No. 1:12-cv-05383 <br><br> Honorable George W. Lindberg <br><br> Magistrate Judge Young B. Kim |

## **AMENDED ORDER APPOINTING A TEMPORARY RECEIVER**

THIS CAUSE coming on to be heard on the Temporary Receiver's Emergency Motion to Amend the Order Appointing Temporary Receiver; the Court having heard arguments of counsel in support of the Emergency Motion; appropriate notice having been given under the circumstances and the Court having been otherwise fully advised in the premises:

**THIS COURT HEREBY FINDS:**

1. This Court has jurisdiction over the parties and subject matter of this action pursuant to the Commodity Exchange Act (the "Act"), as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act of 2008), §§ 13101-13204, 122 Stat. 1651 (enacted June 18, 2008) and the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010, Pub. L. No. 111-203, Title VII (the Wall Street Transparency and Accountability Act of 2010), §§ 701-774, 124 Stat. 1376 (enacted July 21, 2010) to be codified at 7 U.S.C. §§ 1 et seq.

2. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e).

3. It appears to the satisfaction of the Court that there is good cause to believe that Defendants have engaged in conduct in violation of the Act. Specifically, there is good cause to believe that Defendants have violated Sections 4d(a), 4b(a)(1)(A), (C), and 6(c)(2) of the Act, as amended, to be codified at 7 U.S.C. § 6d(a), 6b(a)(1)(A), (C), and 9(2), and Regulation 1.20(a), 17 C.F.R. § 1.20(a) (2012);

4. Section 6c of the Act, as amended, to be codified at 7 U.S.C. § 13a-1, authorizes this Court to appoint a temporary receiver and it appears that this is a proper case to appoint a temporary equity receiver, in that appointment of a temporary equity receiver is necessary to preserve and maximize the assets available to the customers and creditors of Defendant Peregrine Financial Group, Inc. ("PFG") and the creditors of Defendant Russell R. Wasendorf, Sr. ("Wasendorf, Sr.") and entities he owns and/or controls.

5. PFG filed a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Northern District of Illinois (Case No. 12-27488) on July 10, 2012. Ira Bodenstein is the duly appointed and acting Chapter 7 trustee of PFG ("Trustee"). Thus, the Receiver's authority as provided for herein does not extend to PFG or any entities under its ownership or control.

**IT IS HEREBY ORDERED THAT:**

Michael M. Eidelman is appointed as temporary equity receiver ("Receiver") for Wasendorf, Sr., and all funds, properties, premises, accounts and other assets directly or indirectly owned, beneficially or otherwise, by Wasendorf, Sr., including any non-PFG entity owned and/or controlled by Wasendorf, Sr. (the "Wasendorf Entities") shall be subject to the exclusive jurisdiction of the Receiver for the purpose of marshalling, preserving, accounting for and liquidating such assets in accordance with the provisions of this Order and further Orders of this Court.

CHICAGO/#2344767.3

**IT IS FURTHER ORDERED** that the Receiver shall be the agent of this Court in acting as Receiver under this Order.

## I.
## Power of Receiver

**IT IS FURTHER ORDERED** that the Receiver is directed and authorized to accomplish the following:

A.  Take exclusive custody, control, and possession of all funds, property, and other assets in the possession, ownership, or control of Wasendorf, Sr. and any of the Wasendorf Entities, wherever situated, including funds, property and other assets jointly held by Wasendorf, Sr. and one or more individuals and/or entities. The Receiver will also take exclusive custody, control, and possession of all customer funds and property and other assets traceable to PFG customers in the possession, ownership, or control of Wasendorf, Sr. or the Wasendorf Entities. In the event that the Receiver takes custody, control or possession of any customer funds and property and other assets traceable to PFG customers, the Receiver shall promptly notify the Trustee of the same in writing. "Assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, including but not limited to chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, receivables, lines of credit, contracts, insurance policies, and all cash, wherever located.

B.  Receive, collect, and take possession of all goods, chattels, rights, credits, moneys, effects, land, leases, books, records, work papers, and records of accounts, including computer-maintained information and digital data and other

3

papers and documents of Wasendorf, Sr. and the Wasendorf Entities, including documents related to customers or clients whose interests are now held by or under the direction, possession, custody or control of Wasendorf, Sr. or any of the Wasendorf Entities;

C. Preserve, hold and manage all receivership Assets that he collects, and perform all acts necessary to preserve the value of those Assets, in order to prevent any loss, damage or injury;

D. Establish and maintain receivership bank accounts at The Private Bank in Chicago, IL or such other financial institution selected by the Receiver (collectively, the "Receivership Accounts"), into which proceeds of all Assets owned by Wasendorf, Sr. and/or any of the Wasendorf Entities shall be deposited. The Receiver may transfer funds currently on deposit in accounts owned and/or controlled by Wasendorf, Sr. or any of the Wasendorf Entities, including, without limitation, accounts which are jointly held by Wasendorf, Sr., any of the Wasendorf Entities or accounts which Wasendorf, Sr. has signing authority (collectively, the "Existing Accounts"), into such Receivership Accounts; *provided, however*, (i) any bank asserting setoff rights against funds on deposit in any of the Existing Accounts shall not lose such setoff rights by virtue of the transfer of such funds into the Receivership Account and all such rights shall remain in full force and effect to the same extent applicable to funds on deposit in the Existing Accounts (up to the amount actually transferred into the Receivership Accounts), and (ii) the Receiver and any bank asserting setoff rights reserve all rights, claims and defenses. Until further Order of this Court, the Receiver is

4

CHICAGO/#2344767.3

<blockquote>

entitled to take such additional actions as he deems necessary and appropriate for him to take exclusive custody, possession and control of Wasendorf, Sr.'s and the Wasendorf Entities' Assets.

E. Prevent the withdrawal or misapplication of funds entrusted to Wasendorf, Sr. or any of the Wasendorf Entities, and otherwise protect the interests of their creditors;

F. Collect all money owed to Wasendorf, Sr. or any of the Wasendorf Entities;

G. Obtain access to, and exclusive possession of, any real estate or other personal property owned by Wasendorf, Sr., whether held by him individually, through any of the Wasendorf Entities, or a trust which any of them are beneficiaries including, without limitation, the condominium located at 195 N. Harbor Drive, Unit 5502, Chicago, Illinois;

H. Choose, engage and employ attorneys, accountants, appraisers, financial consultants, and other third-parties, independent contractors and technical specialists, including but not limited to private investigators and locksmiths, as the Receiver deems advisable or necessary in the performance of duties and responsibilities;

I. Retain and compensate certain former employees of Wasendorf, Sr., the Wasendorf Entities or PFG as the Receiver deems appropriate to assist the Receiver in identifying and securing Assets owned and /or controlled by Wasendorf, Sr. or the Wasendorf Entities, including but not limited to the following individuals, if necessary: (a) Heather McCallum, Chief Financial Officer of Wasendorf & Associates Inc., (b) Robert Thompson, head pilot of

</blockquote>

CHICAGO/#2344767.3

(or such other rate as may be determined by the Receiver,)

Wasendorf Air, LLC, and (c) Cindy Zubak, manager of My Verona, LLC. The Receiver shall pay such individuals an hourly rate equal to their current salary divided by 2000, and shall not be obligated to withhold taxes or other deductions from any payments made to such individuals. Such amounts shall be paid only upon further Order of this Court.

J. Other than with respect to actions designed to preserve, hold or manage the Assets collected by the Receiver, (a) exercise appropriate discretion or make application(s) to the Court for approval of an act by the Receiver concerning individual Assets valued at less than $250,000, and (b) seek court instructions, guidance or approval for an act by the Receiver concerning individual Assets valued at $250,000 or more;

K. Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order. In the event the Receiver seeks to make payments from funds which are subject to an asserted setoff right (written notice of which has been provided to the Receiver), the Receiver shall either (a) obtain the consent of such party; or (b) obtain an Order of this Court authorizing such payment. The Receiver shall apply to the Court (with notice to all parties entitled to receive same) for prior approval of any disbursement in excess of $10,000 to any individual entity, or obligation incurred by Wasendorf, Sr. or the Wasendorf Entities prior to commencement of this action (July 10, 2012), except for payments the Receiver deems necessary or advisable to preserve, hold or manage Assets of Wasendorf, Sr. or the Wasendorf Entities.

6

L. In the event that the Receiver obtains custody and control of any commodities futures and securities positions, or other outstanding positions (collectively, the "Positions"), the Receiver shall advise the Trustee in writing of such Positions, and shall consult with Trustee on the appropriate disposition of the same. If the Receiver and the Trustee agree on the appropriate disposition of the Positions, then the Receiver shall be free to implement such disposition without further Order of this Court. If the Trustee and Receiver do not agree on the appropriate disposition, then the Receiver shall file a motion with the Court seeking authority to implement the proposed disposition; and

M. If he deems appropriate and subject to appropriate corporate governance restrictions, initiate bankruptcy proceeding on behalf of any of the Wasendorf Entities.

## II.
## Delivery to Receiver

**IT IS FURTHER ORDERED** that, immediately upon service of this Order upon them, Wasendorf, Sr. and any of the Wasendorf Entities shall, immediately or within such time as permitted by the Receiver in writing, deliver over to the Receiver:

A. Possession and custody of all funds and all other Assets in the possession, custody or control of Wasendorf, Sr. or any of the Wasendorf Entities, including, without limitation, belonging to customers as described in the complaint;

B. Possession and custody of documents of Wasendorf, Sr. and/or the Wasendorf Entities not previously produced to the CFTC, including but not limited to, all books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled

7

checks, records of wire transfers, and check registers), client lists, title documents and other papers;

C. Possession and custody of all precious metals, other commodities, funds and other Assets belonging to members of the public now held by Wasendorf, Sr. and/or the Wasendorf Entities. If the Receiver comes into possession and custody of any precious metals, other commodities, funds and other Assets belonging to members of the public, he shall promptly notify the Trustee of the same in writing;

D. All keys, computer passwords, entry codes, PIN numbers and combinations to locks necessary to gain or to secure access to any of the Assets or documents of Wasendorf, Sr. and/or the Wasendorf Entities, including but not limited to, access to Wasendorf, Sr.'s or any of the Wasendorf Entities' business premises, means of communication, accounts, computer systems, or other property, including residential property of Wasendorf, Sr. and/or the Wasendorf Entities and;

E. Information identifying the accounts, employees, properties or other Assets or obligations of the Wasendorf, Sr. and/or the Wasendorf Entities.

### III.
### Cooperation with Receiver

**IT IS FURTHER ORDERED** that Wasendorf, Sr., individuals acting on behalf of any of the Wasendorf Entities, and all other persons or entities served with a copy of this Order shall cooperate fully with and assist the Receiver in the performance of his duties subject to Wasendorf, Sr.'s appropriate assertion of the Fifth Amendment privilege against self-incrimination, and any other appropriate assertion of any other privilege or right. This cooperation and assistance shall include, but not be limited to, providing any information to the Receiver that the Receiver deems necessary to exercising the authority and discharging the

8

CHICAGO/#2344767.3

responsibilities of the Receiver under this order; providing any password required to access any computer or electronic files in any medium; and advising all persons who owe money to Wasendorf, Sr. and/or the Wasendorf Entities that all debts should be paid directly to the Receiver.

## IV.
## Stay

**IT IS FURTHER ORDERED** that except by leave of the Court, during the pendency of the receivership ordered herein, Wasendorf, Sr., the Wasendorf Entities and all other persons and entities be and hereby are stayed from taking any action to establish or enforce any claim, right or interest for, against, on behalf of, or in the name of Wasendorf, Sr. and/or the Wasendorf Entities, the Receiver, receivership assets, or the Receiver's duly authorized agents acting in their capacities as such, including but not limited to, the following actions:

A. Commencing, prosecuting, litigating or enforcing any civil suit, except that actions may be filed to toll any applicable statute of limitations. The Receiver may intervene in any such civil suit to enforce this Section IV(A);

B. Accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, or taking or attempting to take possession of, or retaining possession of, property of Wasendorf, Sr. or the Wasendorf Entities, or any property claimed by Wasendorf, Sr. or the Wasendorf Entities, or attempting to foreclose, forfeit, alter or terminate any of Wasendorf, Sr.'s or the Wasendorf Entities' interests in property, whether such acts are part of a judicial proceeding or otherwise;

C. Using self-help or executing or issuing, or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with, or creating or

9

enforcing a lien upon any property, wherever located, owned by or in the possession of Wasendorf, Sr., the Wasendorf Entities, or the Receiver or any agent of the Receiver; and

D. Doing any act or thing to interfere with the Receiver taking control, possession or management of the Assets subject to the receivership, or to in any way interfere with the Receiver or the duties of the Receiver, or to interfere with the exclusive jurisdiction of this Court over the property and Assets of Wasendorf, Sr. or the Wasendorf Entities.

This section does not apply to (i) the commencement or continuation of any action or proceeding by a governmental or regulatory unit, such as the Department of Justice or the National Futures Association to enforce such governmental or regulatory unit's police or regulatory power; or (ii) the termination of any interest rate swap agreement as contemplated by 11 U.S.C. §362(b)(17); *provided, however*, such termination shall not give any party the right to immediate payment (by exercising setoff rights, demand or otherwise) with respect to amounts due under such swap agreement.

## V.
### Receiver's Report to the Court and Compensation

**IT IS FURTHER ORDERED** that the Receiver maintain written accounts, itemizing receipts and expenditures, describing properties held or managed, and naming the depositories of receivership funds; and, on or before September 10, 2012, and periodically thereafter, as directed by the Court, file with the Court and serve on the parties a report summarizing efforts to marshal and collect Assets, administer the receivership estate, and otherwise perform the duties mandated by this Order.

10

IT IS FURTHER ORDERED that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them for those services authorized by this Order that when rendered were (1) reasonably likely to benefit the receivership estate or (2) necessary to the administration of the estate. The Receiver and any personnel hired by the Receiver shall not be compensated by or otherwise be entitled to any funds from the Court or the CFTC.

The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed on or before October 10, 2012 and subsequent requests filed quarterly thereafter. The requests for compensation shall itemize the time and nature of services rendered by the Receiver and all personnel hired by the Receiver.

## VI.
## No Bond

IT IS FURTHER ORDERED that the Receiver is appointed without bond.

## VII.
## Service of Order

IT IS FURTHER ORDERED that copies of the Order may be served by any means, including facsimile transmission, electronic mail or data transfer, upon any financial institution or other entity or person that may have possession, custody or control of any documents or Assets that may be subject to any provision of this Order.

11

CHICAGO/#2344767.3

## VIII.
## Court Maintains Jurisdiction

**IT IS FURTHER ORDERED** that this Order shall remain in full force and effect until further Order of this Court, and that this Court retains jurisdiction of this matter for all purposes.

**IT IS SO ORDERED** this 17th day of July, 2012.

*[signature]*
UNITED STATES DISTRICT JUDGE

July 17, 2012

12

CHICAGO/#2344767.3