UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>                              Plaintiff,<br><br>             -against-<br><br>STEFAN QIN, et al.,<br><br>                              Defendants. | 20-CV-10849 (JGLC)<br><br>**ORDER** |

JESSICA G. L. CLARKE, United States District Judge:

Before the Court is the Receiver's Motion to Freeze and Declare as Receivership Property Certain Digital Assets, ECF No. 267, and the Receiver's motion to seal the motion papers, ECF No. 266.

I. **Motion to Freeze**

The Court hereby GRANTS the Receiver's motion to (1) declare as Receivership Property the contents of a self-custodied wallet ████████████████████████0B61 ("Wallet 0B61"), including 439,650.32 USD Coin ("USDC"), which exists on the Ethereum blockchain and (2) direct Circle Internet Financial, LLC ("Circle") to blacklist Wallet 0B61 and to freeze the USDC therein until further instruction from the Receiver. Plaintiff United States Securities and Exchange Commission and non-party Circle do not object to the Receiver's motion.

It is hereby ORDERED that the contents of Wallet 0B61, including the USDC, constitutes Receivership Property, as that term is defined in the Order Appointing Receiver, ECF No. 31. It is further ORDERED that within one (1) business day following the entry of this Order, the Receiver shall notify Circle of the contents of this Order and within five (5) business

days thereafter, Circle shall blacklist Wallet 0B61, freeze the USDC therein and confirm such actions to the Receiver in writing.

## II. Motion to Seal

When filing papers with the Court, the Receiver has been redacting all but the last four digits of cryptocurrency wallet addresses in order to safeguard any Receivership Property contained therein. ECF No. 266 at 1. In the instant matter, Circle has requested that the motion and order be issued and filed without redactions. *Id*. As such, the Receiver requested that the motion and proposed order be filed under seal, so that the identifying numbers of the self-custodied wallet containing Receivership Property do not appear on the public docket. *Id*. at 1–2.

"The common law right of public access to judicial documents is firmly rooted in our nation's history." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). "The presumption of access is based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *Id*. (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). "[M]otions to seal documents must be 'carefully and skeptically reviewed . . . to ensure that there really is an extraordinary circumstance or compelling need' to seal the documents from public inspection." *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 165 (S.D.N.Y. 2018) (quoting *Video Software Dealers Ass'n v. Orion Pictures*, 21 F.3d 24, 27 (2d Cir. 1994)).

The Court finds that the full wallet number may be filed under seal, but that there are no grounds to file the supporting motion papers under seal. Accordingly, the Court will file two versions of this order: one with the full wallet number, under seal, and one with the wallet number redacted, excepting the last four digits, on the public docket. It is hereby ORDERED that the Receiver publicly file versions of the motion papers, ECF Nos. 268–70, that conform to this

Order – that is, with only the wallet number, excepting the last four digits, redacted – no later than **January 26, 2024**.

The Clerk of Court is respectfully directed to terminate ECF Nos. 266 and 267.

Dated: January 19, 2024
New York, New York

SO ORDERED.

*Jessica Clarke*
JESSICA G. L. CLARKE
United States District Judge

3