**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

STEFAN QIN, VIRGIL TECHNOLOGIES LLC, MONTGOMERY TECHNOLOGIES LLC, VIRGIL QUANTITATIVE RESEARCH, LLC, VIRGIL CAPITAL LLC, and VQR PARTNERS LLC,

Defendants.

Case No.: 20-cv-10849 (JGLC)

# RECEIVER'S REPLY TO CLAIMANT NASIR ADAYA'S LIMITED OBJECTION TO RECEIVER'S MOTION TO ESTABLISH CLAIMS ADMINISTRATION AND DETERMINATION PROCEDURES

**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Receiver Robert A. Musiala, Jr.*

Robert A. Musiala, Jr., the Court-appointed receiver ("Receiver") in the above-captioned action ("Action"), by and through his undersigned counsel, submits this reply ("Reply") in support of his Motion to Establish Claims Administration and Determination Procedures ("Motion").[1]

## I. PRELIMINARY STATEMENT

Nasir Adaya's ("Putative Claimant") limited objection (ECF No. 313) ("Limited Objection") takes no issue with the Receiver's analysis, conclusions, or request for the Court to declare that the Funds and the Receivership Entities under Stefan Qin's ownership and control commingled assets and operated as a fraudulent Ponzi scheme. Instead, Putative Claimant solely objects to the purported "ambiguous and indefinite" Claim administration and determination procedures proposed by the Receiver. Limited Objection at 1.

To the contrary, the Motion sets forth fair, efficient, and equitable procedures intended to provide a level playing field for all claimants. It is well settled in the Second Circuit that procedures proposed by the Receiver, including procedures that will lead to the distribution of assets, are entitled to deference. *See SEC v. Byers,* 637 F. Supp. 2d 166, 175 (S.D.N.Y. 2009) (giving deference to a distribution plan proposed by the receiver); *SEC v. Amerindo Inv. Advisors, Inc.*, No. 05-cv-5231 (RJS), 2017 WL 3017504, at *2 (S.D.N.Y. July 14, 2017) ("In making[] its decision, a court may defer to the receiver's choices for [a] plan's details.") (internal citation omitted); *SEC v. Illarramendi*, No. 3:11CV78 JBA, 2013 WL 6385036, at *2 (D. Conn. Dec. 6, 2013) ("The judgment of . . . a federal receiver may be given weight in crafting a remedy.").

The procedures set forth in the Motion are in furtherance of a forthcoming distribution plan and are entitled to deference, as they are fair and reasonable. Putative Claimant's Limited Objection fails to provide any legal authority or any other basis to support the relief he requests —

[1] Defined terms in this Reply carry the same meaning ascribed to them in the Motion (ECF No. 303).

just a series of opinions and self-serving statements that presume to prioritize his needs over the due process of all claimants and the discretion of this Court. Putative Claimant also misstates material facts regarding the proposed Claim determination process set forth in the Motion. Accordingly, and for the reasons set forth herein, Putative Claimant's Limited Objection should be overruled.

## II. REPLY FACTS

The Sigma Fund was run as a Ponzi scheme, with its sole owner and operator, Stefan Qin, siphoning millions in investor assets to pay fictitious gains to other Sigma Fund investors and using the Fund as his personal piggy bank to pay for non-Sigma Fund activities, including lavish living expenses and operating expenses for VQR Fund and its investment manager, Decibel18. Motion at 9-10, 15-20. Despite being marketed as separate entities, Sigma and VQR Fund were inextricably financially linked; each Fund relied on the infusion of investor dollars raised by and embezzled from the other. *Id*. at 12-14, 21-23. Neither Fund was audited, resulting in unreliable — and often non-existent — internal financial records. *Id*. at 2, 15, 19, 22.

Against this backdrop of rampant fraud, the Receiver has been tasked with determining the legitimacy and value of Claims filed against the Receivership Estate so that a distribution of Recoverable Assets may be made to claimants. Over one hundred Claims were submitted from investors, employees, and vendors, with a collective claimed value of approximately $255 million. Because of Qin's Ponzi scheme, the extensive commingling between the Funds and Receivership Entities, the lack of auditing, and the limited availability of reliable internal Estate Records (or external submitted records), the Receiver must carefully review each Claim. The Receiver has not determined — and could not determine — Claims until the Court has ruled on the Motion.

The Receiver has a duty to all claimants to ensure that the review and ultimate determination of their Claims is conducted not only expeditiously, but, more importantly,

accurately and equitably. The Claim administration and determination procedures proposed by the Receiver in his Motion accomplish these goals and are intended to ensure a fair and efficient process. The relief requested in the Motion should be granted, and Putative Claimant's Limited Objection overruled.

## III. REPLY ARGUMENTS

### A. The Receiver's Proposed Procedures are Reasonable

The Receiver has conducted a preliminary review of the Claims submitted. However, without specific authority from the Court to approve the Net Investment Method — which the Motion requests — the Receiver cannot make a final determination on any Claim. The Receiver must complete the review of Claims based upon and subject to the authority granted by the Court. It would be wasteful and inefficient for the Receiver to do otherwise.

The 90-day deadline proposed by the Receiver is meant to act as a ceiling, not a floor, as the Receiver intends to issue Claim Determinations on a rolling basis after the Court issues its Order. The Receiver's request is reasonable in light of the significant work that remains to verify, value, and determine Claims.

Putative Claimant provides no legal authority for his position, other than his personal belief that the timeline proposed by the Receiver is "unduly long." Limited Objection at 3. Putative Claimant's Limited Objection should be overruled.

### B. The Receiver's Proposed Objection Submission Schedule is Reasonable

The Receiver's proposed schedule provides claimants a reasonable 45 days from the date of receipt of their Claim Determination to submit an Objection. This schedule is specifically designed to provide claimants ample time to (a) review their Claim Determination; (b) obtain the necessary documents to support their Objection; and (c) draft their response to the Receiver. Nothing in the Receiver's proposed procedures precludes a claimant from submitting an Objection

sooner than the 45-day limit. Putative Claimant objects to this 45-day period because he believes it to be "unnecessarily lengthy." Limited Objection at 4. He offers no support for this position, other than his opinion that the "relatively limited information" required for an Objection can be submitted "in a few weeks." *Id.*

As the consequences of missing the Objection deadline are substantial, the period for filing an Objection should be more than "a few weeks." Failure of a claimant to timely submit an Objection irrevocably waives their right to object or have their objection heard by the Court and deems the Receiver's Claim Determination final. Motion at 29. Unlike Putative Claimant, who is represented by counsel, most claimants in this Action are *pro se,* many claimants live overseas, and English is not their first language. Under these circumstances, the Receiver believes the proposed 45-day schedule is fair and will afford claimants sufficient time to object. Putative Claimant offers no legal basis for shortening this period, and the Limited Objection should be overruled.

### C. The Receiver's Proposed Claims Schedule Timeline is Reasonable

Putative Claimant next takes issue with the proposed deadline for the Receiver to submit a Claims Schedule to the Court. The Receiver's proposed timeline is designed to promote efficiency, judicial economy, and due process. The 30-day deadline ensures that a single Claims Schedule will be filed, eliminates unnecessary duplicative filings, and provides the Receiver — and any objecting claimant — sufficient time to attempt to resolve Objections.

District Courts in the Second Circuit have permitted receivers to submit Claims on a consolidated basis. *See e.g.*, *Order*, *SEC v. Byers*, No. 1:08-cv-07104, (S.D.N.Y. Aug 19, 2009) ECF No. 442 (ordering Receiver to consolidate submission of unresolved claims to the Court); *see also Illarramendi*, 2013 WL 6385036, at *5 (approving Receiver's claim administration procedures, including submission of a consolidated claims schedule).

Once again, Putative Claimant provides no authority for his Limited Objection, other than his personal belief that the timeline proposed by the Receiver is "unduly long." Limited Objection at 4. Accordingly, the Limited Objection should be overruled.

**D. The Receiver's Proposed Procedures Do Not Prejudice Claimants**

The proposed procedures do not prejudice claimants regardless of whether claimants are entitled to interest on their claims. The reasonable timelines set forth in the Motion afford the Receiver sufficient time to determine Claims in accordance with the forthcoming order on the Motion and allow claimants sufficient time to assess their Claim Determination. Objecting claimants are entitled to their day in court, and the Receiver's proposed procedures ensure the orderly adjudication of any Objection. The payment of interest, or lack thereof, has no bearing on the reasonableness of these timelines, and Putative Claimant points to no legal authority that says otherwise.[2] Accordingly, Putative Claimant's Limited Objection should be overruled.

**E. The Receiver's Proposed Procedures for Submitting Unresolved Objections Promotes Judicial Economy**

The Receiver's proposed procedures for the submission of Unresolved Objections to the Court promotes judicial economy by requiring one filing in an orderly fashion and permitting sufficient time to resolve Objections without the need for a hearing. Putative Claimant's purported concern that Claims would remain in limbo absent a specific deadline is unfounded fear-mongering. The proposed procedures require the Receiver to submit a Claims Schedule, which will set forth the status of all Claims — including any Unresolved Objections — no later than 30 days after the last objection period has expired. Motion at 29. The Court, in its discretion, can then

[2] It should be noted that, in the context of a receivership where assets are not sufficient to pay the allowed amount of claims, interest is not typically paid. "As a general rule, after property of an insolvent passes into the hands of a receiver. . . interest is not allowed on claims against the funds." *Thomas v. Western Car Co*., 149 U. S. 95, 116-17 (1893). *See also In re Bernard L. Madoff Inv. Sec. LLC*, 779 F.3d 74, 81, 83 (2d Cir. 2015) (holding that in the context of a liquidation under the Securities Investor Protection Act customers' claims "cannot be adjusted to reflect" either "inflation" or "interest.").

determine whether to set a hearing on the Unresolved Objection(s). This process is designed, where possible, to resolve disputes between the parties efficiently and expediently *prior* to the parties engaging in costly litigation. Putative Claimant's Limited Objection should, therefore, be overruled.

### F. The Receiver's Proposed Procedures Properly Places the Burden of Proof With the Claimant for Disputed Claims

The Receiver has properly placed the burden of proof for disputed Claims on the claimant. It is well settled that the burden of proof for establishing a Claim is with the claimant. *See In re St. Johnsbury Trucking Co*., 206 B.R. 318, 323 (Bankr. S.D.N.Y. 1997) ("[T]he ultimate burden of persuasion undoubtedly remains upon the claimant. The claimant must prove the claim, not sit back while the objector attempts to disprove it.") (citing *Waterman S.S. Corp. v. Aguiar (In re Waterman Steamship Corp.)*, 200 B.R. 770 (Bankr. S.D.NY. 1996)); *see also In re Ditech Holding Corp*., No. 19-10412 (JLG), 2021 WL 479552, at *4 (Bankr. S.D.N.Y. Feb. 9, 2021). Putative Claimant has not cited any authority for shifting the burden, and, instead, apparently proposes a process that would turn this standard on its head.

Here, Putative Claimant's suggestion — that the burden of proof should be determined based on what would apply "in the absence of a receivership proceeding" and "should be consistent with applicable law," Limited Objection at 5 — patently ignores the law and would create uncertainty as to which party bears the burden. Under Putative Claimant's proposal, the party seeking relief would have no burden to prove the merits of their case. Under the Receiver's proposal, the Receiver will review all material submitted by a claimant and issue a Claim Determination setting forth the basis of that Determination. An objecting claimant has the burden at any hearing to prove their Claim. This approach is consistent with caselaw and discourages

frivolous Objections where the objector would have no burden to prove their claim. Accordingly, Putative Claimant's Limited Objection should be overruled.

### G. The Receiver Will Propose a Priority of Claims in a Separate Motion

Finally, Putative Claimant objects that the Motion does not set forth a priority of claims or a procedure for objecting to any priority. The Motion does not set forth a priority of claims as it would be premature since this relates to the *distribution* of assets. Although the procedures in the Motion are in furtherance of a distribution, as explained in the Motion, the distribution of assets and an overall Liquidation Plan will be the subject of a forthcoming motion to the Court, after all Claims have been determined. Motion at 3. Providing a proposal for how Claims will be prioritized — without having the Court's authority to value or determine Claims — puts the cart before the horse and is not proper at this time.

Putative Claimant also misstates facts regarding the Motion, erroneously suggesting that the Receiver failed to "propose procedures for [c]laimants to object to the Receiver's determined classifications." Limited Objection at 5. As explained in the Motion, Step 1 of the Receiver's proposed procedures requires the Receiver to issue a Claim Determination that includes information on (a) whether a Claim meets the criteria for an Allowed Claim, and, if so, (b) **the classification of the Claim** and (c) the Allowed Amount. Motion at 28 (emphasis added). Should a claimant object to any part of the Claim Determination — including the classification thereof — a claimant may file an Objection, and the Motion details the procedures and deadlines for doing so. *Id.*

Because the relief Putative Claimant requests is premature and already addressed in the Motion, Putative Claimant's Limited Objection should be overruled.

## IV. CONCLUSION

For the reasons set forth above, the Court should overrule Putative Claimant's Objection.

Dated: May 6, 2024
New York, New York

/s/ *Teresa Goody Guillén*
BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, NY 10111-0100
Tel.: (212) 589-4200
Fax: (212) 589-4201
Teresa Goody Guillén
tgoodyguillen@bakerlaw.com
*Attorney for Receiver Robert A. Musiala, Jr.*