UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>         Plaintiff,<br><br>    -against-<br><br>STEFAN QIN, et al.,<br><br>         Defendants. | 20-CV-10849 (JGLC)<br><br>**ORDER** |

JESSICA G. L. CLARKE, United States District Judge:

  WHEREAS, on January 21, 2022, Robert A. Musiala, Jr. Esq. of Baker & Hostetler LLP ("BakerHostetler") was appointed as the Receiver in this action. ECF No. 31.

  WHEREAS, on March 29, 2024, the Receiver submitted the Twelfth Fee Application, ECF No. 292, seeking approval of the payment of fees and expenses incurred between October 1, 2023 and December 31, 2023 (the "Application Period"). The Twelfth Fee Application seeks approval of payments in the following amounts: $293,882.60 to BakerHostetler; $116,196.38 to Ankura Consulting Group, LLC ("Ankura"); $1,687.50 to the Law Office of Dennis O. Cohen, PLLC; $810.00 to Nelsons; and $292.80 to Miller Kaplan Arase, LLP (collectively, the "Receiver Team"). In connection with the Twelfth Fee Application, the Receiver and the Receiver Team submitted invoices detailing the work performed.

  It is hereby ORDERED that the Twelfth Fee Application is GRANTED in part and DENIED in part. "A receiver appointed by a court who reasonably and diligently discharges his duties is entitled to be fairly compensated for services rendered and expenses incurred." *SEC v. Amerindo Inv. Advisors Inc.*, No. 05-CV-5231 (RJS), 2019 WL 3526590, at *4 (S.D.N.Y. Aug. 2, 2019) (quoting *SEC v. Byers,* 590 F. Supp. 2d 637, 644 (S.D.N.Y. 2008)). "Like fee awards in other contexts, the reasonableness of a receiver's fee application is determined in the court's

discretion, and is judged by, among other things, the reasonableness of the hourly rate charged and the reasonableness of the number of hours billed." *Id*. (internal citations omitted). In determining a reasonable fee, the Court considers a number of factors, including "(1) the complexity of problems faced, (2) the benefits to the receivership estate, (3) the quality of the work performed, and (4) the time records presented." *SEC v. Morgan*, 504 F. Supp. 3d 221, 223 (W.D.N.Y. 2020) (quoting *SEC v. Platinum Mgmt. (NY) LLC*, No. 16-CV-6848 (BMC), 2018 WL 4623012, at *4 (E.D.N.Y. Sept. 26, 2018)).

    Here, the SEC reviewed and approved the fee application and the invoices for the Receiver and the Receiver Team. ECF No. 292 ¶ 1. The SEC's approval is "given great weight" in determining the reasonableness of the compensation and reimbursement sought by a receiver. *Morgan*, 504 F. Supp. 3d at 223 (quoting *Byers,* 590 F. Supp. 2d at 644). The Twelfth Fee Application and billing records reflect the significant efforts of the Receiver Team, which continues to engage in highly complex and time-intensive work on behalf of the Receivership. During the Application Period, the Receiver Team performed work that was beneficial to the Receivership, including filing a motion to freeze and declare as Receivership Property certain digital assets; engaging in discussion with a third party related to Receivership Property; negotiating with a foreign-based cryptocurrency exchange regarding Receivership Property; negotiating with third parties for the return and recovery of Receivership Property; communicating with third parties to request the production of documents and records related to the investigation; reviewing and responding to claimant inquiries; and analyzing financial data regarding Receivership assets and net recoveries. ECF No. 292 ¶ 4.

    The Receiver Team also filed a reply memorandum of law and supporting declaration in support of the Receiver's motion to compel turnover of assets; filed a memorandum of law in

opposition to Respondents' motion to strike certain portions of the Porter Declaration; and defended the deposition of Porter. *Id.*; *see also* ECF Nos. 263–65. The Court granted the turnover of approximately $529,000 to the Receiver but separately denied the turnover of approximately $3 million that the Receiver sought, finding that the Receiver had not adequately demonstrated that the approximately $3 million constituted Receivership Property. ECF No. 294.

The hourly rates remain significantly discounted from the ordinary rates of the Receiver and Ankura, resulting in a combined total discount and fee write-off of $244,033.50 and $48,444.50, respectively, for the Application Period. ECF No. 292 ¶ 28.

In light of the denial in part of the motion to compel the turnover of assets and the significant portion of the Receiver's work reflected in the Twelfth Fee Application that was related to the motion to compel, the Court holds back 20% of the fees and expenses in the Twelfth Fee Application, consistent with the Order Appointing Receiver. *See* ECF No. 31 ¶ 54. "[C]ourts have recognized that it is unrealistic to expect a trial judge to evaluate and rule on every entry in an application. These courts have endorsed percentage cuts as a practical means of trimming fat from a fee application." *Byers*, 590 F. Supp. 2d at 648 (internal citation omitted). The Receiver is thus authorized to make payment to BakerHostetler totaling $235,106.08 and payment to Ankura totaling $92,957.10. The invoices for the Law Office of Dennis Cohen, Nelsons, and Miller Kaplan do not reflect any work done in relation to the motion to compel and so full payment is authorized, $1,687.50 to the Law Office of Dennis Cohen, $810.00 to Nelsons, and $292.80 to Miller Kaplan.

Dated: July 1, 2024
    New York, New York

SO ORDERED.

*Jessica Clarke*
_____
JESSICA G. L. CLARKE
United States District Judge