UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>          -against-<br><br>STEFAN QIN, et al.,<br><br>                  Defendants. | 20-CV-10849 (JGLC)<br><br>**<u>ORDER</u>** |

JESSICA G. L. CLARKE, United States District Judge:

WHEREAS, on January 21, 2021, Robert A. Musiala, Jr. Esq. of Baker & Hostetler LLP ("BakerHostetler") was appointed as the Receiver in this action, ECF No. 31; and

WHEREAS, on September 19, 2025, the Receiver submitted the Eighteenth Fee Application, ECF No. 367, seeking approval of the payment of fees and expenses incurred between April 1, 2025, and June 30, 2025 (the "Application Period"); and

WHEREAS the Eighteenth Fee Application seeks approval of payments in the following amounts: $216,355.56 to BakerHostetler; $75,189.68 to Ankura Consulting Group, LLC ("Ankura"); $474.40 to Miller Kaplan Arase, LLP ("Miller Kaplan,"); and $113,451.10 to the Law Office of Dennis O. Cohen, PLLC ("Cohen Law," and collectively, the "Receiver Team"); and

WHEREAS, in connection with the Eighteenth Fee Application, the Receiver and the Receiver Team submitted invoices detailing the work performed;

IT IS HEREBY ORDERED that the Eighteenth Fee Application is GRANTED, and the Receiver is AUTHORIZED to make payments for the total amounts requested in the application. "A receiver appointed by a court who reasonably and diligently discharges his duties is entitled to be fairly compensated for services rendered and expenses incurred." *SEC v. Amerindo Inv.*

*Advisors Inc.*, No. 05-CV-5231 (RJS), 2019 WL 3526590, at *4 (S.D.N.Y. Aug. 2, 2019) (quoting *SEC v. Byers*, 590 F. Supp. 2d 637, 644 (S.D.N.Y. 2008)). "Like fee awards in other contexts, the reasonableness of a receiver's fee application is determined in the court's discretion, and is judged by, among other things, the reasonableness of the hourly rate charged and the reasonableness of the number of hours billed." *Id.* (internal citations omitted). In determining a reasonable fee, the Court considers a number of factors, including "(1) the complexity of problems faced, (2) the benefits to the receivership estate, (3) the quality of the work performed, and (4) the time records presented." *SEC v. Morgan*, 504 F. Supp. 3d 221, 223 (W.D.N.Y. 2020) (quoting *SEC v. Platinum Mgmt. (NY) LLC*, No. 16-CV-6848 (BMC), 2018 WL 4623012, at *4 (E.D.N.Y. Sept. 26, 2018)).

Here, the United States Securities and Exchange Commission ("SEC") reviewed and approved the fee application and the invoices for the Receiver and the Receiver Team. ECF No. 367 ¶ 1. The SEC's approval is "given great weight" in determining the reasonableness of the compensation and reimbursement sought by a receiver. *Morgan*, 504 F. Supp. 3d at 223 (quoting *Byers*, 590 F. Supp. 2d at 644). The Eighteenth Fee Application and accompanying billing records reflect the significant efforts of the Receiver Team, which continues to engage in highly complex and time-intensive work on behalf of the Receivership. During the Application Period, the Receiver Team performed work that was beneficial to the Receivership, including engaging in and concluding settlement negotiations for the return and recovery of significant Receivership Property; continuing to analyze the merits of additional potential litigation seeking the recovery of Receivership Property; hosting and maintaining an electronic claims portal and evaluating, and making determinations regarding, claim forms submitted through that portal; processing and seeking to resolve objections to claim determinations; working to complete a Distribution

Motion; and securing net recoveries of $293.301. ECF No. 367 ¶ 5; ECF No. 364 at 3–9; ECF

No. 364-2 at 2.

The hourly rates remain significantly discounted from the ordinary rates of

BakerHostetler and Ankura—resulting in a combined total discounts and fee write-offs of

$322,569.00 and $45,830.00, respectively, for the Application Period. ECF No. 367 ¶ 26.

Dated: January 16, 2026
           New York, New York

SO ORDERED.

_____

JESSICA G. L. CLARKE
United States District Judge