UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>          -against-<br><br>STEFAN QIN, et al.,<br><br>                    Defendants. | 20-CV-10849 (JGLC)<br><br>**ORDER** |

JESSICA G. L. CLARKE, United States District Judge:

WHEREAS, on January 21, 2021, Robert A. Musiala, Jr. Esq. of Baker & Hostetler LLP ("BakerHostetler") was appointed as the Receiver in this action, ECF No. 31; and

WHEREAS, on December 23, 2025, the Receiver submitted the Nineteenth Fee Application, ECF No. 375, seeking approval of the payment of fees and expenses incurred between July 1, 2025 and September 30, 2025 (the "Application Period"); and

WHEREAS the Nineteenth Fee Application seeks approval of payments in the following amounts: $196,244.10 to BakerHostetler; $50,983.04 to Ankura Consulting Group, LLC ("Ankura"); and $4,860.00 to the Law Office of Dennis O. Cohen, PLLC ("Cohen Law," and collectively, the "Receiver Team"); and

WHEREAS, in connection with the Nineteenth Fee Application, the Receiver and the Receiver Team submitted invoices detailing the work performed;

IT IS HEREBY ORDERED that the Nineteenth Fee Application is GRANTED, and the Receiver is AUTHORIZED to make payments for the total amounts requested in the application. "A receiver appointed by a court who reasonably and diligently discharges his duties is entitled to be fairly compensated for services rendered and expenses incurred." *SEC v. Amerindo Inv. Advisors Inc.*, No. 05-CV-5231 (RJS), 2019 WL 3526590, at *4 (S.D.N.Y. Aug. 2, 2019)

(quoting *SEC v. Byers*, 590 F. Supp. 2d 637, 644 (S.D.N.Y. 2008)). "Like fee awards in other contexts, the reasonableness of a receiver's fee application is determined in the court's discretion, and is judged by, among other things, the reasonableness of the hourly rate charged and the reasonableness of the number of hours billed." *Id.* (internal citations omitted). In determining a reasonable fee, the Court considers a number of factors, including "(1) the complexity of problems faced, (2) the benefits to the receivership estate, (3) the quality of the work performed, and (4) the time records presented." *SEC v. Morgan*, 504 F. Supp. 3d 221, 223 (W.D.N.Y. 2020) (quoting *SEC v. Platinum Mgmt. (NY) LLC*, No. 16-CV-6848 (BMC), 2018 WL 4623012, at *4 (E.D.N.Y. Sept. 26, 2018)).

Here, the United States Securities and Exchange Commission ("SEC") reviewed and approved the fee application and the invoices for the Receiver and the Receiver Team. ECF No. 375 ¶ 1. The SEC's approval is "given great weight" in determining the reasonableness of the compensation and reimbursement sought by a receiver. *Morgan*, 504 F. Supp. 3d at 223 (quoting *Byers*, 590 F. Supp. 2d at 644). The Nineteenth Fee Application and accompanying billing records reflect the significant efforts of the Receiver Team, which continues to engage in highly complex and time-intensive work on behalf of the Receivership. During the Application Period, the Receiver Team performed work that was beneficial to the Receivership, including filing litigation against a former Managing Director and Head of Trading for Decibel18, LLC, seeking the return of approximately $6 million plus damages; hosting and maintaining an electronic claims portal and evaluating, and making determinations regarding, claim forms submitted through that portal; resolving six of the eleven pending objections and communicating with the remaining objecting claimants; working to complete a Distribution Motion; and securing net recoveries of $277,723. ECF No. 375 ¶ 8; ECF No. 370 at 2–10; ECF No. 370-2 at 2.

The hourly rates remain significantly discounted from the ordinary rates of BakerHostetler and Ankura, resulting in a combined total discount and fee write-off of $303,367.50 and $31,029.00, respectively, for the Application Period. ECF No. 375 ¶ 29.

Dated: January 16, 2026
　　　　New York, New York

SO ORDERED.

_____
JESSICA G. L. CLARKE
United States District Judge